IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MCREYNOLDS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH & Co., INC.<br><br>Defendant. | )<br>)<br>)<br>) No. 05-C-6583<br>)<br>) Judge Robert W. Gettleman<br>)<br>) Magistrate Judge Morton Denlow<br>)<br>)<br>) |

## NOTICE OF MOTION

TO:  Attached Service List

**PLEASE TAKE NOTICE THAT** on Wednesday, June 28, 2006, attorneys for the parties will appear before the Honorable Magistrate Judge Denlow in Courtroom 1350 of the Everett McKinley Dirksen Building at 9:15 a.m. and present the attached Joint Motion for Entry of Proposed Agreed Protective Order.

Respectfully submitted,

By:  /s/ Linda D. Friedman
_____

Linda D. Friedman - ABA # 06190092
Stowell & Friedman, Ltd.
321 Plymouth Court
Suite 1400
Chicago, IL 60604
(312) 431-0888

## CERTIFICATE OF SERVICE

I, Suzanne E. Bish, an attorney, hereby certify that on June 26, 2006, I caused a true and correct copy of attached Notice of Motion for Joint Motion for Entry of Agreed Proposed Protective Order to be served via ECF on the following counsel of record:

Jeffrey S. Klein
Mindy J. Spector
Nicholas J. Pappas
Adam Grant
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
phone: (212) 310-8790; fax: (212) 310-8007
jeffrey.klein@weil.com

Lori Lightfoot
Kim Leffert
Mayer Brown Rowe & Maw
71 S. Wacker Drive
Chicago, IL 60606
phone: (312) 782-0600; fax: (312) 701-7711
llightfoot@mayerbrownrowe.com

/s/
Suzanne E. Bish

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MCREYNOLDS, on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH & CO., INC.,<br><br>Defendant. | Case No. 05C 6583<br><br>Judge Robert W. Gettleman<br>Magistrate Judge Morton Denlow |

## JOINT MOTION FOR ENTRY OF PROPOSED PROTECTIVE ORDER

The Parties, by their counsel and pursuant to Fed. R. Civ. P. 26(c)(7), respectfully submit this Joint Motion for Entry of Protective Order and submit the proposed protective order attached hereto as Exhibit 1. In support of their motion, the parties state as follows:

1.  This lawsuit is a putative race discrimination class action brought on behalf of employees of Defendant Merrill Lynch & Co., Inc., and filed November 18, 2005.

2.  The Court previously entered a Protective Order to govern the proceedings through mediation. The Parties have agreed upon a post-mediation protective order, which permits the production of relevant discovery while furnishing appropriate safeguards to protect the privacy interests of the parties and third parties, and proprietary or confidential information that may be produced in discovery.

Wherefore, the parties respectfully move that the Court enter the Protective Order attached hereto as Exhibit 1.

Dated:    June 21, 2006

Respectfully submitted on behalf of the Parties,

/s/ Linda D. Friedman
One of the attorneys for Plaintiffs


Stowell & Friedman, Ltd.
Mary Stowell
Linda D. Friedman – ABA # 06190092
321 South Plymouth Court
Suite 1400
Chicago, Illinois 60604
(312) 431-0888

## CERTIFICATE OF SERVICE

I, Suzanne E. Bish, an attorney, hereby certify that on June 21, 2006, I caused a true and correct copy of attached Joint Motion for Entry of Proposed Protective Order to be served via Electronic Mail on the following counsel of record:

Jeffrey S. Klein
Mindy J. Spector
Nicholas J. Pappas
Adam Grant
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
phone: (212) 310-8790; fax: (212) 310-8007
jeffrey.klein@weil.com

Lori Lightfoot
Kim Leffert
Mayer Brown Rowe & Maw
71 S. Wacker Drive
Chicago, IL 60606
phone: (312) 782-0600; fax: (312) 701-7711
llightfoot@mayerbrownrowe.com

/s/ _____
Suzanne E. Bish

Case 1:05-cv-06583   Document 35-2   Filed 06/21/2006   Page 1 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MCREYNOLDS, on behalf of himself and all other similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH & CO., INC.,<br><br>Defendant. | Case No. 05C 6583<br><br>Judge Robert W. Gettleman<br>Magistrate Judge Michael T. Mason |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the stipulation and agreement of all the named parties to this action, including any named party added or joined in this action (each a "Party" and collectively the "Parties"),

IT IS HEREBY ORDERED:

