IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------- x
GEORGE MCREYNOLDS, :
on behalf of himself and all others :
similarly situated, :
 :
                      Plaintiff, :
 : 05 C. 6583
- against- :
 : Hon. Robert W. Gettleman
MERRILL LYNCH & Co., INC., : Magistrate Judge Morton Denlow
 :
                     Defendant. :
------------------------------------------------------- x

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendant Merrill Lynch & Co, Inc. ("Merrill Lynch") respectfully files this memorandum of law in opposition to Plaintiff George McReynolds' motion for leave to file a first amended complaint (the "Motion") (D.E. No. 44).

Merrill Lynch normally would not oppose an amendment to the complaint at this early stage. But this is not the normal situation. Plaintiff's proposed amendment was clearly timed to coincide with his ongoing effort to try this case in the media, and has nothing to do with the actual prosecution of this case on the merits since it merely adds evidentiary allegations. Indeed, an article in *The New York Times* the day after Plaintiff filed the instant motion discussed at length the "new facts"—but not new claims—Plaintiff seeks to add.[1] We do not believe that leave to amend should be granted whenever Plaintiff or his counsel believe they have uncovered information that they think will play well in the media.

---

[1] See Patrick McGeehan, "On Wall Street, a Question of Bias," *The New York Times*, July 14, 2006, a copy of which is attached to this Motion as Exhibit A.

The background facts to this Motion are few and easily stated. Plaintiff seeks leave to add approximately nine pages of allegations to his complaint, most of which is merely background information, and none of which introduces new claims or parties. The Motion came to this Court after Plaintiff and his counsel discussed the proposed amendment—as if the Motion had already been granted—with a reporter who then published a lengthy article discussing the new "facts," as well as anecdotes provided by certain putative class members.

While Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), it "does not command leave be granted every time." Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 759 (7th Cir. 2002). As the Seventh Circuit has instructed, "granting or denying a motion for leave to file an amended pleading is a matter purely within the sound discretion of the district court." J.D. Marshall Int'l, Inc. v. Redstart, Inc., 935 F.2d 815, 819 (7th Cir. 1990); see also Foman v. Davis, 371 U.S. 178, 182 (1962). It is soundly within the court's discretion to deny leave to amend where, as here, "the proposed amendment adds nothing to the pleadings" in terms of new claims or parties, and instead merely seeks "to include allegations of fact that the plaintiff" learned in the course of discovery. Jack-Goods v. State Farm Mut. Auto. Ins. Co., No. 01 C 6536, 2003 U.S. Dist. LEXIS 13176, *5-6 (N.D. Ill. July 29, 2003); see also 188 LLC v. Trinity Indus., 300 F.3d 730, 739 (7th Cir. 2002) (affirming district court's denial of motion for leave to amend where the proposed amended complaint "did not state a new claim" and simply added "additional argument").

Plaintiff's current complaint (the "Complaint") (D.E. No. 1) alleges that Merrill Lynch discriminated against him, as well as a nationwide class that he seeks to represent, in violation of 42 U.S.C. section 1981. Plaintiff is moving to amend the Complaint to allege "additional

information" that Plaintiff "has discovered . . . regarding Defendant's discriminatory employment practices and the experiences of putative class members." (Motion at ¶ 2.) This information includes allegations of (a) separate (and immaterial) litigations against Merrill Lynch in the 1970s and 1990s (Exhibit A to Motion at ¶¶ 8, 43); (b) racial slurs and other anecdotes (almost all of which lack any particulars as to names, dates, or locations) (id. at ¶ 18); and (c) statistical information and graphics regarding hiring and compensation at Merrill Lynch. (Id. at ¶¶ 9-17.) The proposed amendment also adds various other general accusations of discrimination and turns up the rhetoric against Merrill Lynch. (Id. at ¶¶ 5-6, 19.) This is "unnecessary factual detail" that a court is within its discretion in declining to allow under Rule 15(a). Jack-Goods, 2003 U.S. Dist. LEXIS 13176 at *5.

The plaintiff in Jack-Goods sought to amend her complaint—which alleged employment discrimination—to "include allegations of fact that the plaintiff says she was unaware of when the complaint was filed." Id. at *4. In denying the motion, the court stated that under Rule 8(a) of the Federal Rules of Civil Procedure, "the plaintiff need only assert 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and thus need not plead evidentiary detail." Id. (citation omitted). According to the court, while "a plaintiff may disregard Rule 8(a)(2) in his or her initial complaint," this "does not mean that such an approach is favored, and it certainly does not mean that it is an approach that the Court should endorse by exercising its discretion to allow an amended pleading that asserts unnecessary detail." Id. at *5.

The same result applies here. Simply put, the "proposed amendment adds nothing to the pleadings." Id. at *4; see also 188 LLC, 300 F.3d at 739. Moreover, there is no prejudice to Plaintiff in denying the motion. See Jack-Goods, 2003 U.S. Dist. LEXIS 13176 at *6. In fact, Plaintiff states that he intends to amend his complaint yet again at some unspecified later time to

3

add "Title VII and disparate impact claims" and "additional class representatives." (Motion at ¶ 3, n.4.) When Plaintiff is ready to add new parties and/or new claims, he should then move to amend and not burden this Court with successive motions or force Defendant to respond to interim pleadings.[2]

WHEREFORE, Defendant Merrill Lynch respectfully requests that this Court deny Plaintiff's motion for leave file a first amended complaint, and any other relief this Court deems just and necessary.

Dated: July 18, 2006

By: __/s Lori E. Lightfoot_____

MAYER, BROWN, ROWE & MAW LLP
Lori E. Lightfoot
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600 (Phone)
(312) 701-7711 (Facsimile)

-- and --

WEIL, GOTSHAL & MANGES LLP
Jeffrey S. Klein
Mindy J. Spector
Nicholas J. Pappas
767 Fifth Avenue
New York, NY 10153
(212) 310-8000 (Phone)
(212) 310-8007 (Facsimile)

---

[2] Of course, any such amendment must be timely, and not result in "undue delay or undue prejudice" to the defendant. Thompson, 300 F.3d at 759; see also LJ Laboratories, L.L.C. v. Sharper Image Corp., No. 97 C 6106, 1999 U.S. Dist. LEXIS 8992, *3-4 (N.D. Ill. June 2, 1999) ("[l]eave to amend may be denied when permitting the amendment would cause undue delay" or "undue prejudice," or "where the moving party has made multiple attempts to amend").

## CERTIFICATE OF SERVICE

I, Lori E. Lightfoot, hereby certify that I caused a copy of the foregoing Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint to be served upon:

>Stowell & Friedman, Ltd.
>Mary Stowell
>Linda Friedman
>321 S. Plymouth Court
>Suite 1400
>Chicago, Illinois 60604

via facsimile on or before 5:00 p.m. on July 18, 2006.

>_/s Lori E. Lightfoot_
>Lori E. Lightfoot