IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MCREYNOLDS, on behalf of himself and all other similarly situated ) ) ) ) | Case No. 05C 6583 |
| Plaintiff, ) ) | Judge Gettleman |
| v. ) ) | Magistrate Judge Denlow |
| MERRILL LYNCH & CO., INC., ) ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant Merrill Lynch & Co., Inc. ("Merrill Lynch") files this Motion for Protective Order ("Motion") pursuant to Rule 26(c)(5) of the Federal Rules of Civil Procedure, requesting that the Court enter an order limiting attendees at any and all future depositions in this case to parties, their counsel, and a court reporter/videographer. In support thereof, Merrill Lynch respectfully states as follows:

## INTRODUCTION

Plaintiff has threatened to open depositions of Merrill Lynch employees to an unlimited number of putative class members and unidentified "interested parties" (as Plaintiff's counsel has characterized them), including the press. These Merrill Lynch employees include senior management such as Chairman and Chief Executive Officer E. Stanley O'Neal, whose videotaped deposition is scheduled for November 1, 2006. Merrill Lynch has attempted to resolve this issue with Plaintiff, but Plaintiff has refused to place any limits on the number of attendees at these depositions. Regrettably, as a result of the Plaintiff's intransigence on this issue, Merrill Lynch is compelled to bring this matter to the Court's attention for resolution.

This motion requests limited relief – that the Court designate individuals who can attend depositions. Non-parties are certainly entitled to review transcripts of these depositions to the full extent permitted under the Agreed Protective Order that Judge Gettleman entered on June 27, 2006 ("Protective Order"). Therefore, Merrill Lynch does not seek to modify any non-party's access to discovery material.

Merrill Lynch's overriding interest is to avoid transforming these depositions into a public spectacle. It is well-settled that members of the public are not entitled to attend depositions. Non-parties cannot be controlled at depositions in the same manner that a Judge brings order to the courtroom. To the contrary, the presence of non-parties will be distracting for the witness, it will be disruptive to the questioning, and it will undermine the integrity of deposition proceedings.

As a practical matter, the attendance of non-parties at depositions in this case would eviscerate the Protective Order. It will be very difficult to predict when a deponent might disclose confidential information governed by the Protective Order in advance of hearing the question and the response. Even if that were possible, the Protective Order establishes two tiers of confidentiality. Not only would it be impractical to identify and escort different categories of non-parties out of the room depending upon the level of confidentiality that a witness's testimony implicates – it would be extraordinarily distracting and disruptive as well. Alternatively, Merrill Lynch employees cannot be expected to artificially limit their testimony to avoid disclosure of protected information to non-parties. For these reasons, Merrill Lynch seeks relief from this Court.

## FACTUAL BACKGROUND

Plaintiff George McReynolds filed this putative class action against Merrill Lynch on November 18, 2005, asserting various violations of 42 U.S.C. § 1981. The putative class is

comprised of African-Americans who are or were employed as brokers ("Financial Advisors" or "FAs") at Merrill Lynch. On July 13, 2006, Plaintiff filed a Motion for Leave to File First Amended Complaint *Instanter* ("Motion to Amend"). The next morning, a news article appeared in the New York Times with details from the proposed amendment. *See* Patrick McGeehan, *On Wall Street, A Question of Bias,* N.Y. Times, July 14, 2006, annexed hereto as Exhibit "A."

On June 27, 2006, this Court entered the Protective Order. *See* Agreed Protective Order, annexed hereto as Exhibit "B." Among other things, the Protective Order permits the public dissemination of testimony and materials not designated as "Confidential," but restricts disclosure of information and material designated as "Confidential" to categories of specifically identified individuals.[1] *See id.* at ¶¶ 1, 4. Putative class members are permitted to have access to material designated as Confidential if they execute an acknowledgement to be bound by the Protective Order. *See id.* at ¶ 4(a). Under the Protective Order, information that is especially sensitive, such as information concerning individual FAs, is designated "Attorneys' Eyes Only." *See id.* at ¶ 5. Putative class members cannot obtain this information unless (1) the information disclosed to the named Plaintiff or member of the putative class refers solely to that person, or (2) the person to whom it relates has consented to its disclosure. *See id.* at ¶ 5(c).

On July 10, 2006, Plaintiff served an Amended Notice of Videotaped Deposition of Rule 30(b)(6) Witness (Compensation, Promotion and Benefits). In addition, Plaintiff served

---

[1] Deposition testimony containing Confidential Information and designated Confidential ("Confidential Material") may be disclosed to the following: (a) parties, and putative class members who sign an acknowledgement; (b) counsel, Officers, Directors, and agents for the parties or their counsel; (c) Merrill Lynch employees who sign an acknowledgement; (d) judicial officers, clerks, and court reporters; (e) consultants or experts for the parties who sign the acknowledgement; and, (f) persons who provide testimony at a deposition, at the class certification hearing, or at a trial of this action and who execute the acknowledgement. *Id.* at ¶ 4(a)-(f).

