IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE McREYNOLDS, et al., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 05 C 6583 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| MERRILL LYNCH, PIERCE, FENNER ) | |
| & SMITH INCORPORATED, ) | |
| ) | Magistrate Judge Morton Denlow |
| Defendant. ) | |

**AGREED MOTION FOR EXTENSION OF
CLASS CERTIFICATION DISCOVERY**

The Plaintiffs, by and through their attorneys and Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") by and through its attorneys, hereby respectfully move this Court to enter an order extending the time for the completion of discovery related to the class certification phase of this litigation. In support of this motion, the Parties state as follows:

1. Plaintiff, George McReynolds, filed this action in November 2005, on behalf of himself and all others similarly situated. In November of 2006, an additional sixteen putative class representatives were added to the suit. Prior to the amendments, the Court set a discovery cut off date of March 15, 2007 for class discovery.

2. The Parties have been actively engaged in fact discovery concerning class certification. For example, since June 2006, Merrill Lynch has produced in response to Requests for Production and other discovery notices propounded by Plaintiffs, hundreds of thousands of pages of hard copy documents and tens of thousands of pages in electronically stored

information ("ESI"); and various DVDs, videotapes and other media.  In addition,  consistent with the Plaintiffs' various discovery requests, Merrill Lynch has produced a significant amount of data to Plaintiffs.  These massive document and data productions have been the result of considerable time and effort expended by both sides to identify, address and resolve, complex issues about the scope, form and timing of productions.  All of these productions are on-going.  In addition, the Plaintiffs, through counsel, have taken a total of five Rule 30(b)(1) and 30(b)(6) depositions, including the deposition of Merrill Lynch's Chief Executive Officer, E. Stanley O'Neal.  Many additional depositions of Merrill Lynch personnel are set for the remainder of January and February 2007.  Finally, given the complexities of this case and the meet and confer requirements embodied in both the Local Rules and  Chief Magistrate Judge Denlow's Standing Order, the Parties have by necessity spent considerable time in meet and confer sessions to address the myriad of issues that attend this very substantial case.

      3.      Despite these significant strides in completing fact discovery concerning class certification, the Parties recognize that they will not be able to complete both fact and expert discovery on or before March 15, 2007.  This is so for several reasons.  First, there are additional key areas of fact discovery that remain to be addressed.  One of those areas is identifying the final scope of production of ESI.  Prior to the effective date of the new amendments to the Federal Rules of Civil Procedure concerning electronic discovery, the Parties were actively engaged in meeting and exceeding the new amendments' requirements.  The Parties have already reached agreement as to a comprehensive list of search terms and are working diligently to resolve the remaining issues in this area, but more work needs to be done, particularly in the area of identifying a final list of custodians.  In addition the final scope of branch office discovery remains an open question.  Merrill Lynch has over 600 branch offices in which potentially

responsive documents may reside. The Parties have been working on reaching agreement on the ultimate scope of that massive project. In fact, the Plaintiffs, through their counsel proposed and Merrill Lynch has agreed to a sampling process to facilitate a final resolution of the scope of branch office collections.

4. Another substantial factor contributing to the need to extend the time for the completion of class and expert discovery related thereto is the expanded scope of this litigation. At the time that the Parties filed a Joint Status Report on May 10, 2006, the case consisted of a single named plaintiff, George McReynolds. On or about November 6, 2006, the plaintiffs filed a Second Amended Complaint which added 16 additional named plaintiffs. From Merrill Lynch's perspective, the addition of these new plaintiffs fundamentally changed the nature of litigation and necessitates the need for additional fact discovery. Here again, the Parties have been working in a cooperative fashion – Merrill Lynch has propounded various discovery requests on the Plaintiffs, has noticed the depositions of the named Plaintiffs and the Parties are working to finalize a deposition schedule. As set forth in more detail below, the Parties do not believe, however, that it is possible to complete this aspect of discovery in a reasonable fashion on or before March 15, 2007.

5. Finally, the Parties regret to report that George McReynolds has recently suffered a medical setback which will leave him unavailable to assist in the prosecution of this case or be available for deposition for at least the next eight weeks.

6. In light of these facts, and in consideration of the substantial progress that the Parties have made in litigating this case in earnest since in or about June 2006, the Parties respectfully urge this Court to grant their Agreed Motion for an extension of time to complete fact discovery, prior to commencing expert discovery. This motion is not brought for purposes

3

of delay, but instead reflects the Parties' considered judgment that additional time will result in the more efficient administration of this case when the question of class certification is presented to this Court for its review and judgment. As set forth herein, the Parties have worked diligently to fulfill their respective needs and responsibilities, but a modest extension of time for completion of fact discovery, is necessary. Toward that end, the Parties respectfully urge this Court to enter an order that Factual Discovery Concerning Class Certification be completed on or before June 15, 2007.

WHEREFORE, the Parties respectfully move this Honorable Court to grant their Agreed Motion for Extension of Class Certification Discovery.

Respectfully Submitted,

| | |
|---|---|
| /s Linda Friedman | /s Lori E. Lightfoot |
| Stowell & Friedman | Mayer Brown Rowe & Maw |
| 321 S. Plymouth Court | 71 S. Wacker |
| 14th Floor | Chicago, Illinois 60606 |
| Chicago, Illinois 60604 | (312) 782-0600 |
| (312) 431-0888 | |
| | Jeffrey S. Klein |
| | Nicholas Pappas |
| | Salvatore Romanello |
| | Weil Gotshal & Manges LLP |
| | 767 Fifth Avenue |
| | New York, New York 10153 |
| | (212) 310-8000 |
| Counsel for Plaintiffs | Counsel for Merrill Lynch |

## Certificate of Service

    The undersigned, an attorney, hereby certifies that on January 8, 2007, she caused a copy of the foregoing **Agreed Motion For Extension of Class Certification Discovery** and notice thereof to be served by ECF to each attorney having an email address on file with the Court.

                                                          /s/ Lori E. Lightfoot
                                                            Lori E. Lightfoot