IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE McREYNOLDS, et al** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 05 C 6583** |
| **v.** | ) | |
| | ) | **Judge Robert W. Gettleman** |
| **MERRILL LYNCH & CO., INC.** | ) | |
| | ) | **Magistrate Judge Morton Denlow** |
| **Defendant.** | ) | |

**MERRILL LYNCH'S RESPONSE TO PLAINTIFFS'
MOTION FOR PROTECTIVE ORDER AND EXTENSION OF TIME
TO RESPOND TO DISCOVERY**

**PRELIMINARY STATEMENT**

Defendant Merrill Lynch, Pierce Fenner & Smith Incorporated (improperly referred to as

Merrill Lynch & Co., Inc. in the caption and hereinafter referred to as "Merrill Lynch"), by and

through its attorneys, hereby responds to the Plaintiff's Motion for Protective Order and

Extension of Time to Respond to Discovery as follows as:

1.      Plaintiffs have alleged that virtually every aspect of Merrill Lynch's retail brokerage

business is infected with rank racial discrimination, and Merrill Lynch's actions are undertaken

with an intent to discriminate against its African American brokers.  They seek hundreds of

millions in damages and punitive damages, as well as injunctive relief.  Yet, despite having

served discovery requests months ago, Merrill Lynch has yet to receive discovery responses to

requests that seek to probe the bases for these profound allegations of discrimination.  Those

requests for information about the basis for the allegations in the First and Second Amended

Complaint are embodied in the previously propounded Second and Third Sets of Interrogatories (hereinafter "Second Interrogatories" and "Third Interrogatories," respectively). Merrill Lynch has been placed under extraordinary discovery burdens in this case, having already reviewed millions of pages of documents, and produced hundreds of thousands of pages, in addition to producing over a terabyte of data. Merrill Lynch has also produced for deposition eight 30(b)(1) and 30(b)(6) witnesses (including its CEO, Stanley O'Neal), with numerous others already scheduled in the next two months. In contrast, Plaintiffs have produced less than 1,000 pages of documents, and given the lack of written discovery produced by Plaintiffs, Merrill Lynch has yet to take or schedule the depositions of any Plaintiffs.

2.      Despite this contrast in discovery produced by each side, Merrill Lynch has time and time again agreed to reasonable discovery extensions in this matter, including having already agreed to a 39 day extension (on top of the 33 days provided for under the Federal Rules of Civil Procedure) with respect to several of the discovery requests that are the subject of Plaintiffs' motion. However, those agreements have been routinely flouted by Plaintiffs. Merrill Lynch has granted extension after extension, only to be met with additional requests for extensions. Merrill Lynch cannot adequately defend this lawsuit if it cannot rely upon Plaintiffs to abide by discovery deadlines agreed to by the parties. Accordingly, because Plaintiffs have repeatedly refused to comply with discovery requests in a timely matter – and have repeatedly failed to comply with the discovery extensions agreed to by Merrill Lynch – Merrill Lynch is left with no resort but to ask this Court to set a deadline for Plaintiffs to respond to outstanding discovery, including supplementation of the Second Set of Interrogatories which are not even mentioned in Plaintiffs' motion even though those interrogatories have also been the subject of repeated

extensions of time. Such an order is the only way to ensure that Merrill Lynch receives the discovery necessary for it to defend this lawsuit.

