**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

```
------------------------------------------------------------x
GEORGE MCREYNOLDS, MAROC          :
HOWARD, LARUE GIBSON, JENNIFER    :
MADRID, FRANKIE ROSS, MARVA YORK  :
LESLIE BROWNE, HENRY WILSON,      :
LEROY BROWN, GLENN CAPEL,         :
CHRISTINA COLEMAN, J. YVES LABORDE, :
MARSHELL MILLER, CARNELL MOORE,   :
MARK JOHNSON, CATHY BENDER-       :  Case No. 05C6583
JACKSON, and STEPHEN SMARTT,      :
Individually on behalf of themselves :
and all others similarly situated, :  Hon. Robert W. Gettleman
                                  :  Magistrate Judge Denlow
            Plaintiffs,           :
                                  :
- against -                       :
                                  :
MERRILL LYNCH, PIERCE, FENNER     :
& SMITH, INCORPORATED,            :
                                  :
            Defendant.            :
------------------------------------------------------------x
```

## <u>DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO VERIFY RESPONSES TO DEFENDANT'S THIRD SET OF INTERROGATORIES</u>

Pursuant to Rules 33(b)(1) and 37(a) of the Federal Rules of Civil Procedure,

Defendant Merrill Lynch, Pierce, Fenner & Smith, Incorporated ("Defendant" or "Merrill

Lynch") moves to compel plaintiffs to verify the responses to Merrill Lynch's Third Set of

Interrogatories ("Third Interrogatories").

Pursuant to Local Rule 37.2, prior to filing this motion to compel, Merrill Lynch's

counsel, Salvatore A. Romanello and Lori E. Lightfoot, raised Plaintiffs' failure to verify their

responses to the Third Interrogatories with Plaintiffs' counsel on numerous occasions. By letter

dated March 1, 2007, Merrill Lynch informed Plaintiffs' counsel that the Interrogatories needed

to be verified.  Attached hereto as Ex. A is a copy of the March 1, 2007 letter from Salvatore

Romanello to Linda Friedman.  A telephonic meet and confer was held on March 13, 2007

between counsel for Merrill Lynch (Lori Lightfoot and Salvatore Romanello) and Plaintiffs'

counsel (Linda Friedman).  Plaintiffs' counsel asked Merrill Lynch to provide a proposed

verification that would be acceptable to Merrill Lynch.  On March 15, 2007 counsel for Merrill

Lynch provided a draft verification.  The draft verification provided:

> Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury,
> that, to the best of my knowledge, information and belief, the
> factual matters set forth in responses to Defendant's Third Set of
> Interrogatories, Nos. ___ which pertain specifically to me are true
> and correct.  I have no personal knowledge as to any other aspect
> of the answers to Defendant's Third Set of Interrogatories.

Attached hereto as Ex. B is a copy of Lori Lightfoot's March 15, 2007 email and proposed

verification.

During a meet and confer on March 16, 2007, Plaintiffs' counsel rejected the

proposed verification and instead proposed that (i) Merrill Lynch address issues related to the

interrogatories during the deposition of each Plaintiff;[1]. or (ii) each Plaintiff verify the

information that relates solely to that Plaintiff.  Merrill Lynch rejected these proposals, and by

email dated April 5, 2007, set forth its position regarding the verification.  Attached hereto as Ex.

C is an April 5, 2007 email from Salvatore Romanello to Linda Friedman.  Merrill Lynch made a

final proposal to Plaintiffs' counsel on April 9, 2007, asking Plaintiffs to identify what they

could verify based on personal knowledge, and what they could verify based on information and

belief.  In that email, Merrill Lynch asked for a response by close of business on April 10, 2007.

Attached hereto as Ex. D is a copy of an April 9, 2007 email from Salvatore Romanello to Linda

---

[1] Not only is this proposal inconsistent with Rule 33, it is also completely impractical, as the
Third Interrogatory responses were made on behalf of all 17 plaintiffs and are more than 60
pages in length.

