IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE McREYNOLDS, et al, <br><br> Plaintiffs, <br><br> v. <br><br> MERRILL LYNCH & CO., INC. <br><br> Defendant. | Case No. 05 C 6583 <br><br> Judge Robert W. Gettleman <br><br> Magistrate Judge Morton Denlow |

## MOTION TO COMPEL PLAINTIFFS' DEPOSITIONS

Defendant Merrill Lynch, Pierce Fenner & Smith Incorporated (hereinafter "Merrill Lynch"), by and through its attorneys, hereby respectfully moves this Court to enter an order compelling the deposition of certain named plaintiffs. Merrill Lynch seeks this unusual relief in the face of plaintiffs' unilateral cancellation of at least two of the depositions of named plaintiffs which have been set for this week on April 26, and 27, 2007, respectively. Plaintiffs have also raised the specter that additional depositions may similarly be unilaterally cancelled. In addition, Merrill Lynch seeks relief from this Court because plaintiffs' actions in unilaterally canceling at least the two depositions this week, with no attempt to reschedule these depositions, will result the de facto violation of Judge Gettleman's order setting the cut off for class certification discovery at June 13, 2007. In support of this motion, Merrill Lynch states as follows:

1. On Friday, April 20, 2007 at 5:16 p.m., Plaintiffs' counsel unilaterally cancelled the depositions of Leroy Brown and Larue Gibson, which were set to be held on April 26 and 27, 2007, respectively. See Bish 4/20/07 5:16 p.m. email, attached hereto as Exhibit 1, pg. 1. Earlier that week, Plaintiffs' counsel asked that Merrill Lynch provide a subset of emails that it

intended to use for the depositions of Mr. Brown and Mr. Gibson. Merrill Lynch declined to do so, since such a request clearly requires Merrill Lynch to disclose its attorney-work product. Id. at pg. 3-4 (Dray April 18, 2007 e-mail). Indeed, Plaintiffs' have nearly completed the depositions that they plan to take of Merrill Lynch executives (taking 12 depositions in total), and Plaintiffs' never once identified a subset of emails that they would use with those executives.[1]

2. Plaintiffs' rationale for canceling the depositions appears to be that the Plaintiffs' emails are too voluminous to review in order to prepare for Plaintiffs' depositions.[2] Plaintiffs have known for months that Merrill Lynch would produce emails from Plaintiffs and that such emails would be produced after being passed through search terms. First, during a meet and confer held in late January 2007, Merrill Lynch informed Plaintiffs' counsel that it would produce Plaintiffs' emails. See January 30, 2007 email from Sal Romanello to Linda Friedman, attached hereto as Exhibit 6, ("Merrill Lynch will produce emails (but does not intend to search electronic documents) from the Plaintiffs."). Moreover, Plaintiffs have served document requests requiring Merrill Lynch to "Produce all documents that relate to the named Plaintiffs,

---

[1] On March 21, 2007, Merrill Lynch took the first of seventeen depositions of named plaintiffs. The deposition only commenced after months of requests by Merrill Lynch to simply begin the depositions. See, Lightfoot March 7, 2007 e-mail, attached hereto as Exhibit 2; and Lightfoot March 9, 2007 e-mail, attached hereto as Exhibit 3. Prior to March 21, 2007, the plaintiffs' depositions had been set to begin on March 13-16, 2007, but plaintiffs' unilaterally cancelled those depositions, claiming that they had not received certain personnel files which they in fact had in their possession for approximately one month prior to the planned start of the depositions. See Exhibit 2. Eventually, a partial schedule was set, but only after four depositions had been taken. See, Friedman March 30, 2007 e-mail, attached hereto as Exhibit 4. The Plaintiffs still have not offered dates for the depositions of Plaintiffs Jennifer Madrid or Glen Capel despite requests to do so by Merrill Lynch. See Lightfoot April 10, 2007 e-mail, attached hereto as Exhibit 5. Presently, Merrill Lynch has taken a total of six plaintiff depositions, with 11 depositions remaining prior to the June 13, 2007 discovery cut-off.

[2] The parties have had discussions since late January of 2007 regarding culling down the search term list used for locating responsive documents. No resolution has been reached and Merrill Lynch continues to comply with the Court order requiring it to pass electronic documents through search terms to locate responsive information. It would now be unfair to require Merrill Lynch to expend the time and money to apply another list of search terms to Plaintiffs' emails, since Merrill Lynch has already passed those emails through search terms.

