IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
----------------------------------------------------- x
GEORGE MCREYNOLDS, MAROC            :
HOWARD, LARUE GIBSON, JENNIFER      :
MADRID, FRANKIE ROSS, MARVA YORK    :
LESLIE BROWNE, HENRY WILSON,        :
LEROY BROWN, GLENN CAPEL,           :
CHRISTINA COLEMAN, J. YVES LABORDE, :
MARSHELL MILLER, CARNELL MOORE,     :
MARK JOHNSON, CATHY BENDER-         :  Case No. 05C6583
JACKSON, and STEPHEN SMARTT,        :
Individually on behalf of themselves   :
and all others similarly situated      :  Hon. Robert W. Gettleman
                                    :  Magistrate Judge Morton Denlow
              Plaintiffs,            :
                                    :
- against-                          :
                                    :
MERRILL LYNCH, PIERCE, FENNER       :
& SMITH, INCORPORATED,              :
              Defendant.            :
----------------------------------------------------- x
```

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER,
TO COMPEL DEFENDANT TO IDENTIFY DOCUMENTS, AND FOR A DATE
CERTAIN FOR DEFENDANT TO COMPLETE PRODUCTION**

Defendant Merrill Lynch, Pierce, Fenner & Smith, Incorporated ("Merrill Lynch")

responds to Plaintiffs' Motion for Protective Order, to Compel Defendant to Identify Documents,

and for a Date Certain for Defendant to Complete Production ("Plaintiffs' Motion") as follows:

1.     Despite Plaintiffs' attempt to resurrect and misconstrue the sometimes

challenging discovery history in this complex case, [1] there are only two real issues raised by

---

[1] Merrill Lynch disagrees with Plaintiffs' recitation of the course of discovery in this matter and
does not wish to engage in an issue by issue discussion as to which party is at fault regarding the
state of discovery. However, as discussed below, there are two facts that cannot be controverted:
First, although Plaintiffs now complain regarding the volume of documents produced, it is
Plaintiffs' discovery requests that have resulted in the large volume of documents; and second,
from the outset of the discovery process, Merrill Lynch's proposals for a staggered discovery

Plaintiffs' motion: (i) whether this Court will ratify the Plaintiffs' unilateral cancellation of the remaining Plaintiffs' depositions on the grounds that Merrill Lynch's counsel has refused to provide Plaintiffs' counsel with its work product in advance of each of the named Plaintiffs' deposition; and (ii) whether this Court will endorse the Plaintiffs' unilateral and back door violation of Judge Gettleman's discovery cut off date of June 13, 2007. Plaintiffs' belief that they are somehow entitled to that extraordinary relief has no basis in the Federal Rules of Civil Procedure, no basis in the Local Rules, no basis in any decision by this Court, and certainly no basis in the parties' discussions or agreements about the production of documents in this case.[2] These issues, and the handful of remaining document discovery issues, can be readily addressed in the eight weeks that remain for class certification discovery. As discussed below, Merrill Lynch respectfully urges this Court to intervene to assist the parties in resolving the few discovery issues that remain to facilitate the completion of discovery before Judge Gettleman's June 13, 2007 deadline. Plaintiffs' motion, which would turn back the clock on discovery by at least six months, should be denied for the reasons below.

      2.      Plaintiffs argue that named Plaintiffs' depositions should be postponed until Merrill Lynch identifies the specific emails it intends to use in questioning the Plaintiffs at depositions. According to Plaintiffs, they are entitled to Merrill Lynch's work product because many emails were produced from these Plaintiffs, it is difficult to review them all, and the unsubstantiated claim that this Court directed Merrill Lynch to "identify the nature and source of

---

schedule – including document production in advance of depositions – were time and again rejected by Plaintiffs.

[2] Plaintiffs' claims in paragraph 9 of their motion that Merrill Lynch "will not provide basic information as to which documents in its production pertain to which Plaintiff. . .", and "refuses to identify the other documents that have been produced regarding each named Plaintiff or source information regarding documents produced from each named Plaintiff's branch office" are simply not true.

the documents produced so there be no 'surprises' at depositions." Plaintiffs have no basis to

complain about the production: they specifically requested "all documents that relate to the

named Plaintiffs" in a discovery request served on March 13, 2007, the eve of the start of the

Plaintiffs' depositions; they have known for months that Merrill Lynch would apply a list of

search terms to the emails and produce those emails; the production of electronic documents

through the use of search terms was expressly ordered by the Court on November 13, 2007; and,

Merrill Lynch expended substantial time and money to electronically image all emails at its sole

expense so the parties could search documents electronically. *See* Motion to Compel at pp. 2-3.

Merrill Lynch extended the courtesy of identifying a subset of emails for certain deponents

because of exigent circumstances, and expressly limited this accommodation to those deponents.

