IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE McREYNOLDS, et al., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 05 C 6583 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| MERRILL LYNCH, PIERCE, FENNER ) | |
| & SMITH INCORPORATED, ) | |
| ) | Magistrate Judge Morton Denlow |
| Defendant. ) | |

## MOTION TO LIMIT CERTAIN EVIDENCE AND FOR SANCTIONS

## FOR VIOLATING DISCOVERY ORDER

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), by and through its undersigned attorneys and pursuant to Fed. R. Civ. P. 37(b)(2), hereby respectfully moves the Court to limit certain evidence and information and for sanctions for the Plaintiffs' violation of the Court's April 16, 2007 discovery order. The Court's order granted Merrill Lynch's motion to compel Plaintiffs to verify their responses to Merrill Lynch's Third Set of Interrogatories (the "Order"). Plaintiffs have failed to comply with the Order and, therefore, Merrill Lynch respectfully requests that the Court enter an order (1) prohibiting Plaintiffs from introducing evidence related to the information sought through the Third Set of Interrogatories; and (2) ordering Plaintiffs to pay Merrill Lynch's reasonable fees and expenses in bringing this Motion. In support of its Motion, Merrill Lynch states:

1. On April 12, 2007, after making numerous unsuccessful attempts to resolve Plaintiffs' failure to verify their responses to Merrill Lynch's Third Set of Interrogatories without

Court intervention, Merrill Lynch filed a motion asking the Court to compel Plaintiffs to verify their responses.

2. By Order dated April 16, 2007, the Court granted Merrill Lynch's motion to compel (hereinafter "the Order"). The Order stated in relevant part: "Defendant's motion to compel Plaintiffs to verify responses to Defendant's third set of interrogatories [92] is granted. Verification is to be provided for each class representative within 7 days prior to each of their depositions. Plaintiff is to advise Defendant within 7 days as to when the verification of the 6 whose depositions have taken place will be provided." 04/16/2007 Order, attached hereto as Exhibit A.

3. With respect to the verifications, the Court expressly instructed Plaintiffs' counsel that "it will facilitate the deposition process if these deponents, by means of the interrogatory answers, indicate where it is [in the responses] that they are supplying information." 4/16/2007 Tr. at 12-13, attached hereto as Exhibit B. Accordingly, the Court instructed Plaintiffs to submit verifications which identified "any specific references for which they do have personal knowledge. . ." id. at 15, and as to the areas for which they did not have personal knowledge, stating "with respect to the following paragraphs I have provided information . . . which has been used [in responding to the verifications]." *Id.* at 17. Throughout the entire colloquy with counsel for both Parties, this Court was clear that it expected verifications from the Plaintiffs which identified by paragraphs and/or topic areas what information was known based on personal knowledge, information and belief or through the efforts of class counsel. *Id.* at 11, 12, 13, 15, 17.

4. On April 19, 2007, Plaintiffs' counsel emailed Merrill Lynch's counsel with a suggested verification for Plaintiff Frankie Ross[1], attached hereto as <u>Exhibit C</u>, stating:

> Plaintiffs [sic] states that to the best of his knowledge, recollection and belief that the statements in the Responses to Interrogatories which expressly reference him by name are true and correct. Plaintiff also states that as a long term employee of Merrill Lynch he is generally familiar with all the policies and procedures referenced in the Response to Interrogatories with the exception of those applicable to the PDP or POA program and states that the information set forth is true and correct to the best of his knowledge, recollection and belief. With respect to the remainder of the class allegations and the conclusions drawn from the policies and procedures, Plaintiffs states that he did not participate in the investigation by Class Counsel of the class claims and is without knowledge as to the statements in the Response to Interrogatories regarding the claims of others or the class conclusions drawn from the policies and procedures. Plaintiffs does state that to the extent he understands the class conclusions regarding FAs, that those conclusions are consistent with his personal experiences.

5. Plaintiffs' proposed verification for Mr. Ross is insufficient for several reasons. The primary deficiency is that, contrary to this Court's order, Plaintiffs failed to specifically identify by paragraph or topic area what information is known on personal belief, what is known on information and belief, and what is based on information from counsel. The verification as written inhibits Merrill Lynch's ability to understand which specific paragraphs in the Interrogatory Responses are based on the particular type of knowledge. As written, the verification in effect shifts the burden to Merrill Lynch to decipher the 60 plus page narrative response -- much of which is not linked to a particular named Plaintiff -- in a vain attempt to attribute particular allegations to particular Plaintiffs. The complete ambiguity and vagueness of the verification renders it a nullity and is contrary to this Court's directive: "But the bottom line is, you're going to have to provide a verification and you're going to have to provide a

---

[1] Ross' deposition was initially scheduled for April 25, 2007, seven days after the date that Plaintiffs' counsel provided the draft verification.

