IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------x
GEORGE MCREYNOLDS, MAROC :
HOWARD, LARUE GIBSON, JENNIFER :
MADRID, FRANKIE ROSS, MARVA YORK :
LESLIE BROWNE, HENRY WILSON, :
LEROY BROWN, GLENN CAPEL, :
CHRISTINA COLEMAN, J. YVES LABORDE, :
MARSHELL MILLER, CARNELL MOORE, :
MARK JOHNSON, CATHY BENDER- : Case No. 05C6583
JACKSON, and STEPHEN SMARTT, :
Individually on behalf of themselves :
and all others similarly situated, : Hon. Robert W. Gettleman
 : Magistrate Judge Denlow
                Plaintiffs, :
 :
- against - :
 :
 :
MERRILL LYNCH, PIERCE, FENNER :
& SMITH, INCORPORATED, :
 :
                Defendant. :
------------------------------------------------------------x

**MOTION OF DEFENDANT TO COMPEL DISCOVERY RESPONSE**

Pursuant to Federal Rules of Civil Procedure 26 and 37 and Local Rule 37.2, Defendant Merrill Lynch, Pierce, Fenner & Smith, Incorporated ("Merrill Lynch") moves to compel Plaintiffs to provide sufficient responses to Interrogatories Nos. 2, 5 and 8 of Defendant's Third Set of Interrogatories to Plaintiffs.[1] In support of this Motion, Merrill Lynch respectfully states:

---

[1] Merrill Lynch reserves the right to pursue a motion to compel as to other interrogatories in Defendant's Third Set of Interrogatories at a later date, if necessary.

## MEET-AND-CONFER CERTIFICATION

Pursuant to Local Rule 37.2, prior to filing this motion to compel, counsel for Merrill Lynch conferred with Plaintiffs' counsel concerning the interrogatory answers discussed herein in good faith attempts to resolve this dispute, but the parties were unable to reach an accord. A record of the good faith meet and confers is set forth below.

## FACTUAL SUMMARY

1. On November 14, 2006, Merrill Lynch served Plaintiffs with Defendant's Third Set of Interrogatories to Plaintiffs (the "Interrogatories"), a copy of which is attached as Exhibit A.

2. On February 12, 2007, Plaintiffs served their Responses and Objections to the Interrogatories ("Response").

*Interrogatory No. 2*

3. Interrogatory No. 2 states:

> Identify each person who has made an employment decision, based in whole or in part upon the race of any current or former employee of Merrill Lynch, as alleged in paragraph 7(g) of Your Complaint, and as to each such person briefly summarize the nature, approximate date and location of the employment decision.

4. In response to Interrogatory No. 2, plaintiffs respond merely by providing a 25-page general description of the "types of employment decisions Plaintiffs challenge" (in what appears to be simply a recitation of the allegations in their Complaint). (Response at 5-30). A copy of the response to Interrogatory No. 2 is attached as Exhibit B. Plaintiffs conclude their response by listing, for each named plaintiff, the managers who purportedly implemented Merrill Lynch's alleged "policies, practices, patterns or

culture." (*Id*. at 31-35). Assuming this list of managers is intended by Plaintiffs to be the list of persons who purportedly made employment decisions based on race, Plaintiffs have completely failed to provide the most crucial information sought by this interrogatory – *i.e.*, as to each plaintiff, what was the nature of the alleged discriminatory decision made by each manager and when was that decision made?

*Interrogatory No. 5*

5. Interrogatory No. 5 states:

> Identify each African-American person who has complained of racial discrimination and been subjected to retaliation, as alleged in paragraph 6 of Your Complaint, and as to each such person briefly summarize the nature, approximate date and location of the alleged retaliatory action, and identify each person who allegedly participated in the retaliatory action.

6. Plaintiffs objected to Interrogatory No. 5 on grounds that it was "overly broad, unduly burdensome and beyond the proper scope of discovery." A copy of Plaintiffs response to Interrogatory No. 5 is attached as Exhibit C. Plaintiffs then identified twelve named Plaintiffs who allegedly "complained of their treatment or sought to exercise their legal rights and were then subjected to retaliation." (Response at 41). Again, Plaintiffs failed to provide the most crucial information sought by the interrogatory – specifically, they failed to describe the nature of the retaliatory action allegedly taken against each of the twelve Plaintiffs, who took that action, and when the action was taken.

*Interrogatory No. 8*

7. Interrogatory No. 8 states:

> Identify each African-American person who has been defamed by Merrill Lynch to his or her clients and/or on his or her Uniform Termination Notice For Securities Industry Registration Form U-5s, as alleged in paragraph 7(x) of Your Complaint, and as to each such person briefly summarize the nature, approximate date and location of the alleged defamation.

