IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEGEORGE McREYNOLDS, et al. ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 05 C 6583 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| MERRILL LYNCH, ) | |
| ) | Magistrate Judge Denlow |
| Defendant. ) | |

## THE RESPONSE AND OPPOSITION OF MERRILL LYNCH
## TO PLAINTIFFS' MOTION TO EXTEND
## CLASS CERTIFICATION DISCOVERY

Merrill Lynch, through its counsel, writes in opposition to Plaintiffs' Motion to Extend Class Certification Discovery ( hereinafter "Plaintiffs' Motion") for an additional 90 days beyond June 13, 2007. The requested extension is unwarranted and could well lead to yet additional burdensome discovery that is not even remotely required by Plaintiffs to move for class certification. Plaintiffs already have received an unprecedented volume and scope of documents and testimony, including the depositions of Merrill Lunch's most senior management, starting with the Chief Executive Officer, seven 30(b)(6) depositions, 3.5 million pages of documents from 247 custodians in 41 different business groups, and 1.5 Terrabytes of data (or the equivalent of 73,000 boxes). While a short extension of 45 days is in order to finish up outstanding matters under the Magistrate's supervision, the open ended extension sought by Plaintiffs should be denied.

It bears emphasis at the outset that Plaintiffs' tale of foot dragging or obstructionist conduct by Merrill Lynch is not tethered to reality. As detailed below, mountains of documents have been produced and Plaintiffs have had merits-like discovery into virtually every practice and policy of Merrill Lynch's retail brokerage business. And most of the discovery issues raised by Plaintiffs here on the eve of the scheduled close of discovery have been ripe for resolution for months, but Plaintiffs did not seek any relief from Magistrate Judge Denlow. Magistrate Judge Denlow has supervised a tight process and has been actively involved in managing the discovery in this case. If there were any merit to Plaintiffs' complaints, and there is none, they should have taken them to the Magistrate months ago rather than bring them to this Court on the very eve of the discovery cut-off.[1] In short, Merrill Lynch does not oppose a short extension not to exceed 45 days, but that extension must be designed to address only the specific, discrete items that are already on the table and not to manufacture more discovery requests and yet more disputes and not to revisit old disputes which are no longer timely (and certainly not necessary for class certification). If the Court grants a brief extension, Plaintiffs should be referred to the Magistrate with respect to any disputes that are still timely and truly necessary for class certification. This litigation is only in the class certification discovery phase and Plaintiffs have had more than sufficient discovery to move for class certification.

**Merrill Lynch Has Produced an Unprecedented Volume of Documents and Data**

Merrill Lynch has gone above and beyond in complying with Plaintiffs' never ending and overly broad discovery requests. Despite Plaintiffs' assertion that it served discovery in this case

---

[1] Contrary to Plaintiff's revisionist history, it is Defendants who have repeatedly had to seek relief before the Magistrate in order to compel Plaintiff's to live up to their discovery obligations - - and we have won time and time again. If Plaintiffs have specific issues to raise concerning Merrill Lynch's discovery responses, they should have been brought to the Magistrate and not to this Court which does not have the background of the myriad disputes.

in January 2006, as this court is aware, class certification discovery did not begin in earnest until in or about June 2006.[2] The issues were quite broad as framed by the Complaint and subsequent discovery requests. In essence, Plaintiffs have alleged that Merrill Lynch engages in systemic discrimination against African-America Financial Advisors ("FAs") in every facet of the employment experience in Merrill Lynch's Global Private Client division (hereinafter "the GPC division").

Merrill Lynch categorically rejects those allegations. The Merrill Lynch FA position is unique in many respects. Each FA is in essence an entrepreneur who is paid based on his or her own ability to develop and service business. "Success" depends in large measure on the individual FA's ability to identify and cultivate high net worth individuals and then build a trust relationship such that a prospect becomes a valued client. The FA's compensation is tied entirely to a set of objective criteria (i.e., production) which are directly correlated to the productivity of those client relationships. These FAs work in 611 branch offices dispersed throughout all 50 states and the District of Columbia. The forces in Nashville, for example, which influence the success or failure of an FA in that market under a particular manager, are different in many ways from those confronting an FA who works and has a client base in New York City under an entirely different manager. While there are broad, national policies which govern the business of the GPC division, of course local branch managers have a certain amount of discretion to ensure that national policies meet the realities on the ground in the 611 different branch offices around the country. In sum, what makes one FA successful and another less so, depends in large measure on a bundle of factors which are largely beyond the control of Merrill Lynch: the individual FA's ability and skill at establishing relationships of trust with prospective

