## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE McREYNOLDS, et al.** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 05 C 6583** |
| **v.** | ) | |
| | ) | **Hon. Robert W. Gettleman** |
| **MERRILL LYNCH,** | ) | |
| | ) | **Magistrate Judge Denlow** |
| **Defendant.** | ) | |

## MERRILL LYNCH'S OPPOSITION TO PLAINTIFFS' MOTION TO ENTER AND CONTINUE PLAINTIFFS' MOTION TO EXTEND CLASS CERTIFICATION DISCOVERY

Merrill Lynch, through its counsel, writes in opposition to Plaintiffs' Motion to Enter and Continue Plaintiffs' Motion to Extend Class Certification Discovery. Whether or not the Parties can engage in a successful meet and confer process on the limited number of outstanding issues is irrelevant to the fundamental issue before this Court: should class certification discovery be extended and if so, for how long. Merrill Lynch urges this Court to deny Plaintiffs' Motion and instead set July 31, 2007 as the end of class certification discovery.

As this Court is aware, the Parties appeared before Judge Gettleman on June 14, 2007 for a status and for consideration of Plaintiffs' Motion to Extend Class Certification Discovery (hereinafter "Plaintiffs' Discovery Extension Motion") which Merrill Lynch opposed. While Judge Gettleman referred Plaintiffs' Discovery Extension Motion to this Court, Judge Gettleman ordered the Parties to appear for a status before him on July 31, 2007 and to be prepared to provide a briefing schedule for the class certification motions.

Given the July 31, 2007 date set by Judge Gettleman, the finite amount of time between now and then, coupled with the unprecedented volume and scope of discovery already produced to Plaintiffs to date, Merrill Lynch respectfully urges this Court to set a definitive end to class certification discovery now and not defer that decision, as Plaintiffs request, until on or about June 27, 2007 at the earliest. Class certification discovery has closed as of June 13, 2007. The issue of whether and for how long discovery should be extended is ripe now for resolution. Deferring that decision for 14 days or longer after the close of class certification discovery places the Parties and this litigation in an untenable state of limbo. Moreover, the question of the whether or not the Parties can meet and confer on outstanding discovery issues is irrelevant to the end date of discovery. Merrill Lynch respectfully urges this Court to set an end date for class certification discovery now so that the Parties can better structure any discussions about the outstanding discovery. The amount of time to complete discovery will drive the discussions about outstanding issues such as the scheduling of depositions, as well as the final scope of document production. Also, to the extent that there are issues about which the Parties reach an impasse, then those issues can be brought to this Court for assistance and guidance at any time during the remaining discovery period.

In addition, in requiring the Parties to appear before him on July 31, 2007 with a plan for class certification briefing, one can only presume that Judge Gettleman expected class certification discovery to be concluded on or about that date. To let the question linger for another two weeks without any resolution will make it difficult, if not impossible to meet the deadline set by Judge Gettleman. In sum, in order to better facilitate a narrowing and/or resolution of the outstanding issues, the Parties need a

certain and final end to class certification discovery set now so that they can govern themselves accordingly.

Finally, based on Merrill Lynch's recent exchanges with counsel for the Plaintiffs, the likelihood that the Parties will be able to resolve and/or narrow any outstanding discovery issues is currently remote. The present tone and content of Plaintiffs' discourse with counsel for Merrill Lynch will not lead to a productive dialogue.[1] Given this unfortunate reality, Plaintiffs' purported desire to delay this Court's resolution of Plaintiffs' Discovery Extension Motion on the premise that it will allow for fruitful dialogue is regretfully misplaced.

WHEREFORE, Merrill Lynch, through its counsel respectfully urges this Court to deny Plaintiffs' Motion to Enter and Continue Plaintiffs' Motion to Extend Class Certification Discovery and instead set July 31, 2007 as the close of class certification discovery.

DATED: June 15, 2007

Respectfully Submitted,

/s Lori E. Lightfoot
Mayer Brown Rowe & Maw
71 S. Wacker
Chicago, Illinois 60606
(312) 782-0600


Jeffrey S. Klein
Nicholas Pappas
Salvatore Romanello
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

---

[1] Merrill Lynch stands ready to provide the Court with specific examples to illustrate this point at the Court's request.

(212) 310-8000

Counsel for Merrill Lynch