IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MCREYNOLDS, et al., ) <br> on behalf of themselves and all others ) <br> similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MERRILL LYNCH, PIERCE, FENNER ) <br> & SMITH INCORPORATED, ) <br> ) <br> Defendant. ) | No. 05-C-6583 <br><br> Judge Robert W. Gettleman <br><br> Magistrate Judge Morton Denlow |

**SUPPLEMENTAL BRIEF OF OUTSTANDING DISCOVERY ISSUES IN SUPPORT OF THEIR MOTION TO EXTEND CLASS CERTIFICATION DISCOVERY**

Plaintiffs respectfully submit this Supplemental Brief of Outstanding Discovery Issues in Support of Their Motion to Extend Class Certification Discovery. At the Court's direction, Plaintiffs present this abbreviated summary of discovery issues to assist the Court in ruling on their Motion to Extend.[1] *See also* Ex. A, June 6 letter re: outstanding discovery issues, and Plaintiffs' Motion to Extend. At the Court's request, Plaintiffs will provide any additional factual or procedural context or information as to the scope or relevance of the discovery sought. The parties continue to confer regarding the issues set forth below. Plaintiffs hope to resolve the vast majority of these issues without further burdening the Court with extensive motions to compel.

Outstanding discovery to be completed and discovery issues to be resolved include the following:

---

[1] Plaintiffs understood the Court's instruction to provide a bullet-point list of outstanding discovery issues. Plaintiffs have attempted to follow that instruction as closely as possible while providing at least some of the necessary context.

1

**Branch Office Discovery**: Defendant intends to produce branch office discovery from 30 branch offices, in addition to the fifteen or so offices of the named plaintiffs, which likely will exceed two million pages of documents. Plaintiffs did not participate in selecting this sample from the nearly 600 branch offices. *See* Ex. A at 2. They asked Defendant to explain its methodology for selecting the 30 additional offices and to identify what information Defendant will produce from those offices. Defendant refused on the basis of attorney work product, but it seeks to reserve the right to disclose its methodology after class certification discovery closes. Plaintiffs seek to have this information disclosed prior to close of class certification discovery. Plaintiffs may be willing to forego additional branch office discovery if they can preserve the right to seek additional branch office discovery during the expert discovery phase, if necessary.

**E-Mail Discovery**: Plaintiffs have sought to enforce the parties' agreement that Defendant would produce e-mails from approximately 40 custodians who possessed relevant information. *See* Ex. A at 1. The parties have discussed a compromise whereby e-mails would be produced from only five former executives and heads of Human Resources. Plaintiffs hope the parties will be able to resolve this issue, but Defendant has indicated that production of these e-mails will take weeks, if not months.

**Categories Responsive to Plaintiffs' First and Second Requests for Production**: Pursuant to the parties' agreement, Plaintiffs identified key categories of documents for which complete production was needed, regardless of source. The parties have productively discussed the scope and status of production of these categories and have learned of misunderstandings and disagreements on a small number of categories. There are only a few discrete discovery issues that Plaintiffs may bring to the Court's attention, but both sides have agreed to follow up on

2

certain issues. Categories of documents that Defendant agreed to produce in the next month include:

- Affirmative Action Plans and Supporting Analyses
- Applicant documents and applicant flow data, to the extent they exist[2]
- Information regarding the distribution of equity offerings, including IPOs
- Information regarding the distribution of leads and referrals to brokers from investment banking and other Merrill Lynch departments
- Documents regarding governmental investigations or audits (e.g. OFCCP)
- Demographic data provided to industry associations and documents regarding participation in diversity activities in industry associations

**Defendant's Objections and Responses to Plaintiffs' Third Set of Class Requests for Production (Ex. B)**: Plaintiffs have explained the scope and relevance of each request in a series of discovery conferences. They have asked Defendant to identify what documents it will produce, as well as what nonprivileged documents it will withhold and on what grounds. In turn, Plaintiffs are reviewing their requests to determine which may be reserved until class merits discovery and whether any are duplicative of prior requests or production. Plaintiffs believe this discovery warrants further conferral by the parties in order to narrow the issues, but they provide the following examples of certain discovery sought:

- Personnel files of certain management and human resource personnel (Nos. 1, 9, 17)
- EEO complaints lodged by Human Resources officials and documents regarding their removal from HR positions (Nos. 7, 8, 10)
- Certain compensation data for managers reviewed under Defendant's "Diversity CFO" (Nos. 12, 13)
- Documents regarding African Americans who served on Defendant's Diversity Advisory Council to Management (No. 16)

---

[2] Defendant is unable to confirm whether it maintains any applicant flow data centrally or at the corporate level. Defendant has indicated that with regard to branch office discovery, it will produce this information in hard copy form. To the extent this information is maintained electronically, Plaintiffs may move the Court for electronic production of this data, consistent with the Federal Rules, so that they may analyze the data without need for hours of inputting from hard copies.

