IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MCREYNOLDS, )<br>on behalf of himself and all others )<br>similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MERRILL LYNCH & Co., Inc. )<br>)<br>Defendant. ) | Case No. 05 C 6583<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Morton Denlow |

**MOTION TO COMPEL**

Plaintiffs, by and through their attorneys, Stowell & Friedman, Ltd., on behalf of themselves and all others similarly situated hereby move to compel discovery as follows:

1. Plaintiffs and Defendant have completed the "meet and confer" process and disagree about the relevance of three categories of information: 1) gender of Merrill Lynch Financial Advisors; 2) personnel and wage information on Financial Advisors who are employed in the Firm's Financial Advisory Center ("FAC"); and 3) Racial Discrimination Complaints filed against Merrill Lynch managers who managed from 2001 to present. Plaintiffs assert that these materials are relevant to the class certification process.

*Gender*

2. Merrill Lynch was previously sued for gender discrimination in *Cremin v. Merrill Lynch*, No. 96 C 3773 (Castillo, J.), in which allegations of a pattern and practice of gender discrimination were sustained after a lengthy class wide statistical evidence hearing (*See* Exhibit A, *Cremin v. Merrill Lynch,* 328 F. Supp. 3d 865 (N.D. Ill. 2004)). The instant suit alleges that African-American Financial Advisors were treated unfavorably and discriminated against to the

advantage of white Financial Advisors. The instant suit also alleges that non-African-American males were treated most favorably at Merrill Lynch.

3. Plaintiffs seek to compare the wages of the advantaged group (white males) to African-Americans. Given that Merrill Lynch has been found liable to a class of women, it is appropriate to control for gender in the compensation studies to fully capture the preferential treatment. Plaintiffs seek to present in the class petition a comparison of African-Americans to the advantaged group, white males (Exhibit B, Second Amended Complaint, at ¶ 43). By not controlling for gender, Merrill Lynch lowers the median compensation of the favored group with the effects of its gender discrimination. Plaintiffs desire to study and control for this significant variable.

*FAC*

4. Plaintiffs also allege that Merrill Lynch does not employ tenured African-American Financial Advisors in twenty-eight states. (Ex. B at ¶¶ 9-10). Merrill Lynch's Financial Advisors earn on average hundreds of thousands of dollars per year in compensation. Merrill Lynch contends that the low representation is a product, at least in part, of the available applicant pool. Merrill Lynch has produced applicant flow spreadsheets to Plaintiffs. Upon information and belief, Merrill Lynch does employ higher numbers of African-American Financial Advisors in Merrill Lynch's Financial Advisor Center where Merrill Lynch steers households of under $100,000 to be served by Financial Advisors who are paid salaries that are generally equivalent to those paid to clerical employees. The African-American FAC Financial Advisors are putative class members, yet Merrill Lynch refuses to produce data on FAC Financial Advisors. This data is relevant both to the underutilization argument and the

compensation studies. Plaintiffs should not be barred from representing these individuals or from demonstrating that African-Americans are steered to lower paying positions.

*Racial Discrimination Complaints Against Current Managers*

5. Merrill Lynch has produced a spreadsheet to Plaintiffs which includes racial discrimination complaints filed during the years 2001 to present. Plaintiffs originally requested production of racial discrimination complaints dating back to 1997. Plaintiffs offered as a compromise that they would accept for any person who was a manager from 2001 to the present any complaints of racial discrimination dating back to 1997. For example, Plaintiffs are aware of a manager who allegedly referred to an African American with the "n" word in the late 1990s. After a complaint was made to the firm's "hotline," the manager was allegedly written up for this reference but remained a manager at Merrill Lynch through 2005. Under Merrill Lynch's approach, a "clean" file was produced for this manager. Plaintiffs believe that for all managers who have been written up for using racially derogatory names yet continued to manage during the years 2001 to the present complete files dating back to 1997 should be produced. This is particularly important because these managers also served as assessors at the firm's Management Assessment Center from 2001 to the present where new managers were screened and selected. Plaintiffs believe that the compromise that they proposed is reasonable and/or at a minimum, the file for this manager, whom Merrill Lynch knows about, should be produced *in toto*.

*WHEREFORE*, Plaintiffs, following complete discovery, have reviewed the many discovery requests served on Defendant and isolated three areas in dispute on which they move to compel. The parties have completed the "meet and confer" process and Plaintiffs seek a Court Order requiring production of: 1) gender data; 2) employee data on FAC; 3) racial discrimination complaints against managers who managed during the "class period."

Date: August 20, 2007

                                      Respectfully submitted,

                                      By:

                                            /s/ Linda D. Friedman

Mary Stowell
Linda D. Friedman
**STOWELL & FRIEDMAN**
321 S. Plymouth Court
Suite 1400
Chicago, Illinois 60604
(312) 431-0888

346485-1                                   4

## CERTIFICATE OF SERVICE

      I, Linda D. Friedman, an attorney, hereby certify that on August 20, 2007, I caused a true and correct copy of attached *Motion to Compel* to be served via ECF and facsimile on the following counsel of record:

| | |
|---|---|
| Jeffrey S. Klein | Lori Lightfoot |
| Nicholas J. Pappas | Mayer Brown Rowe & Maw |
| Salvatore Romanello | 71 S. Wacker Drive |
| Weil, Gotshal & Manges LLP | Chicago, IL 60606 |
| 767 Fifth Avenue | phone: (312) 782-0600 |
| New York, NY 10153 | fax: (312) 701-7711 |
| phone: (212) 310-8000 | llightfoot@mayerbrownrowe.com |
| fax: (212) 310-8007 | |
| jeffrey.klein@weil.com | |

      /s/ Linda D. Friedman

Mary Stowell - Attorney No. 02750015
Linda D. Friedman – Attorney No. 06190092
Suzanne E. Bish – Attorney No. 06242534
Stowell & Friedman, Ltd.
321 Plymouth Court, Suite 1400
Chicago, IL 60604
(312) 431-0888