**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE MCREYNOLDS, on behalf of himself and all others similarly situated, | ) | |
| Plaintiff, | ) | Case No. 05 C 6583 |
| v. | ) | Judge Robert W. Gettleman |
| MERRILL LYNCH & Co., INC. | ) | Magistrate Judge Morton Denlow |
| Defendant. | ) | |

**PLAINTIFFS' SUPPLEMENTAL FILING IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF YEAR 2000 DATA**

On September 6, 2007 the parties appeared before this Court, *inter alia*, on Plaintiffs' Motion to Compel Defendant's production of year 2000 data. *See* Ex. A, Plaintiffs' 8/27/07 Motion to Compel. Pursuant to the Court's direction, the parties met and conferred on their dispute that day and reported back to the Court that Defendant would respond to a detailed request for supplemental data by Plaintiffs. Such detailed request was subsequently made by Plaintiffs and rejected wholesale by Defendant. Plaintiffs request that this Court compel Defendant to produce the requested data for the year 2000.

**ARGUMENT**

Four days before the close of the second extension of discovery in this matter Defendant produced for the first time a selected subset of year 2000 data limited to those individuals who are in the previously-produced 2001-2006 data. Defendant's explanation for the late production was that it intended to use the data in support of a new defense theory on statutes of limitations under *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2162 (May 29, 2007).

The data discovery in this matter extends to more than 40 data disks, containing more than one terabyte of data covering years 2001-2006. Plaintiffs sought to identify certain additional data fields from the hundreds of categories of data produced from 2001-2006 to assist them in preparing for this proposed defense. To that end Plaintiffs spent a considerable amount of time reviewing the types and categories of 2001-2006 data produced and isolated their requests for additional year 2000 data to a very narrow subset of the various data tables produced to date. Plaintiffs identified these tables with specificity by file name, date of production and even by Defendant's CD/DVD disk number. The request amounted to 16 tables produced on 8 data disks. (Plaintiffs attach a listing of all data produced along with the highlighted fields that they request as Exhibit B hereto. They believe that the requests are reasonable in scope and that the effort they made to limit the data should be sufficient.) Plaintiffs further qualified their request to the production of supplemental information only, to the extent that certain data may already be contained in previously-produced sets.

Plaintiffs' requests were denied in their entirety by Defendant, save for identifying that three of the tables sought were already complete as to 2000 data, at least for individuals who remained employed into 2001. Plaintiffs made another attempt to meet and confer with Defendant on this issue on October 3, 2007 but were rebuffed in their request for the year 2000 data.

Plaintiffs are now put in a position where they are on notice of Defendant's intent to raise a statute of limitations defense using a discrete set of 2000 data unilaterally selected by Defendant but are hampered in their efforts to prepare adequately for such defense. The difficulty with this situation is that Defendant has only suggested a *Ledbetter* defense. It has not explained the basis of the defense. Plaintiffs also do not know how Defendant intends to argue

compensation disparities should be measured. For example, one could argue that a simple analysis of length of service and race is appropriate given that Merrill Lynch's compensation plan relies only on these factors. However, it would not be difficult to imagine that Merrill Lynch might attempt to reduce the race coefficient by including various factors in a regression analysis. Plaintiffs must be in a position to respond to this type of argument by looking at 2000 compensation in the same way that Merrill Lynch looks at 2001 compensation. Thus, without knowing how Merrill Lynch intends to analyze compensation, Plaintiffs must obtain data that has been produced in 2001 to ensure that they are in a position to replicate the studies for 2000.

Alternatively, Defendant can agree that it will not rely on any data for 2000 that it has not produced to Plaintiffs. Defendant is unwilling to produce the data for 2000 or to agree to refrain from using the data.

## CONCLUSION

For the reasons stated herein, Plaintiffs request that the Court compel production of 2000 data or bar Defendant from relying on data it failed to produce.

Date: October 3, 2007

Respectfully submitted,

By: /s/ George Robot

Mary Stowell - Attorney No. 02750015
Linda D. Friedman – Attorney No. 06190092
Suzanne E. Bish – Attorney No. 06242534
George Robot – Attorney No. 06237979
Stowell & Friedman, Ltd.
321 Plymouth Court, Suite 1400
Chicago, IL 60604
(312) 431-0888

**CERTIFICATE OF SERVICE**

I, George Robot, an attorney, hereby certify that on October 3, 2007, I caused a true and correct copy of *Plaintiffs' Supplemental Filing in Support of Their Motion to Compel Production of Year 2000 Data* to be served via ECF on the following counsel of record:

Jeffrey S. Klein
Nicholas J. Pappas
Salvatore Romanello
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
phone: (212) 310-8000
fax: (212) 310-8007
jeffrey.klein@weil.com

Lori Lightfoot
Mayer Brown Rowe & Maw
71 S. Wacker Drive
Chicago, IL 60606
phone: (312) 782-0600
fax: (312) 701-7711
llightfoot@mayerbrownrowe.com

/s/ George Robot

Mary Stowell - Attorney No. 02750015
Linda D. Friedman – Attorney No. 06190092
Suzanne E. Bish – Attorney No. 06242534
George Robot – Attorney No. 06237979
Stowell & Friedman, Ltd.
321 Plymouth Court, Suite 1400
Chicago, IL 60604
(312) 431-0888