1. The purpose of this Order is to limit the publication of the following categories of information disclosed during the course of the above-captioned case, McReynolds v. Merrill Lynch & Co., Inc., Case No. 05C 6583 (N.D. Ill.) (the "Litigation"), which are confidential and not available in the public domain ("Confidential Information"):

    (a) Trade secrets;

    (b) Proprietary information;

    (c) Financial, business or personal information pertaining to Merrill Lynch's clients and their accounts, and documents that contain such information or that are derived directly or indirectly from such information (including but not limited to data aggregations, statistical compilations, analyses, charts, graphs, summaries or reports); and,

(d) Financial, business, or personal information pertaining to current or former Merrill Lynch employees and/or applicants for employment, and documents that contain such information or that are derived directly or indirectly from such information (including but not limited to data aggregations, statistical compilations, analyses, charts, graphs, summaries or reports), except that which is expressly excluded from the definition of "Confidential Information" in Paragraph 2 below.

2. "Confidential Information" shall not include data aggregations, statistical compilations, analyses, charts, graphs, summaries or reports that are prepared based on the Confidential Information produced by either Party to this Litigation that concern paragraph 1(d), including but not limited to the following categories of information:

(a) The amount or percentage of any difference in the composition, hiring, teaming, retention, termination, promotion, compensation or quintile levels of Merrill Lynch Financial Advisors based upon their racial composition, and,

(b) The amount or percentage of any difference in the distribution of account transfers, account distributions, and IPO allocations among Financial Advisors based upon their racial composition,

provided that: (1) the aggregated data does not contain any individual identifying information and the size or scope of the information presented is sufficiently large to prevent the disclosure of individual identifying information; or, (2) the aggregated data is not a compilation of gross revenues, earnings, or compensation of Financial Advisors of an individual office or complex.

3. Any document, interrogatory responses and exhibits thereto, and any copies of the above which contain Confidential Information may be designated by the producing Party as "Confidential" by prominently printing, stamping or writing the word "Confidential" on the document, interrogatory response or exhibit prior to its delivery by the producing Party, or by so designating the same as "Confidential" in a letter to opposing counsel within a reasonable time after such production. Such designation shall, without more, subject the information produced or

provided under said designation to the provisions of this Order. At the request of either Party, any portion of deposition testimony of any person, and any exhibits relating to such testimony which contain Confidential Information, shall be designated as "Confidential" and separately identified as "Confidential" in the deposition transcript. Any document, interrogatory response, deposition testimony, transcript or exhibit designated as Confidential in accordance with the provisions of this Paragraph 3 (all of the foregoing are collectively referred to as "Confidential Material") shall be subject to the terms of this Order.

4. Unless otherwise agreed by the Parties in writing or ordered by the court, Confidential Material shall not be disclosed directly or indirectly by the person to whom such material is produced to anyone other than the following persons:

(a) Parties to this action (including putative class members) provided that the putative class member has signed the acknowledgment attached hereto as Exhibit A before any disclosure is made and that no copies of Confidential Material are given to putative class members following disclosure;

(b) Counsel for the Parties to this action (including in-house counsel), Officers, Directors, and agents for the Parties, and employees and agents of counsel for the Parties engaged in the Litigation of this action, provided, however, that counsel are responsible for ensuring that their employees and agents do not violate the terms of this Order;

(c) Employees of Defendant (who are not putative class members) involved in the Litigation, provided that the person has signed the acknowledgment attached hereto as Exhibit A before any disclosure is made;

(d) Any judicial officer of the United States District Court for the Northern District of Illinois or any appellate court, and the judicial officer's clerks, court reporters and other staff members as the officer deems appropriate;

(e) Any person or persons retained as consultants or experts by any Party solely for purposes of this Litigation, and principals and employees of the firms with which consultants or experts are associated, provided that the person has signed the acknowledgment attached hereto as Exhibit A before any disclosure is made; and

(f) Any other person not specified above whose testimony is given at a deposition in this action or who is called as a witness at the class

certification hearing or trial of this action, to the extent said person has a need for access to the Confidential Material in order to testify, provided that the person has signed the acknowledgment attached hereto as Exhibit A before any disclosure is made unless otherwise ordered by the Court