Notices of Videotaped Management Depositions. Plaintiff sought to depose five members of Merrill Lynch senior management: E. Stanley O'Neal, who is the Chairman and Chief Executive Officer of Merrill Lynch; Robert McCann, who is Vice Chairman and Executive Vice President of Merrill Lynch, and President of the Global Private Client ("GPC") business unit of Merrill Lynch, which provides investment, insurance, banking, and retirement services for individuals and businesses; Managing Director Kim Pillar, who is Chief Administrative Officer of the GPC; Daniel Sontag, who is Senior Vice President of the Americas Advisory Division of the GPC; and Philip Sieg, who is Managing Director of the Americas Advisory Division of the GPC.

On September 12, 2006, the parties agreed to schedule Mr. O'Neal's videotaped deposition for November 1, 2006, which Merrill Lynch confirmed by e-mail the following day. On September 18, 2006, an article was published by the Dow Jones News Service and was further disseminated by the Associated Press Financial Wire and MarketWatch, among other outlets, reporting the date for Mr. O'Neal's deposition. *See* Evelyn Juan, *Merrill CEO O'Neal to Give Deposition in Race-Bias Suit,* Dow Jones News Service, Sept. 18, 2006, a copy of which is annexed hereto as Exhibit "C."

In a letter dated September 22, 2006, Plaintiff's counsel communicated its interest in permitting putative class members and "interested parties" to attend depositions. *See* September 22, 2006 Ltr. from Suzanne Bish to Laura Dray and Lori Lightfoot at 5, annexed hereto as Exhibit "D." Merrill Lynch responded that non-parties have no right to attend pretrial depositions. *See* September 29, 2006 Ltr. from Laura Dray to Suzanne Bish at 8-9, annexed hereto as Exhibit "E."

On September 29, 2006, counsel for the parties discussed their respective positions. Plaintiff's counsel refused to indicate how many individuals might attend depositions,

4

how long they might stay to observe the proceedings (although counsel indicated that some putative class members may just "stop by" for a few minutes), or whether these nonparties might include the members of the press. Plaintiff's counsel suggested that Merrill Lynch file a motion for a protective order on this issue because it was not going to get resolved without Court intervention. On October 16, 2006, the parties again had a brief discussion about the issue of the number attendees at the deposition. The parties were not able to reach any resolution at that time and Merrill Lynch therefore feels compelled to bring this matter the Court's attention so that depositions in this case may proceed in an orderly manner.

## ARGUMENT

It is indisputable that depositions are not public proceedings and the public has no right to attend them. The United States Supreme Court has stated that "pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law... and, in general, they are conducted in private as a matter of modern practice." *Seattle Times Co v. Rhinehart*, 467 U.S. 20, 33, 104 S. Ct. 2199, 2209 (1984). *See also In re The Reporters Comm. For Freedom of the Press*, 773 F.2d 1325, 1338 (D.C. Cir. 1985) ("It can thus hardly be said that there was a tradition, or is even now a general practice, of public access to pretrial depositions."); *Times Newspapers Ltd. (of Great Britain) v. McDonnell Douglas Corp.*, 387 F. Supp. 189, 197 (C.D. Cal. 1974) ("[D]epositions before a qualified officer in an equity or law case are not a judicial trial, nor a part of a trial, and neither the public nor representatives of the press have a right to be present at such taking."); 8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2041 (2006) ("[I]t should be noted that it has been held that neither the public nor representatives of the press have a right to be present at the taking of a deposition.").

Based on this legal authority, standing alone, Merrill Lynch is entitled to a protective order limiting attendance at depositions to parties, their counsel, and the court reporter/videographer. Members of the media are not parties to this case. Nor are putative class members – they have no greater rights to attend depositions than the public at large. *See, e.g., Daniels v. Bursey*, 430 F.3d 424, 425 (7th Cir. 2005) (concluding that putative class members are not parties, and therefore, lack the capacity to appeal).

To the extent that Merrill Lynch is required to seek a protective order under Rule 26(c)(5) of the Federal Rules of Civil Procedure, there is no question that the circumstances here warrant such relief. Rule 26(c)(5) provides that "for good cause shown . . . the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that discovery be conducted with no one present except persons designated by the court[.]" Fed. R. Civ. P. 26(c)(5); *see also Silva v. Fortis Benefits Ins. Co.*, 437 F. Supp. 2d 819, 827 (N.D. Ill. 2006).