3.      Merrill Lynch is cognizant of – and most sympathetic to – the unfortunate health issues that have befallen Mr. McReynolds. However, Plaintiffs' request to extend their deadline to comply with Merrill Lynch's discovery demands has nothing to do with Mr. McReynolds' health. In no uncertain terms, Merrill Lynch has unequivocally stated to the Plaintiffs' that Mr. McReynolds has an indefinite extension with respect to any outstanding discovery. As Plaintiffs are well aware, Merrill Lynch seeks discovery from the sixteen other Plaintiffs, and the production of information that Plaintiffs' counsel has represented in writing is not within Mr. McReynolds' possession, custody or control. In particular, Merrill Lynch is entitled to understand the basis of allegations in the Complaint that are claimed not to be within Mr. McReynolds' control, but are alleged in the Complaint. Moreover, it is undisputed that Plaintiffs' requested a sixty day discovery extension well before Mr. McReynolds' illness. Accordingly, Merrill Lynch also requests that the Plaintiffs be ordered to provide supplemental responses to Defendant's Second Set of Interrogatories to the extent the information sought is not within Mr. McReynolds' possession, custody or control. Notably, Plaintiffs' have not sought an extension of time within which to supplement the responses to the Second Set of Interrogatories, even though they had previously agreed to do so. See Ex. A.

## FACTUAL SUMMARY

4.      On August 31, 2006, Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") served its first request for production of documents ("First Document Requests") and Second Interrogatories.

5.  Plaintiff did not serve objections to the First Document Requests until November 6, 2006 and did not provide responses to the Second Interrogatories until November 8, 2006.

6.  By letter dated November 14, 2006, Merrill Lynch requested that Plaintiffs start producing documents on a rolling basis no later than November 20, 2006. See Ex. B.

7.  On November 14, 2006, Merrill Lynch served its Second Set of Document Requests ("Second Document Requests") and Third Interrogatories. These requests were substantially similar to the First Document Requests and Second Interrogatories, but were served on the additional sixteen plaintiffs that were added to the lawsuit when Plaintiff filed its Second Amended Complaint.

8.  By letter dated November 17, 2006, Merrill Lynch set forth deficiencies in the Plaintiff's responses to the Second Interrogatories. See Ex. C. Included in the deficiencies noted by Merrill Lynch was the fact that the interrogatory responses failed to set forth the bases for allegations in the Complaint even though Merrill Lynch expressly served interrogatories requesting such information. Plaintiff's position appeared to be that such information, while known to counsel, was not within the possession custody or control of Plaintiff George McReynolds. Merrill Lynch accordingly requested a meet and confer to discuss the issues raised in its November 17, 2006 letter.

9.  Thereafter, the parties agreed to a meet and confer on November 30, 2006. During the meet and confer, Merrill Lynch reiterated its position regarding the responses to the Second Interrogatories. Plaintiffs did not provide their position regarding supplementation during that meet and confer, but agreed to discuss the issue in more detail during a subsequent meet and confer to be held the following week.

10.     The parties agreed to discuss both Plaintiff's supplementation of the responses to the

Second Interrogatories, and Plaintiff's objections to the First Document Requests, during a meet

and confer held on December 5, 2006. See Ex. D (confirming a meet and confer to discuss

responses to Second Interrogatories and First Document Requests).  During the meet and confer,

Plaintiffs agreed to begin producing responsive documents on December 12, 2006 and to provide

a "proposal" regarding supplementation of responses to the Second Interrogatories. See Ex. E.

Later that day, Plaintiffs informed Merrill Lynch that they would "make a proposal" regarding

supplementation of the interrogatory responses by December 12, 2006, the same day that the

parties had scheduled an all day meet and confer. See Ex. F.

11.     During a December 12, 2006 meet and confer, Merrill Lynch requested that the parties

make a joint motion to extend the discovery cut-off date of March 15, 2006, in light of the scope

of discovery and the fact that 16 plaintiffs had been added to the case in November.  Plaintiffs'

counsel stated that they could not agree to join in such a motion.

12.     In the same meet and confer, Plaintiffs' counsel requested an additional sixty days (until

February 12, 2007) to supplement their Responses to the Second Interrogatories, provide

responses to the Third Interrogatories, and objections to the Second Document Requests.  This

request was confirmed by "the proposal" made later that day by Plaintiffs' counsel.  Ex. A.

Plaintiffs counsel also requested an extra day – until December 13, 2006 – to begin producing

documents, even though they had agreed one week earlier to produce documents on December

12, 2006.