Friedman.  During a meet and confer on April 10, 2007, Plaintiffs' counsel indicated that the

proposal might be acceptable, but that they were still considering the proposal.  On April 11,

2007, counsel for Merrill Lynch sent another draft verification to Plaintiffs' counsel, and asked

for a response by the end of the day.  Attached hereto as Ex. E is a copy of an April 11, 2007

email and attached proposed verification from Lori Lightfoot to Linda Friedman.  The proposed

verification provided:

> Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury,
> that, to the best of my knowledge, information and belief, the
> factual matters set forth in Plaintiffs' Responses to Defendant's
> Third Set of Interrogatories, Nos. ____which pertain specifically to
> me are true and correct.  On information and belief, the remaining
> Plaintiffs' Responses to Defendant's Third Set of Interrogatories
> are true and correct.

By email dated later that day, Plaintiffs' counsel indicated that they had not had a

chance to confer internally regarding the proposed verification, and would not be able to get back

to Merrill Lynch by the end of the day on April 11, 2007.

Merrill Lynch hopes that this issue can be resolved prior to the hearing on April

16, 2007.  However, because Plaintiff depositions are to resume on April 25, 2006, Merrill

Lynch has filed this motion to ensure that verified responses are obtained prior to the next

scheduled depositions.  In the event Plaintiffs' counsel agrees to the proposed verification,

Merrill Lynch will withdraw this motion.

## BACKGROUND

1.  On November 14 2006, Merrill Lynch served its Third Interrogatories.  Plaintiffs

provided responses on February 12, 2007.  However, the Interrogatories were not verified.

Moreover, one cumulative response was provided for all Plaintiffs.

2.  As discussed supra, Merrill Lynch requested on numerous occasions that

Plaintiffs verify the interrogatory responses, including requesting that each Plaintiff identify the

3

portion of the interrogatories that he or she could verify. Plaintiffs so far have not agreed to verify the interrogatory responses.

3.   In the interim, Merrill Lynch has taken six depositions of Plaintiffs. Notably, some of the witnesses who were questioned regarding the responses to the Third Interrogatories have not been able to definitively state whether they saw a final draft of the interrogatories prior to their having been served. See Ex. F Johnson Dep. Tr. at 157:13-157:16; Howard Dep. Tr. at 251:8-251:18; Bender-Jackson Dep. Tr. at 152:18-153:3. Indeed, some of the testimony elicited to date is inconsistent with the prior interrogatory responses submitted by Plaintiffs, which also have not been verified.[2] For example, the responses to Merrill Lynch's First Set of Interrogatories provide that a Merrill Lynch manager forced plaintiff Mark Johnson to "endure a barrage of bigoted remarks about Kobe Bryant 'raping a white woman.'" At his deposition, Mr. Johnson stated that while his manager made comments about Kobe Bryant's guilt, he had no recollection of his manager using the phrase "raping a white woman." See Ex. G Johnson Dep. Tr. at 274:8-278:10.

---

[2] Merrill Lynch has not previously requested that the earlier interrogatory responses be verified. However, given the inconsistencies between the responses and the deposition testimony, Merrill Lynch will make such a request at an appropriate time. The earlier interrogatory responses were provided by George McReynolds. Because of serious health issues, Merrill Lynch has stayed all discovery as against Mr. McReynolds.

## ARGUMENT

4.   Rule 33(b) provides in pertinent part:

> (1) Each interrogatory shall be answered separately and fully in writing under oath . . . .[and] (2) The answers are to be signed by the person making them . . .

See also Slamecka v. Empire Kosher Poultry, 2004 U.S. Dist. Lexis 15880 (N.D. Ill. Aug 11, 2004) (interrogatories must be answered fully and completely under oath).

5.   Notably, there is no exception that would insulate class action representatives from verifying interrogatory responses. See e.g., Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc., 2006 U.S. Dist. LEXIS 34547 (D. Neb. May 26. 2006) (class representatives failed to comply with Rule 33 when they did not verify the responses under oath).