2

including but not limited to personnel files, investigative files, complaints, and any documents that Defendant may use to question or attempt to impeach Plaintiffs." See Exhibit 7, Request Number 3 of Plaintiffs' Third Set of Class Requests for Production, dated March 15, 2007. Were it not for the use of search terms, the production of plaintiff e-mails would be many times greater.

4. Additionally, Merrill Lynch has gone to great expense to have all of the Plaintiffs' e-mails electronically imaged (TIFF'd and OCR'd) so that the e-mails could be loaded into a database and electronically searched by counsel for the Plaintiffs using whatever methodology they deemed appropriate. On information and belief, Plaintiffs' are in fact using Concordance software for that purpose. Plaintiffs' can therefore electronically search the e-mails that Merrill Lynch has produced.

5. Plaintiffs have had several weeks to electronically search for and review e-mails. For example, Mr. Gibson's deposition was set for April 27, 2007. Merrill Lynch produced his e-mails on April 4, 2007 – 23 days in advance of the deposition. See, Plaintiffs' E-Mail Production chart, attached hereto as Exhibit 8. Similarly, Merrill Lynch produced Leroy Brown's e-mails on April 3, 2007 – 23 days in advance of his scheduled deposition. Id. Given the current deposition schedule, the Plaintiffs have an even longer time for the review of the remaining Plaintiffs/deponents' e-mails. To be sure, because Gibson and Brown are longstanding Merrill Lynch employees, their respective e-mail productions are large even when passed through search terms. However, Merrill Lynch is complying with its discovery obligations in producing such documents. It has no obligation to turn-over its work-product, particularly where Plaintiff has failed to do so with respect to the depositions that it has taken of Merrill Lynch executives, which are virtually completed. It would be fundamentally unfair for

3

Merrill Lynch to have to produce its work product, where Plaintiffs have not done so with respect to the depositions taken of Merrill Lynch employees.

6.    Plaintiffs also appear to argue that because Merrill Lynch produced a subset of emails for the first four plaintiff deponents, Merrill Lynch must do so for all deponents. However, Merrill Lynch agreed to do so for the first four plaintiff deponents because of vendor delays in producing emails for those deponents, and specifically stated that it would not do this for any other depositions. Rather than cancel and reschedule those depositions, and run the risk of having to move the June 13, 2007 discovery cut-off in this case, counsel for Merrill Lynch offered a solution to avoid the cancellation of those initial depositions: the provision of a subset of e-mails related to the respective deponents, with a commitment that Merrill Lynch would not use any e-mails in questioning those deponents unless they were included in the previously produced subset. Merrill Lynch expressly stated:

> Earlier this week, you raised issues related to the size of the email files for plaintiffs Maroc Howard and Mark Johnson, which were produced on March 12. In particular, given the large number of emails produced and the timing of that production, you stated that you could not adequately prepare those plaintiffs for their depositions. As an accommodation, Merrill Lynch agreed to produce a small subset of those emails to facilitate the preparation of your clients. That subset was produced on March 14 as documented in the email of that date sent to you by Victoria Rutherfurd. During the depositions of Mr. Howard and Mr. Johnson, Merrill Lynch will not use any of the email files produced on March 12 unless those emails are also included in the smaller subset that was produced to you. ***This accommodation applies only to the depositions of Messrs. Howard and Johnson and no other plaintiffs/deponents.***

See Romanello March 16, 2007 e-mail, attached hereto as Exhibit 9 (emphasis added).

7.    In investigating the reason for the late production of e-mails for plaintiff/deponent Johnson and Howard, counsel for Merrill Lynch determined that a similar situation existed for

the upcoming depositions of Christina Coleman and Kathy Bender-Jackson. As a result, Merrill Lynch also produced to Plaintiffs a subset of e-mails in advance of the Coleman and Bender-Jackson depositions. At no time, however, in producing the subset of e-mails for these four depositions did counsel for Merrill Lynch waive its work product privilege or commit to producing subsets of e-mails for all Plaintiffs' depositions. Quite the contrary; as Merrill Lynch expressly and repeatedly advised Plaintiffs that production of the e-mail subsets was an unusual accommodation borne of exigent circumstances and that absent exigent circumstances, no such subset production was warranted or would be made. Id.; see also, Lightfoot April 3, 2007 e-mail, attached hereto and Exhibit 10. In fact, thereafter, Merrill Lynch deposed two Plaintiffs (Henry Wilson and Leslie Browne) and did not produce a subset of emails for those deponents.