(*See* Motion to Compel at pp. 4-5). Moreover, Merrill Lynch did not provide a subset of emails

for the last two plaintiff depositions. There is no conceivable rationale for requiring Merrill

Lynch to provide this work product to Plaintiffs.

   3.  Plaintiffs also argue that they are entitled to postpone Plaintiffs'

depositions because Merrill Lynch must be required to identify "information for materials

produced regarding each Named Plaintiff." While Merrill Lynch is under no obligation to

provide the location of Plaintiffs documents in the production, in its various transmittal letters

related to the production of documents, Merrill Lynch has done just that. *See* Exhibits 1, 2, and 3

(exemplar letters accompanying document productions on February 2, 2007, March 19, 2007,

April 17, 2007 identifying location of personnel files). Moreover, Plaintiffs' counsel is equally

capable of performing electronic searches for such documents as Merrill Lynch. Merrill Lynch

is under no obligation to provide any additional assistance to Plaintiffs in their preparation for

depositions. Merrill Lynch has also identified documents produced from branch offices, and

certain Practice Management Analytic Center reports, all of which relate to one of the named Plaintiff.

4.      In addition, Plaintiffs seek to postpone their depositions until Merrill Lynch has completed *all* document production, not merely the document production related to Plaintiffs.  With respect to documents concerning the named Plaintiffs, the vast majority of these documents already have been produced beginning on or about February 2, 2007 and – with limited exception – Merrill Lynch is scheduled to complete production this week of the named Plaintiffs' remaining e-mails.[3]  Tellingly, Plaintiffs have not identified a single group of documents outside of those directly related to the Plaintiffs that are somehow critical to the Plaintiffs' deposition preparation, nor can they.  After receiving over 1.5 million pages of hard copy and electronic documents starting in June 2006, when discovery commenced after mediation efforts ended, and over 1.5 terrabytes of data, it is hard to conceive that Plaintiffs do not possess ample information and data to prepare current and former employees of Merrill Lynch for depositions by Merrill Lynch.  This fact, coupled with the undisputed fact that Plaintiffs have had documents directly related to the Plaintiffs themselves for weeks if not months, render Plaintiffs' claims that they are somehow disadvantaged because document production is not complete a classic red herring.

5.      Moreover, Plaintiffs' argument that they must now have all documents before they will submit the remaining named Plaintiffs for depositions is grossly unfair.  From the beginning of discovery in June 2006, Merrill Lynch proposed that document production

---

[3] Emails for only one Plaintiff (Glenn Capel) remain to be produced.  Mr. Capel's deposition has never been scheduled as Plaintiffs failed to provide a date for his deposition.  Mr. McReynolds' deposition has been held in abeyance pursuant to the parties' agreement, due to his poor health, but Merrill Lynch anticipates producing Mr. McReynolds' emails shortly.  If additional documents come to the attention of Merrill Lynch's counsel, this production will be supplemented.

precede depositions. *See* Letter from Laura Dray to Linda Friedman, dated June 14, 2006, annexed as Exhibit 4. Plaintiffs rejected that proposal. They insisted on starting depositions within weeks of the start of document production. In fact, they insisted on taking the deposition of Merrill Lynch's Chief Executive Officer before any other senior management depositions. Counsel for Merrill Lynch repeatedly cautioned counsel for Plaintiffs about the risks of proceeding with depositions while document production was incomplete and before the parties had completed the meet and confer process about the appropriate scope of discovery. Knowing these risks and having experienced the actual vagaries of the production process in this large complex litigation, Plaintiffs chose to conduct depositions as document production was ongoing.[4] They cannot now halt discovery, fewer than eight weeks before the discovery deadline, because they have now determined that they are suddenly prejudiced by both the deposition schedule they set and by the enormously broad scope of their document requests.

6. Indeed, it was Plaintiffs' choice to propound more than 200 document requests. They should not be surprised that many documents are responsive to these requests. In such a large production as this one, where Merrill Lynch has produced more than 1.5 million pages (and reviewed millions more), not surprisingly technical glitches in connection with the production of electronic documents have occurred, which Merrill Lynch has promptly remedied.

---

[4] While Merrill Lynch has encountered some technical issues regarding the production of electronic documents, Plaintiffs' account of Merrill Lynch's document production is completely misleading. For example, Plaintiffs agreed that all depositions would proceed while document production was ongoing. Merrill Lynch agreed to make its best efforts to produce emails and documents from the electronic and hard copy files of senior managers deposed in their individual capacity. In several instances, emails were located after depositions, and Plaintiffs were immediately informed of the situation. These emails were subsequently reviewed and produced. Moreover, at page 3 of their Motion, Plaintiffs suggest that Merrill Lynch improperly produced emails for Phil Sieg after his 30(b)(6) deposition. Merrill Lynch's agreement to produce Mr. Sieg's emails was in connection with plaintiffs' notice for his personal deposition, which has yet to be taken by plaintiffs, and it is not clear whether they intend to take this deposition. Similarly, Mr. Hogarty's deposition was in his 30(b)(6) capacity.