3

framework for them to understand what the individuals are bringing to the table and what they are not bringing to the table, and the sooner you do that, the better." *Id.* at 22. Also, the proposed verification also fails to provide that it is given "under penalty of perjury" as required by statute.

6. Merrill Lynch's counsel notified Plaintiffs' counsel of these deficiencies by email on April 25, 2007, *see* Ex. C, and have raised this issue multiple times during telephone conversations with Plaintiffs' counsel since and as recently as Friday, May 11, 2007. To date, Plaintiffs have yet to provide a corrected verification that comports with the Order. Resolution of this issue is urgent as Plaintiffs' depositions are set to resume on Thursday, May 17, 2007.

7. Given Plaintiffs' abject failure to abide by the Court's Order, Merrill Lynch respectfully moves the Court to enter an order "prohibiting that [disobedient] party from introducing designated matters into evidence," as permitted by Fed. R. Civ. P. 37(b)(2)(B). In particular, Plaintiffs should be prohibited from entering into evidence and proof any information sought by the interrogatories given Plaintiffs' de facto refusal to provide verifications as ordered by this Court. *See* Pls.' Reps. and Objections to Defs.' Third Set of Interrogs., attached hereto as Exhibit D. These matters include evidence regarding, among other things: (1) the facts and circumstances on which any of Plaintiffs' claims are based (*see* Int. No. 1); (2) facts regarding the nature of, approximate date and location of, and identity of any person(s) who has engaged in abusive and harassing treatment of African-Americans at Merrill Lynch (*see* Int. No. 3); and (3) facts regarding alleged retaliatory actions taken by Merrill Lynch against any African-American person who has complained of racial discrimination (*see* Int. No. 5).

8. Further, Merrill Lynch requests that the Court require Plaintiffs to submit verifications for each witness who has been deposed identifying by paragraph number, upon

penalty of perjury, (1) that information which is true and correct upon personal knowledge; (2) that information which, upon information and belief, is true and correct; and (3) that information which has been supplied by counsel.

9. Finally, Merrill Lynch requests that the Court order Plaintiffs and/or Plaintiffs' counsel to pay Merrill Lynch's reasonable costs and expenses incurred in bringing this Motion, as required by Fed. R. Civ. P. 37(b)(2) ("In lieu of any of the foregoing orders *or in addition to*, the court *shall* require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure. . . ." (emphasis added)).

10. "Sanctions are proper upon a finding of willfulness, bad faith, *or* fault on the part of the noncomplying litigant." *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 671 (7th Cir. 1996) (emphasis added). Fault alone is sufficient to impose sanctions, "[b]ad faith . . . is not required." *Id.* "Fault" includes engaging in "non-responsive conduct," as Plaintiffs have here. *Id.* Further, in imposing sanctions under Rule 37, the Court should select a "just" sanction, but need not select the "least drastic" or "most reasonable one." *Id.* at 672 (internal quotations omitted).

WHEREFORE, Merrill Lynch respectfully moves this Honorable Court to grant its Motion and enter an Order (1) prohibiting Plaintiffs from introducing evidence related to the information sought through the Third Set of Interrogatories; and (2) ordering Plaintiffs to pay

Merrill Lynch's reasonable fees and expenses incurred in bringing this Motion.

                                                        Respectfully Submitted,

Dated: May 14, 2007                    /s Lori E. Lightfoot
                                                        Lori E. Lightfoot
                                                        Therese King
                                                        Mayer Brown Rowe & Maw
                                                        71 S. Wacker
                                                        Chicago, Illinois 60606
                                                        (312) 782-0600

                                                        Jeffrey S. Klein
                                                        Nicholas Pappas
                                                        Salvatore Romanello
                                                        Weil Gotshal & Manges LLP
                                                        767 Fifth Avenue
                                                        New York, New York 10153
                                                        (212) 310-8000

                                                        Counsel for Merrill Lynch