8. Plaintiffs responded to Interrogatory No. 8 by stating that "Defendant's testimony in the NASD arbitration Gould et al. v. Merrill Lynch confirmed that Merrill Lynch applies different compliance standards to its higher producing Financial Advisors, in particular to white men. … Merrill Lynch's account review practices, and its subjective and discretionary application, reflect the deference extended to top producers, as does the testimony and arguments in the Gould arbitration." A copy of Plaintiffs response to Interrogatory No. 8 is attached hereto as Exhibit D. Plaintiffs did not identify any of the specific testimony from the Gould arbitration to which they were referring. (Response at 44).

*Meet-and-Confer History*

9. On March 1, 2007, counsel for Defendant advised Plaintiffs' counsel of certain deficiencies in Plaintiffs' Responses to Interrogatories Nos. 2 and 5, and requested a meet and confer to discuss those deficiencies. On March 13, 2007, the parties met to discuss these Interrogatory responses. Thereafter, the parties exchanged written correspondence stating their respective positions – with Plaintiffs' counsel explaining that Interrogatory No. 2 did not require further supplementation, and also advising that Plaintiffs would consider supplementing their response to Interrogatory No. 5.

10. On May 2, 2007, Defendant's counsel wrote to counsel for Plaintiff to once again inquire as to whether Plaintiffs would reconsider supplementing Interrogatory No. 2, and also inquiring as to whether Plaintiffs would, in fact, supplement Interrogatory No. 5. See Exhibit E. Defendant's counsel also asked whether Plaintiffs would agree to supplement their response to Interrogatory No. 8 by identifying the testimony from the NASD arbitration *Gould v. Merrill Lynch*, to which Plaintiffs refer in their Response.

11. On May 11, 2007, the parties had a meet and confer and discussed a possible resolution with respect to Interrogatories Nos. 5 and 8.

12. On May 14, 2007, Merrill Lynch wrote to Plaintiffs, setting forth what it believed to be an agreement regarding issues related to Interrogatories Nos. 5 and 8 and requesting Plaintiffs final position with respect to Interrogatory No. 2. See Exhibit F. The parties participated in a meet and confer that afternoon, and Plaintiffs requested additional time to reflect upon whether they would supplement Interrogatory No. 2. On May 15, the parties discussed Plaintiffs supplementation of Interrogatory No. 2, and appeared to reach resolution on such supplementation.

13. By e-mail dated May 17, 2007, Merrill Lynch reiterated its understanding that Interrogatory No. 5 would be supplemented by May 18, and requested that Plaintiffs supplement Interrogatory No. 2 by May 22, 2007. See Exhibit G. Plaintiffs did not respond to this email.

14. On May 22, 2007 Merrill Lynch again asked Plaintiffs for a date by which Plaintiffs would supplement Interrogatories Nos. 2 and 5. See Exhibit H. Merrill Lynch received no response to this email. On May 24, 2007 Merrill Lynch asked Plaintiffs' counsel when it could expect supplementation, and was told that Plaintiffs could provide

a response on a rolling basis. This response is not satisfactory for a number of reasons. First, Merrill Lynch is hard-pressed to understand how such a piecemeal approach would even work. Second, discovery is now scheduled to end on June 13, 2007. Merrill Lynch must have a date certain by which Plaintiffs will supplement all interrogatories – well in advance of the close of fact discovery – so that Merrill Lynch can move for further supplementation if necessary.

15. At this juncture, Merrill Lynch believes that it has exhausted the meet and confer process, and that it is entitled to a Court order requiring Plaintiffs to supplement their responses to Interrogatories Nos. 2, 5 and 8 by a date certain.

## ARGUMENT

16. In order to defend against Plaintiffs' challenges to Merrill Lynch's policies and practices that allegedly discriminate on the basis of race, Defendant is entitled to the information requested in Interrogatories Nos. 2, 5 and 8. Obtaining this information is crucial for Merrill Lynch to challenge the prerequisites for class certification, such as typicality, commonality and predominance.

*Interrogatory No. 2*

17. By propounding Interrogatory No. 2, Merrill Lynch sought to determine – not only the identity of those individuals who Plaintiffs claim made discriminatory employment decisions – but also a summary by each Plaintiff of the "nature, approximate date and location of the employment decision." Plaintiffs provided a partial response to this interrogatory by identifying a list of managers who purportedly implemented Merrill Lynch's "policies, practices, patterns or culture." However, this answer is incomplete because none of the Plaintiffs describe the *nature* of any specific employment decision

made by a manager as to them, nor do Plaintiffs state when or where such employment decisions occurred. Plaintiffs' general description of the "types of employment decisions" challenged in this lawsuit is *not* responsive to Interrogatory No. 2.