---

[2] The Plaintiffs' January 2006 discovery requests were served in violation of Rule 26 which requires an initial discovery conference prior to the service of discovery. That conference did not occur until in or about May 2006.

clients and national and local market conditions which significantly affect investor confidence. So, much of what this Court will be compelled to consider in determining whether a class can or should be certified pursuant to Rule 23 is the individualized circumstances of FAs and local office practices.

In response to the Plaintiffs' over 200 varied discovery requests and the Rule 23 considerations which govern this class certification phase of this litigation, Merrill Lynch has produced a virtual forest of information:

> **Hard-copy and Electronic Documents**: to date, the plaintiffs have received approximately 60 Gigabytes of hard-copy, electronically stored documents, as well as other media. This production to date constitutes approximately 3.5 million pages from 247 individual custodians and 41 different business groups. The sources of those documents have ranged from the Office of the General Counsel ("OCG") to various branch offices, as well as the office of the Chief Executive Officer and Chairman of Merrill Lynch.
>
> This aspect of the document production has included, but not been limited to, topics as varied as recruitment, hiring, FA compensation, training, teaming, promotions, Merrill Lynch's Management Assessment Center ("MAC"), retention, account distributions, diversity efforts, marketing and Merrill Lynch studies and analyses of those subjects. In addition, Merrill Lynch has provided the Plaintiffs with documents and other information specific and unique to the individual named Plaintiffs, such as personnel files and historical production statistics.

**Data**: Plaintiffs have sought and received more than 1.5 Terrabytes of data from Merrill Lynch. Those data requests have mirrored many of the categories of documents sought in the document requests. The result has been the production of the equivalent of 73,000 boxes of data.

**E-Mails**: Merrill Lynch has produced to the Plaintiffs e-mails covering multiple years for all deponents noticed in their individual capacity. These deponents consist of Merrill Lynch's senior managers, including Merrill Lynch's CEO and Chairman:

- E. Stanley O'Neal, CEO and Chairman of Merrill Lynch
- Robert McCann, Executive Vice President of Merrill Lynch, Vice-Chairman and President of GPC
- H. McIntyre Gardner, Senior Vice President, Head of the Americas Region and the Global Bank Group for GPC
- Daniel Sontag, Senior Vice President, Americas Sales Region
- Kim Pillar, Managing Director, COO, Chief Administrative Office
- Subha Barry, Managing Director, Multicultural Careers
- Jytoi Chopra, Managing Director, Bank Non-Mortgage Lending

(hereinafter collectively "the GPC Senior Management"). The cost and resources necessary to facilitate the retrieval, review and production of e-mail for the GPC Senior Management, as well as the 17 named Plaintiffs, has been borne solely by Merrill Lynch. In fact, the Plaintiffs have steadfastly refused to consider any cost-sharing of this enormous financial burden.

**Depositions**: In addition to the Rule 30(b)(1) depositions of the GPC Senior Management, Plaintiffs have sought and Merrill Lynch has produced Rule 30(b)(6) witnesses on 1) FA compensation; 2) promotion from FA to Associate Director or Resident Director; 3) FA training; 4) specific categories of HR data and reports; 5) POA

5

(Merrill Lynch's training program for new hires) compensation; 6) the account distribution policy; and 7) account splits, pooling and teaming.

The documents, data, and Merrill Lynch witnesses to which the Plaintiffs have had access in the course of this last year have been comprehensive and covered an extraordinarily broad plethora of issues. This massive discovery production has certainly far exceeded what could conceivably be necessary for class certification purposes. This production has been extremely burdensome to Merrill Lynch, far beyond the expected inconveniences that attend national class litigation, particularly preceding any decision on whether the case can proceed as a class action. Because of the Plaintiffs' insistence on deposing the entire senior level chain of command for the GPC division, the class certification discovery effort has necessitated the disruption of internal Merrill Lynch business leaders to sit for depositions and the culling of documents and data from live business databases and processes as well as archival records. Moreover, with very limited exceptions, Merrill Lynch alone has borne the expense of this multi-million dollar effort.