- Documents regarding corrective action taken by Defendant in response to complaints of race discrimination (No. 18)
- Information Defendant provided to industry association regarding its diversity and multicultural business efforts (Nos. 34-36)
- Compensation plans and workforce data regarding brokers in Defendant's Financial Advisory Center (Nos. 20-25) and demographic studies regarding the FAC
- Discovery regarding Defendant's defenses to class certification

**Defendant's Objections and Responses to Plaintiffs' First Set of Interrogatories**

**(Ex. C)**: Plaintiffs seek responses to their interrogatories, including those listed below:

- Description of data maintained by Defendant regarding its employees and the employment practices at issue in this case (No. 2)
- Description of data maintained by Defendant regarding applicants, including whether and what applicant flow data is maintained (No. 3)
- Description of demographic and other client data maintained by Defendant (Nos. 4, 5)
- Identification of final versions of policies in effect during relevant period (No. 6)
- Identification of documents reflecting the audits of account distributions (No. 7)
- Additional information regarding complaints of race discrimination (No. 8)
- Who provided what information for interrogatory responses (No. 10)
- Additional information regarding personnel involved in and use of ethnic and racial identification services (No. 14)

In addition, where Defendant's responses indicate it will supplement its response, Plaintiffs wish to enforce Defendant's agreement to specify in writing what information will be supplemented and when.

**Outstanding Data Issues**: A substantial amount of data has been produced, much of it recently, and additional data remains to be produced. Plaintiffs require an opportunity to work with this data and raise additional questions as necessary prior to the close of discovery. In addition, Defendant has recently produced new, unidentified data, which it intends to use, from a source not known or apparently disclosed to Plaintiffs. Plaintiffs have asked Defendant to identify the source and content of this data and explain what other data exists.

4

**Follow-Up Discovery**:   Plaintiffs need time to review Defendant's recent and upcoming production of over one million pages for completeness and content, to ask questions of Defendant as necessary, and to determine whether any follow-up discovery is necessary.

**Third Party Discovery**:   Plaintiffs served a third party subpoena on infoUSA, the entity retained by Merrill Lynch to analyze its customer data and identify the racial and ethnic identity of its clients, among other things. InfoUSA has not yet produced the information it represented it would produce. As a consequence, Plaintiffs may need to file a motion to compel in New Jersey.

Respectfully submitted,

STOWELL & FRIEDMAN, LTD.

By:
/s/ Mary Stowell

Electronically filed on June 21, 2007

Mary Stowell – Attorney No. 02750015
Linda D. Friedman – Attorney No. 06190092
Stowell & Friedman, Ltd.
321 Plymouth Court, Suite 1400
Chicago, IL 60604
(312) 431-0888

## CERTIFICATE OF SERVICE

      I, Mary Stowell, an attorney, hereby certify that on June 21, 2007, I caused a true and correct copy of *Plaintiffs' Supplemental Brief of Outstanding Discovery Issues in Support of Their Motion to Extend Class Certification Discovery* to be served via filing with the Court using ECF upon:

| | |
|---|---|
| Jeffrey S. Klein<br>Nicholas J. Pappas<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>phone: (212) 310-8790; fax: (212) 310-8007<br>jeffrey.klein@weil.com | Lori Lightfoot<br>Mayer Brown Rowe & Maw<br>71 S. Wacker Drive<br>Chicago, IL 60606<br>phone: (312) 782-0600; fax: (312) 701-7711<br>llightfoot@mayerbrownrowe.com |

                                            /s/ Mary Stowell

Mary Stowell – Attorney No. 02750015
Linda D. Friedman – Attorney No. 06190092
**STOWELL & FRIEDMAN, LTD**.
321 S. Plymouth Court
Suite 1400
Chicago, Illinois  60604
(312) 431-0888
mstowell@sfltd.com