5. Any Party may designate especially-sensitive Confidential Material, including, but not limited to, data and documents relating to and/or identifying specific current or former employees or clients of Merrill Lynch, as being produced for "Attorneys' Eyes Only" (hereinafter referred to as "Highly Confidential Material"). This designation shall be made as sparingly as possible. Where the marking or designation of documents, testimony, pleadings, or other materials is required under Paragraph 3, above, a legend bearing the words "ATTORNEYS' EYES ONLY" or its equivalent shall be used in addition to the legend bearing the word "Confidential." Confidential Material that is designated "ATTORNEYS' EYES ONLY" may not be disclosed to any individuals identified in Paragraph 4, above, except as follows:

(a) the Parties' in-house and outside counsel of record advising the Parties in connection with this action (including support staff as reasonably necessary). For Plaintiff, the outside counsel of record is Stowell & Friedman, Ltd. and for Defendant, the outside counsel of record are Mayer, Brown, Rowe & Maw LLP and Weil, Gotshal & Manges LLP;

(b) experts or consultants retained to assist counsel of record in this action;

(c) the named Plaintiff or a member of the putative class, provided that the Highly Confidential Material disclosed to the named Plaintiff or member of the putative class refers solely to that person or the person to whom it relates has consented to its disclosure; and,

(d) any judicial officer of the United States District Court for the Northern District of Illinois or any appellate court, and the judicial officer's clerks, court reporters and other staff members as the officer deems appropriate.

6. If a third party wants to designate anything as "Confidential" or "ATTORNEYS' EYES ONLY," then it may do so pursuant to the terms and provisions of this Order.

7. A Party may, in good faith, object to the designation of any document or specific information as Confidential Material or Highly Confidential Material by stating its objection in writing, which specifies (by Bates numbers if available) the document or information challenged (or, where appropriate, by reasonably-defined categories of documents or information challenged) and includes a statement of the legal or factual basis for each objection, to the Party or third party making the designation, and it shall make a good faith effort to resolve the dispute with counsel for the Party or third party so designating the document or information. If the Parties cannot reach agreement as to the designation, the objecting Party may move the Court for an order determining whether or not such document is Confidential Material or Highly Confidential Material. The issuance of this Protective Order will not be given binding effect as a determination of good cause for purposes of Rule 26(c) of the Federal Rules of Civil Procedure if either Party moves for relief from the limitations of the Protective Order. The parties further acknowledge that, in connection with any such motion, the Court will engage in an appropriate balancing of the interests between privacy and public access in order to make a new determination of good cause in light of the facts then before the Court. Pending a final ruling by the Court on a motion for relief from the Protective Order, the initial designation and the terms of this Protective Order shall remain in effect.

8. When there is a disclosure of Confidential Material to someone in paragraph 4(a), 4(c), 4(e), or 4(f), counsel for the disclosing Party shall retain copies of the executed acknowledgment in its files.

9. Any witness who refuses to sign the acknowledgment, as specified in Paragraph 4(f), above, may not be questioned at a deposition regarding Confidential Material or Highly Confidential Material absent the agreement of the Party producing the Confidential Material and Highly Confidential Material, but such deposition may be adjourned so that relief from this Order may be sought. To the extent that a Party knows that a testifying witness, whether in a deposition or a hearing, will not sign the acknowledgment before the date that the witness is

5

expected to testify, that Party will provide the other Party with reasonable notice of not less than five business days and will endeavor to obtain the Court's resolution of the issue in the intervening period. If the Party learns, less than five business days before testifying, that the witness will not sign the acknowledgment then that Party shall provide such notice immediately upon learning that the witness will not sign the acknowledgment.

10. Persons receiving Confidential Material or Highly Confidential Material shall use such material only for the purposes of the prosecution and/or defense of this action, and for any appeal thereof, and for no other purpose, and no person receiving any Confidential Material or Highly Confidential Material shall disclose such material to any person other than those described in Paragraph 4 and Paragraph 5 herein.

11. In the event of accidental or inadvertent disclosure of another Party's Confidential Material or Highly Confidential Material, other than in a manner authorized by this Order, counsel for the Party responsible for the disclosure shall immediately notify counsel for the disclosing Party of all the pertinent facts and make every effort to further prevent unauthorized disclosure, including (i) retrieving all copies of the Confidential Material or Highly Confidential Material from the recipient(s) thereof and (ii) securing the agreement of the recipient(s) not to disseminate the Confidential Material or Highly Confidential Material in any form. Compliance with the foregoing shall not prevent the disclosing Party from seeking further relief from the Court.

12. No filing under seal, or any other designation as a restricted document, is to be permitted without previously-obtained court approval.