Here, depositions will be transformed into public spectacles unless this Court issues a protective order. Merrill Lynch's deponents include the most prominent leaders on Wall Street who attract crowds of people in the financial sector and in the media, not to mention Merrill Lynch employees, when they give presentations. There is no doubt that people will be interested in observing senior management in a deposition setting as well. Indeed, media outlets determined that the date of the first management deposition was newsworthy; certainly, at least one reporter will follow the story by attending depositions. *See* Exh. C. Unlike a courtroom in which a Judge can control observers, there is no way to prevent an audience from disrupting these depositions. People will be coming and going, they will be reacting to testimony, and they will be distracting the witnesses being videotaped. As a result, they will undermine the integrity

of the proceedings. Such a result would prejudice Merrill Lynch, and it would be grossly unfair to the witness.

The media coverage that this case has already garnered (*see* Exhs. A, C) also establishes good cause for a protective order to limit the depositions to parties, their counsel and the court reporter/videographer. *See, e.g., Kimberlin v. Quinlan*, 145 F.R.D. 1, 2 (D.D.C. 1992) ("[P]ublic policy and concerns for judicial economy strongly militate against allowing [the media] to attend [a] deposition. Allowing the media to attend every deposition in any case of public interest would significantly hinder the discovery process and burden the courts with increased litigation over discovery issues."); *Amato v. City of Richmond*, 157 F.R.D. 26 (E.D. Va. 1994) (citing the same concerns in a civil rights case against police officers). There is no reason why the public interest in this case cannot be served by reviewing the non-confidential portions of the deposition transcripts.

Moreover, the Protective Order would be eviscerated if non-parties were permitted to attend depositions. It is very difficult to predict in advance whether a deponent's testimony will be Confidential or Attorneys' Eyes Only. Therefore, the risk that protected information will be disclosed is real, it is not speculative, and it provides good cause to warrant a protective order. *See, e.g., Amato*, 157 F.R.D. at 27 (stating that the basis for precluding non-party media from attending depositions "is particularly true where, as here, the depositions can be expected to involve inquiry into topics which are covered by a pre-existing protective order. . . .").

Even if it were possible to predict whether testimony should be designated as Confidential or Attorneys' Eyes Only, Merrill Lynch would need to stop the deposition and escort certain non-parties out of the room before the witness would be permitted to proceed with

his or her answer. The depositions would become a side-show of musical chairs with multiple breaks in the proceedings that would be extremely distracting and disruptive.[2]

Alternatively, if non-parties were permitted to attend depositions, Merrill Lynch deponents would be required to self-edit Confidential Information from their testimony to avoid the risk of disclosure. As a result, Merrill Lynch would be prejudiced because its witnesses would not be able to testify fully and completely. *See, e.g., Alexander Grant & Co. Litig.*, 820 F.2d 352, 356-57 (11th Cir. 1986) (denying a non-party access to discovery based on "the fear of adverse publicity, intimidation or other outside forces that could interfere with the free flow of information, most of which would not be admissible during the actual litigation stage of [the] case.").

In sum, these depositions are not spectacles in which witnesses are presented for the viewing pleasure of the media, putative class members, and others who "stop by" from time to time. No one should be required to testify under oath, in a videotaped deposition, under such conditions. Nor should Merrill Lynch have to risk the disclosure of confidential information or the disruption of discovery proceedings simply because non-parties prefer a "live" performance instead of a transcript. There is ample basis for the Court to determine that good cause exists for a protective order in these circumstances.

---

[2] For example, if the testimony were Confidential, putative class members who had signed an acknowledgement to be bound by the Protective Order would be permitted to stay. Putative class members who had not signed the acknowledgement would need to leave, along with other non-parties. If the testimony were to concern confidential information about a specific FA – which certainly is possible in light of senior management's relationships with Merrill Lynch FAs – then that information would be Attorneys' Eyes Only. In that case, unless the person about whom the testimony refers had agreed to permit disclosure, all non-parties except that individual (if present) would need to be escorted out of the room. If the person had agreed to permit disclosure, then putative class members who had signed the acknowledgement would be entitled to stay; those who had not signed the acknowledgement would be required to leave, along with members of the media and any other "interested persons" not entitled to the information under the terms of the Protective Order. *See* Exh. B.

## **CONCLUSION**

For the foregoing reasons, Merrill Lynch respectfully requests that this Court issue a protective order limiting attendance at depositions to parties, their counsel and the court reporter/videographer, as well as any further relief to which it may be entitled.

MERRILL LYNCH & CO., INC.


By:_/s Lori E. Lightfoot___

Mayer, Brown, Rowe & Maw LLP
Lori E. Lightfoot
190 S. LaSalle Street
Chicago, IL 60603
(312) 782-0600

and

Weil, Gotshal &Manges LLP
Jeffrey S. Klein
Nicholas J. Pappas
767 Fifth Ave.
New York, NY 10153
(212) 310-8000