13.     By letter dated December 13, 2006, Merrill Lynch rejected Plaintiffs' proposal, and

requested that Plaintiffs supplement their responses to the Second Interrogatories by January 5,

2006, an eminently reasonable response, given that the Second Interrogatories had been served in

August, and that Merrill Lynch first requested supplementation on November 17, 2006. Ex. G.

Moreover, because Plaintiffs would not agree at that time to extend the March 15, 2007

discovery cut-off, Merrill Lynch insisted that responses to the Third Interrogatories also be

served on January 5, 2007, as well as any objections to the Second Document Requests. See id.

Merrill Lynch also noticed depositions of the named Plaintiffs, commencing in mid-January.

14.     Plaintiffs also failed to produce any documents on December 13, 2006, as they had

agreed to do. Merrill Lynch informed Plaintiffs by letter dated December 14, 2006, that

Plaintiffs had not complied with their agreement to begin producing documents on a rolling

basis, and requested a response as to when Plaintiffs would begin producing documents. Ex. H.

On December 15, 2006, nearly four months after the First Document Requests were served,

Plaintiff produced approximately 300 pages of documents.

15.     During the first week of January, Plaintiff requested another extension to serve objections

to the Second Document Requests, respond to the Third Interrogatories, and supplement their

responses to the Second Interrogatories. Defendants agreed to provide Plaintiffs with an

additional seven days until January 12, 2007 to provide responses and objections to the

outstanding discovery. By letter dated January 16, Merrill Lynch inquired into the status of the

outstanding discovery responses, which had not been received by counsel for Merrill Lynch. Ex.

I. Plaintiffs responded that it was their understanding that Merrill Lynch had agreed to a two

week extension, making the discovery due on January 19, 2006. On January 19, 2006, Plaintiffs

then requested an additional extension, until February 5, 2007. See Ex. C to Plaintiffs' motion.

On January 19, 2006, Merrill Lynch informed Plaintiffs' counsel that it would agree to a final

extension to serve discovery by January 26, 2007 (a total of 40 additional days beyond the

original 33 days that Plaintiffs had to respond to the Third Interrogatories and Second Document Requests).

16.     Plaintiffs then filed this motion on January 22, 2006.


## ARGUMENT

17.     Merrill Lynch intends to begin deposing some of the seventeen named Plaintiffs in February and the Plaintiffs have been fully aware of this plan during various discussions. However, prior to taking the depositions of the named Plaintiffs, Merrill Lynch wants to ensure that it has received discovery responses – including production of responsive documents and interrogatory responses – from Plaintiffs, and that an appropriate time frame is reserved for Merrill Lynch to analyze Plaintiffs' production and ensure completeness.

18.     Merrill Lynch notes that it must reserve time to compel production if necessary because Plaintiffs have not asked for an extension of time to produce documents, but rather for an extension of time to serve objections to document requests. Merrill Lynch is hard-pressed to understand why Plaintiffs need nearly ninety days to serve objections to the Second Document Requests, given that Plaintiffs admit the documents sought in the Second Document Requests seek "largely the same information" (Pl. Motion. Par. 3) as set forth in the First Document Requests.

19.     Merrill Lynch is not confident that Plaintiffs will abide by any discovery deadline agreed to by the parties. Accordingly, Merrill Lynch requests that the Court order Plaintiffs to supplement their responses to the Second Set of Interrogatories, and serve objections and responses to the Second Document Requests and Third Set of Interrogatories, by a date certain.

WHEREFORE, Merrill Lynch hereby respectfully moves this Honorable Court to set a date certain by which the Plaintiffs must supplement their responses to the Second Set of Interrogatories, and serve objections and responses to the Second Document Requests and Third Set of Interrogatories.

Dated: January 23, 2007

Respectfully Submitted,

/s Lori E. Lightfoot
Mayer Brown Rowe & Maw
71 S. Wacker
Chicago, Illinois 60606
(312) 782-0600

Jeffrey S. Klein
Nicholas Pappas
Salvatore Romanello
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

Counsel for Merrill Lynch