6.   Here, Plaintiffs' failure to verify the responses to the Third Interrogatories clearly violates Rule 33.

7.   Plaintiffs have taken the position that Merrill Lynch cannot insist on verified interrogatory responses while at the same time require that responsive information not known to Plaintiffs – but known to Plaintiffs' counsel – be disclosed in the interrogatory responses. However, this argument is without merit. The law is clear that parties responding to interrogatories must include information known to their attorney. See Hickman v. Taylor, 329 U.S. 495, 504 (1947) ("[a] party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of her attorney."); Gonsalves v. City of New Bedford, 168 F.R.D. 102, 108 (D. Mass. 1996); Miller v. Doctor's General Hospital, 76 F.R.D. 136, 140 (W.D. Okla. 1977); Pilling v. General Motors Corp., 45 F.R.D. 366, 369 (D. Utah 1968); Steelman v. U.S. Fidelity and Guar. Co., 35 F.R.D. 120, 121 (D.C. Mo. 1964); 8A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2177 (2007) ("[a] party

is charged with knowledge of what its agents know, or what is in records available to it . . . A party must disclose facts in its attorney's possession even though the facts have not been transmitted to the party."). The fact that the Third Interrogatory responses contain information not personally known to some Plaintiffs but known to Plaintiffs' counsel does not absolve Plaintiffs from verifying the interrogatory responses. Moreover, there is no exception that would allow Plaintiffs to avoid their obligation to verify responses on the basis that the responses contain information known to their counsel but not to Plaintiffs. See, e.g., Morris v. Swank Educ., Enter., Inc., 2004 U.S. Dist. LEXIS 16655 (N.D. Ill. Aug. 20, 2004) (Rule 33 requires that where the party is an individual, then the party, not the attorney must sign a verification or affidavit as to the accuracy of the answers); Prescod v. Am. Broadcasting Co., Inc., 1982 U.S. Dist. LEXIS 15100 (S.D.N.Y. Sept. 17, 1982); see also Layman v. Combs II, 1988 U.S. Dist. LEXIS 18517 at *4 (N.D. Cal. Feb. 22, 1988) *rev'd on other grounds* 981 F.2d 1093 (9th Cir. 1992) (finding that plaintiffs' unsworn statements were insufficient responses and ordering plaintiffs to answer interrogatories by indicating which responses are based on information and belief and which are based on their own personal knowledge).

8. Plaintiffs have to date failed to sign Merrill Lynch's proposed verification and have also failed to propose an alternate verification that would comply with Rule 33. Accordingly, the Court should order Plaintiffs to verify the Third Interrogatory Responses consistent with Rule 33, including having each Plaintiff identify which portions of the interrogatories are based on personal knowledge and which portion are based on "information and belief."

6

## CONCLUSION

9.   Merrill Lynch respectfully requests that the Court grant its motion to compel

verification of the Third Interrogatory Responses and order that each Plaintiff identify the

specific interrogatory responses that they are verifying based on personal knowledge and which

interrogatory responses they are verifying upon information and belief.

Dated: April 12, 2007

By: ___s/ Therese C. King_____

MAYER, BROWN, ROWE & MAW LLP
Lori E. Lightfoot
Therese C. King
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600 (Phone)
(312) 701-7711 (Facsimile)

WEIL, GOTSHAL & MANGES LLP
Jeffrey S. Klein
Nicholas J. Pappas
Salvatore A. Romanello
767 Fifth Avenue
New York, NY 10153
(212) 310-8000 (Phone)
(212) 310-8007 (Facsimile)

7

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant's Motion to Compel

Plaintiffs to Verify Responses to Defendant's Third Set of Interrogatories was served upon

counsel for Plaintiff addressed as follows:

Linda Friedman
Mary Stowell
George Robot
Stowell & Friedman, Ltd.
321 S. Plymouth Court, Suite 1400
Chicago, Illinois 60604

via U.S. mail and e-mail on April 12, 2007.

By: ____s/ Therese C. King_____