8. In an effort to resolve the impasse that ultimately resulted in the Plaintiffs' unilateral cancellation of the Mr. Brown's and Mr. Gibson's scheduled depositions, Merrill Lynch offered a compromise to Plaintiffs. As part of an broader compromise regarding production of emails, Merrill Lynch offered to have its vendor run searches of a smaller subset of search terms against Plaintiffs emails as long as Plaintiffs agreed to pay the cost for these additional searches. See Dray April 20, 2007 e-mail included in Exhibit 1. Merrill Lynch also offered, among other things, to reschedule the deposition of Mr. Gibson to a later date. Merrill Lynch's proposal was rejected. See Bish April 20, 2007 4:52 p.m. e-mail, included in Exhibit 1.

9. Plaintiffs' unilateral cancellation of the Gibson and Brown depositions is also troubling because without the intervention of this Court, that action will make it very difficult to comply with Judge Gettleman's order setting the class certification discovery cut off of June 13, 2007. As set forth in Exhibit 4, without the cancellation of the Gibson and Brown depositions, the current schedule for the Plaintiffs' depositions was set to run through May 17, 2007. See

Exhibit 4. Plaintiffs have yet to provide depositions dates for two other Plaintiff/deponents.[3] Moreover, Plaintiffs have refused to agree to more than two Plaintiffs' depositions per week. Compare Exhibit 2 with Exhibit 4. Given these facts and restrictions, under the best of circumstances it will be difficult to complete the Plaintiffs' depositions in advance of the June 13, 2007 discovery cut off. Meeting that deadline will be impossible without this Court's intervention now given that the Plaintiffs' have not offered alternative dates for rescheduling the cancelled depositions, suggested that others may be cancelled if Merrill Lynch does not provide its work product to the Plaintiffs, and two depositions remain unscheduled despite Merrill Lynch's repeated requests to schedule those depositions.

10. As this Court is aware, Merrill Lynch would like to maintain the discovery cutoff deadline. Merrill Lynch therefore respectfully urges this Court to prohibit the Plaintiffs from de facto violating Judge Gettleman's order through the unilateral cancellation of the Plaintiffs' depositions. Merrill Lynch further urges that this court enter an order which (1) requires the depositions set for May 1, 2, 9, 10, 16, 17 to proceed as scheduled; (2) compels the Plaintiffs within three business days of the entry of any such order to provide alternative dates for the depositions of Mr. Gibson and Mr. Brown and provide dates for the currently unscheduled depositions of Plaintiffs Madrid and Capel and further order that all depositions of named Plaintiffs be completed by June 1, 2007.

---

[3] By agreement of the Parties, no deposition date has been set for George McReynolds given his medical condition.

WHEREFORE, the Merrill Lynch respectfully move this Honorable Court to grant its Motion to Compel Plaintiffs Depositions as set forth herein.

    Respectfully Submitted,

    /s Lori E. Lightfoot
    Mayer Brown Rowe & Maw
    71 S. Wacker
    Chicago, Illinois 60606
    (312) 782-0600

    Jeffrey S. Klein
    Nicholas Pappas
    Salvatore Romanello
    Weil Gotshal & Manges LLP
    767 Fifth Avenue
    New York, New York 10153
    (212) 310-8000

    Counsel for Merrill Lynch

## LOCAL RULE 37.2 CERTIFICATION

Pursuant to Local Rule 37.2, prior to filing this motion to compel, Merrill Lynch's counsel, discussed and attempted to resolve the issues that underlie the attached Motion to Compel Plaintiffs' Deposition with counsel for the Plaintiff at various times as specified in the Motion, including, but not limited to April 18, 19, 20, 2007. Despite Merrill Lynch's good faith attempts to resolve this dispute, the parties were unable to reach an accord.

                                                                                                            /s Lori E. Lightfoot  
                                                                                                            Lori E. Lightfoot