7.      In sum, Plaintiffs' request that discovery be completed before Plaintiffs' depositions disregards the history of communications between the parties on the order of discovery proceedings since discovery started in June 2006. It disregards the enormous burden of production that Plaintiffs have created by propounding overly broad requests. It disregards document requests that Plaintiffs just served one month ago. And it attempts to drag the parties back in time when the end of discovery is fast approaching.

8.      Plaintiffs' Motion further seeks a date certain for the completion of discovery. Merrill Lynch has no interest in recounting to this Court the long and difficult road in Merrill Lynch's efforts to resolve outstanding discovery issues with Plaintiffs, although it stands ready to do so. That is not necessary as discovery draws to a close. However, to generally apprise the Court, at the outset of discovery, Plaintiffs refused to meet and confer about the scope of their discovery requests for months. *See* Letter from Lori Lightfoot to Linda Friedman, dated August 10, 2006, annexed as Exhibit 5. Indeed, as far back as August 2006, Merrill Lynch requested that Plaintiffs agree to a Case Management Order that would ensure an orderly process for discovery and that discovery would be completed by the Court's deadline. *See id; see also Exhibit 6.* Plaintiff unequivocally refused to even discuss Merrill Lynch's proposal.

9.      Merrill Lynch believes it is possible to complete document production with respect to requests for which the parties have reached a resolution by June 13, 2007. Plaintiffs complain about the volume of discovery produced in this matter. Notably, the few remaining issues relate to the scope of document production. Merrill Lynch seeks to limit the scope of production, and Plaintiffs seek a broader scope that will yield an even greater number of documents. For example, after initially identifying more than 200 custodians for whom they sought discovery, after several meet and confer sessions over the course of more than four

6

months, Plaintiffs still ask that Merrill Lynch collect, review and produce emails from approximately 40 custodians. Given the scope of prior email and electronic document productions, such a review poses a tremendous and costly undertaking, particularly since discovery is limited to class certification issues. Likewise, Merrill Lynch seeks to limit the number of remaining custodians from whom Merrill Lynch will gather and produce electronic documents from servers and/or hard drives. Finally, Merrill Lynch is in the process of gathering and producing thousands of boxes of personnel files and other documents responsive to Plaintiffs' document requests from a sampling of approximately 30 branch offices. Since June 2006, Merrill Lynch had attempted to engage the Plaintiffs in a discussion to reach a reasonable and agreed process for the scope of branch office collections. See, Exhibits 4 and 5. After initially refusing to even address this substantial issue, Plaintiffs took the position during the parties' recent meet and confer that they were not interested in the production of documents from any branch offices, but if Merrill Lynch selected branch offices for the production of documents, then it must collect documents responsive to Plaintiffs' requests from all 611 branch offices. This all or nothing position is simply untenable. Merrill Lynch welcomes the Court's assistance in breaking the impasse with Plaintiffs on these limited discovery issues and is prepared to meet with the Court and counsel for Plaintiffs after the hearing on Plaintiffs' Motion in order to facilitate a final resolution of these issues.

      10.    As set forth herein, when one cuts through the underbrush of Plaintiffs' motion, the issues on which Plaintiffs actually seek relief are quite limited. Merrill Lynch respectfully urges the Court to reject Plaintiffs' claim that they are entitled to the work product of Merrill Lynch's counsel and to prevent Plaintiffs from circumventing Judge Gettleman's June 13, 2007 discovery deadline. In addition, as set forth herein, Merrill Lynch urges this Court to

convene a session with the parties to resolve the remaining discovery disputes to enable the final eight weeks of discovery to proceed in an orderly fashion.

## **CONCLUSION**

The parties are approaching the end of class certification discovery. Although the road has been difficult, there are a few remaining issues in dispute regarding the scope of document production. Merrill Lynch respectfully requests that this Court deny Plaintiffs Motion and grant Merrill Lynch's Motion to Compel the depositions of named Plaintiffs. Merrill Lynch further respectfully seeks the Court's assistance in resolving the remaining outstanding document discovery issues.

Respectfully Submitted,

/s Lori E. Lightfoot
Mayer Brown Rowe & Maw
71 S. Wacker
Chicago, Illinois 60606
(312) 782-0600

Jeffrey S. Klein
Nicholas Pappas
Salvatore Romanello
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

Counsel for Merrill Lynch