18. For instance, Plaintiffs state that they are challenging "Merrill Lynch's historic and ongoing failure to engage in race neutral practices with regard to hiring." (Response at 6). Yet none of the Plaintiffs describe the nature of the hiring decision made by a manager as to him or her. Since all of the Plaintiffs were, in fact, hired by Merrill Lynch, it is unlikely that Plaintiffs are claiming that any of the managers identified failed to hire him or her based on their race. To the extent Plaintiffs are claiming that any manager made a discriminatory hiring decision, Defendants are entitled to know which managers took race into account when making an alleged discriminatory hiring decision, as well as the nature and timing of the decision. None of this information can be gleaned from Plaintiffs' current incomplete response.

19. As another example, Plaintiffs state that they are challenging Merrill Lynch's National Account Distribution Policy as discriminatory. (Response at 24-27). Nowhere in their Response do any of the Plaintiffs identify which managers purportedly made a race-based decision as to him or her when applying the Account Distribution Policy. For instance, Plaintiffs should be required, at a minimum, to set forth basic information such as: 1) Who was the manager who made the allegedly discriminatory account distribution decision? 2) When did the account distribution occur? 3) Whose accounts were being distributed? 4) How was the Plaintiff discriminated against? Again, none of this information can be gleaned from Plaintiff's current response.

*Interrogatory No. 5*

20.     With regard to Interrogatory No. 5, Plaintiffs' stated objections that the Interrogatory is unduly burdensome and beyond the proper scope of discovery have no merit. The Interrogatory asks Plaintiffs to identify those individuals who have been retaliated against, and to briefly describe the nature of the alleged retaliation (including when it took place and who participated). Plaintiffs have already identified twelve individuals (all of them named Plaintiffs) who were allegedly subjected to retaliation. All that remains for Plaintiffs to do is describe how this retaliation allegedly occurred. By failing to provide even the most basic description of an adverse employment action purportedly taken by Merrill Lynch in retaliation for complaining about alleged discrimination, Plaintiffs completely "hide the ball" on their retaliation claims.[2] It would neither be burdensome nor beyond the proper scope of discovery to require Plaintiffs to supplement Interrogatory No. 5 in the manner requested.

*Interrogatory No. 8*

21.     Finally, with regard to Interrogatory No. 8, Plaintiffs have failed to identify *any* African-American persons who were purportedly defamed by Merrill Lynch, as requested in the Interrogatory. Instead, Plaintiffs opted to generally reference testimony in the NASD arbitration *Gould v. Merrill Lynch* in support of the proposition that Merrill Lynch purportedly applies different compliance standards to African-American FAs than it does to White FAs. However, the record from the *Gould*

---

[2] A retaliation claim, by definition, implies that some "adverse employment action" was taken against a plaintiff as a result of the plaintiff engaging in statutorily protected activity. *See, e.g.*, *Marchioni v. Bd. of Educ. of the City of Chicago*, 314 F. Supp. 2d 1036, 1041 (N.D. Ill. 2004) (Gettleman, J.).

arbitration is extremely voluminous – comprising nearly 4,000 pages of transcripts from a dozen hearings held between February and November 2005. At a very minimum, Plaintiffs should be compelled to identify the specific *Gould* testimony – by hearing date and by page and line number – that they rely upon in response to Interrogatory No. 8.

## CONCLUSION

22. Because the information sought in Interrogatories Nos. 2, 5 and 8 is clearly relevant to the issue of whether Plaintiffs can establish the prerequisites for class certification, such as typicality, commonality and predominance, and because Plaintiffs' objections to these interrogatories are meritless, Merrill Lynch respectfully requests that the Court compel Plaintiffs to supplement their responses to Interrogatories Nos. 2, 5 and 8 of Defendant's Third Set of Interrogatories within 5 days of the Court issuing an order granting this motion.

Dated: May 31, 2007

By: /s/ Lori E. Lightfoot
MAYER, BROWN, ROWE & MAW LLP
Lori E. Lightfoot
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600 (Phone)
(312) 701-7711 (Facsimile)

--and--

WEIL, GOTSHAL & MANGES LLP
Jeffrey S. Klein
Nicholas J. Pappas
Salvatore A. Romanello
767 Fifth Avenue
New York, NY 10153
(212) 310-8000 (Phone)
(212) 310-8007 (Facsimile)

**Certificate of Service**

  The undersigned, an attorney, hereby certifies that on May 31, 2007 she caused a copy of the foregoing **Motion To Compel Discovery Response** to be served by ECF to each attorney having an email address on file with the Court and by messenger delivery to:

  Linda Friedman
  Stowell & Friedman
  321 S. Plymouth Court, 14th Floor
  Chicago, IL 60604

           _____/s/ Lori E. Lightfoot_____

           Lori E. Lightfoot