Certainly there is a need to resolve a few outstanding discovery issues and to complete the production of some documents. All of these matters can be accomplished in 45 days or less and the Magistrate can resolve any live disputes. Given the massive discovery effort by Merrill Lynch, there can be no credible claim that the Plaintiffs need additional, <u>new</u> discovery, including revisiting issues previously resolved or resurrecting issues long abandoned. Enough is enough.

**<u>The Plaintiffs' Strategic Decision-Making Has Created The Need for More Time</u>**

While in their Motion the Plaintiffs have attempted to portray themselves as diligent stewards in the prosecution of this litigation and by contrast that Merrill Lynch's conduct has been obstructionist at best, the documented, contemporaneous records tells a different story.

Plaintiffs' "style" has been to (1) propound overly broad and vague discovery requests; (2) refuse outright to engage in meaningful, good faith meet and confers as required; and/or (3) to delay or ignore Merrill Lynch's efforts to bring closure to issues without resort to Court. See, Merrill Lynch Motion For a Protective Order, attached hereto as Exhibit 1, and Merrill Lynch's Response to Plaintiffs' Motion for Protective Order and Extension of Time to Respond to Discovery, attached hereto as Exhibit 2. Merrill Lynch stands ready to provide this Court with additional, specific examples of Plaintiffs' practices if such illustration is desired. It is certainly ironic that having served extremely broad discovery requests followed by consistent, documented recalcitrance in narrowing the scope of those requests, that the Plaintiffs now complain about the volume of documents and data they are receiving. Merrill Lynch should not be faulted or prejudiced for seeking to comply with the Plaintiffs' own discovery requests.

It is also important to note, that if Merrill Lynch had been dilatory in the manner described in Plaintiffs' Motion, then the record before the Magistrate would be different, i.e. Merrill Lynch would have been the subject of countless motions. Instead, the number of motions actually filed have been few and Merrill Lynch has initiated the vast majority of them.

While no discovery process is perfect and the process in this case has had bumps in the road, Plaintiffs have had ample opportunity over the course of this year to "attain, complete, and follow-up on certain discovery. . ." already. Mot. at 1-2. This Court should not be burdened by, nor should Merrill Lynch be compelled to unilaterally bear the costs and the brunt of Plaintiffs' seemingly strategic and repeated choices to seek discovery that on its face goes way beyond the scope of class certification, ignore or delay decision-making on key aspects of this case over the course of time and then decide on the eve of discovery's closure to seek three more months to

7

presumably conduct additional, <u>new</u> discovery without limitation or attempt to resurrect old issues which they chose to put to the side for months.

It is simply wrong for Plaintiffs to burden this Court with an omnibus, contested motion concerning discovery issues that had been by this Court's order and direction the sole province of Magistrate Judge Denlow. Many of the issues which Plaintiffs have identified as the bases for their motion have been ripe for resolution by the parties or Magistrate Judge Denlow for some time as the contemporaneous record makes plain. Why only now, on the eve of the closure of class certification discovery have the Plaintiffs chosen to raise these issues with <u>this</u> Court?

**A Fair Resolution**

Against this backdrop, Merrill Lynch seeks this Court's assistance in drawing class certification to a certain and final close. Merrill Lynch respectfully urges this Court to adopt the following schedule for a brief and final extension of class certification discovery in this matter:

**Length of the Extension**: 45 days past June 13, 2007, or through and including August 3, 2007. The 45 days is based upon an estimate of the maximum amount of time that will be necessary to complete production of documents as defined below, finish the small number of previously noticed depositions and allow for time to bring issues to the Magistrate Judge that the Parties are unable to resolve themselves.