13. At the conclusion of this action, including any and all appeals arising therefrom, all Confidential Material or Highly Confidential Material, and any copies thereof, shall be returned to the Party furnishing the same. The final disposition of this action shall not relieve any person who has received Confidential Material or Highly Confidential Material pursuant to this Order from the obligation of maintaining the confidentiality of such material and the

information in accordance with the terms of this Order. The Court shall retain jurisdiction after such final disposition for purposes of any application to enforce the terms of this Order.

14. After the case is closed in the District Court, the parties may obtain the return of any previously-sealed documents by a motion filed within 63 days after the case is closed. Any documents that are not withdrawn will become part of the public case file.

15. When this case is closed, the clerk shall maintain the documents as restricted documents for a period of 63 days following the final disposition including appeals, pursuant to the provisions of Local General Rule 26.2(e). Except where the court in response to a request of a Party made pursuant to this section or on its own motion orders otherwise, at the end of the 63-day period, the clerk shall place the restricted documents in the public file. Any Party may on written motion request that one or more of the restricted documents be turned over to that Party. Such motion shall be filed not more than 63 days following the closing of the case period.

16. Should any person bound by this Order receive a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring the disclosure of Confidential Material or Highly Confidential Material in any form, such person shall provide written notice of the subpoena, civil investigative demand, or other process from a third party requiring disclosure a minimum of ten business days prior to the date by which disclosure is required, unless a shorter time period for disclosure is required under the subpoena, civil investigative demand, or other process from a third party in which case such Party will provide notice as promptly as possible. No person bound hereby who receives a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring the disclosure of Confidential Material or Highly Confidential Material shall produce or disclose such documents or information unless and until (a) ordered by a court having competent jurisdiction, or (b) such production or disclosure is in accordance with the provisions herein and is expressly consented to by the Party having produced or supplied the Confidential Material or Highly Confidential Material, as the case may be.

17. This Order shall apply to pre-trial proceedings. Furthermore, the Parties agree that the disclosure of Confidential Information during any trial or hearing shall not be made unless under the Court's direction.

18. Nothing in this Order shall prevent the Parties from agreeing to a separate protective order for Confidential Material or Highly Confidential Material which requires, in the judgment of the producing Party, additional protection.

19. Nothing contained in this Order shall be construed as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in this Litigation or in any other proceeding.

20. Nothing in this Protective Order in any manner defines, expands or restricts the appropriate scope, nature, or extent of discovery in this Litigation.

21. This Order shall be binding on all Parties to this action, their officers, employees, agents, trustees, executors and respective counsel.

22. This Order shall operate as a binding agreement between and among the Parties.

23. This Order shall have no evidentiary value and shall not be admissible into evidence, except in an action to enforce this Order or for a breach of its terms.

24. The provisions of this Order shall survive the conclusion of this action.

IT IS SO ORDERED.

_____
JUDGE ROBERT W. GETTLEMAN

Dated:_____

AGREED TO IN FORM AND SUBSTANCE:

GEORGE McREYNOLDS

By: /s/

Stowell & Friedman, LTD.
Mary Stowell
Linda D. Friedman
321 South Plymouth Court
Suite 1400
Chicago, Illinois 60604
(312) 431-0888

MERRILL LYNCH, INC.

By: /s/

Mayer, Brown, Rowe & Maw LLP
Lori E. Lightfoot
190 S. LaSalle Street
Chicago, IL 60603
(312) 782-0600

and

Weil, Gotshal & Manges LLP
Mindy J. Spector
Jeffrey S. Klein
Nicholas J. Pappas
767 Fifth Ave.
New York, NY 10153
(212) 310-8000

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I have read and am familiar with the Agreed Protective Order (hereinafter "Protective Order") concerning discovery and use of Confidential Material and Highly Confidential Material in the case of <u>George McReynolds v. Merrill Lynch, Inc.</u>, Case No. 05C-6583, a copy of which I possess, and I agree to be bound by all terms of said Protective Order and hereby covenant not to use or disclose the Confidential Material or Highly Confidential Material to be disclosed to me except pursuant to said Protective Order. I understand that the terms "Confidential Material" and "Highly Confidential Material" have the meanings provided in said Protective Order. I further understand and consent to the jurisdiction of the United States District Court for the Northern District of Illinois with respect to any proceeding relating to enforcement of the Protective Order, including without limitation any proceeding for contempt.

Dated this _____ day of _____, 2006.

_____
Printed Name

_____
Signature

_____
Home Address

_____
City, State, Zip Code

_____
Home Telephone Number

_____
Work Telephone Number