**Scope of Discovery**: During the course of the extension period, neither Party may issue any new discovery requests to each other or third Parties or seek additional depositions beyond those identified below. In addition, discovery shall be limited to the following

specified areas:

- **Depositions:**
    - 30(b)(6) on Data: to be conducted no later than June 22, 2007 in New York City with the scope to be agreed upon by the Parties.
    - George McReynolds: no later than Friday, June 15, 2007, Plaintiffs will provide Merrill Lynch with dates for the deposition. The deposition will be taken in Nashville over the course of two consecutive days with the time for each day not to exceed five (5) hours inclusive of breaks. Based on information provided by the Plaintiffs, due to a very serious illness, Mr. McReynolds has been unable to participate in this case since late 2006. By agreement, the Parties had not included Mr. McReynolds in their discovery discussions. Recently, Plaintiffs' counsel notified Merrill Lynch that Mr. Reynolds is now able to sit for a deposition. It is on the basis of that representation that Merrill Lynch now seeks Mr. McReynolds' deposition and is willing to make appropriate accommodations to do so.
    - Yves LaBorde: to be conducted no later than Friday, June 22, 2007 in Chicago. Mr. LaBorde's previously scheduled deposition has been cancelled twice by the Plaintiffs due to exigent circumstances involving Mr. LaBorde and Plaintiffs' counsel.

- **Documents**:
    - Branch Office Discovery: production to be complete on or before June 22, 2007.
    - E-mails: Merrill Lynch will produce e-mails for Jeffrey Humber, Mary Allyn, Terry Kassel, Robert Mulholland, and James Gorman limited to the time period in which those individuals served in GPC or in HR during the time period January 1, 2001 forward, whichever is shorter (and for Mr. Humber, only to the extent the documents relate to the GPC division) and the Parties must agree on limited search terms as to each individual.
    - Third Request for Production: on or before June 22, 2007, the Plaintiffs must identify a final list of document categories which they seek pursuant to their Third Request for Production.

WHEREFORE, Merrill Lynch respectfully moves this Honorable Court to deny Plaintiffs' Motion to Extend Class Certification Discovery and instead order that class certification discovery will only be extended through and including Friday, August 3, 2007 and that discovery shall be limited as specified herein. A draft order is provided for the court's review and approval.

DATED: June 13, 2007

          Respectfully Submitted,

          /s Lori E. Lightfoot
          Mayer Brown Rowe & Maw
          71 S. Wacker
          Chicago, Illinois 60606

(312) 782-0600

Jeffrey S. Klein
Nicholas Pappas
Salvatore Romanello
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

Counsel for Merrill Lynch

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE McREYNOLDS, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 05 C 6583 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| MERRILL LYNCH, | ) | |
| | ) | Magistrate Judge Denlow |
| Defendant. | ) | |

**PROPOSED ORDER**

This matter coming on the Plaintiffs' Motion to Extend Discovery, due notice having been given and the Court being fully advised in the premises, it is hereby ordered:

1. Plaintiffs' Motion is denied in part and granted in part.

2. IT IS FURTHER ORDERED that class certification discovery shall be extended through and including August 3, 2007.

3. During the course of the extension period, neither Party may issue any new discovery requests to each other or third Parties or seek additional depositions beyond those identified below. In addition, discovery shall be limited to the following specified areas:

- **Depositions:**
    - <u>30(b)(6) on Data</u>: to be conducted no later than June 22, 2007 in New York City with the scope to be agreed upon by the Parties.
    - <u>George McReynolds</u>: no later than Friday, June 15, 2007, Plaintiffs will provide Merrill Lynch with dates for the deposition. The

   deposition will be taken in Nashville over the course of two consecutive days with the time for each day not to exceed five (5) hours inclusive of breaks.

   o <u>Yves LaBorde</u>: to be conducted no later than Friday, June 22, 2007 in Chicago.

- **<u>Documents</u>**:

   o <u>Branch Office Discovery</u>: production to be complete on or before June 22, 2007.

   o <u>E-mails</u>: Merrill Lynch shall produce e-mails for Jeffrey Humber, Mary Allyn, Terry Kassel, Robert Mulholland, and James Gorman limited to the time period in which those individuals served in GPC or in HR during the time period January 1, 2001 forward, whichever is shorter (and for Mr. Humber, only to the extent the documents relate to the GPC division) and the Parties must agree on limited search terms as to each individual.

   o <u>Third Request for Production</u>: on or before June 22, 2007, the Plaintiffs must identify a final list of document categories which they seek pursuant to their Third Request for Production.

SO ORDERED.

ENTERED:

_____

Hon. Robert W. Gettleman

DATED: June 14, 2007