IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------x
GEORGE MCREYNOLDS, et al  :
: Case No. 05C6583
:
Plaintiffs,  :
: Hon. Robert W. Gettleman
: Magistrate Judge Denlow
:
:
v.  :
:
MERRILL LYNCH, PIERCE, FENNER  :
& SMITH, INCORPORATED,  :
:
Defendant.  :
------------------------------------------------------------x

**MERRILL LYNCH'S MOTION TO EXTEND**
**EXPERT DISCOVERY SCHEDULE**

Merrill Lynch, through its counsel, hereby respectfully moves this court to enter an order which extends the current schedule for the completion of expert discovery by 90 days as to each segment of the schedule. In support of this Motion, Merrill Lynch respectfully states as follows:

1. On August 27, 2007, the Court entered an agreed order setting forth a schedule for expert discovery that included the service of opening and rebuttal expert reports by the plaintiffs, responsive expert reports from Merrill Lynch and then a period for expert depositions. Pursuant to that initial schedule, plaintiffs' initial expert reports were due to be served on defendants on November 5, 2007.

2. On November 15, 2007, and at plaintiffs' request, Merrill Lynch produced twenty (20) data files relating to the year 2000 that had already been produced for the

years 2001 through 2006. Plaintiffs previously had filed a motion to compel Merrill Lynch to produce such year 2000 data on August 27, 2007 for the stated reason of responding to Merrill Lynch's expected statute of limitations defense under *Ledbetter v. Goodyear Tire & Rubber Co.*, No. 05-1074, 550 U.S. __, 127 S. Ct. 2162, 2007 U.S. LEXIS 6295 (2007). In response to this motion, Merrill Lynch agreed on October 8, 2007 to produce the fourteen (14) year 2000 files requested by plaintiffs along with six (6) additional files identified by Merrill Lynch's data consultants as necessary for a complete understanding of the data requested by plaintiffs. Further, upon plaintiffs' representation that their experts would require additional time to analyze this new data, Merrill Lynch proposed a thirty (30) day extension to the deadline by which plaintiffs were required to file their expert report, which would have set a new deadline of December 5, 2007.

        3.      In or about late October 2007, Merrill Lynch discovered that certain data categories that had been produced to plaintiffs in August and December 2006 were incomplete. Counsel for Merrill Lynch immediately notified plaintiffs' counsel and worked diligently to produce a new and complete data set. Production of the primary data file, totaling 1,389 gigabytes, was complete on November 1, 2007. Production of the secondary file, which is a small data set totaling just 51.5 gigabytes, was complete on November 15, 2007. For both data sets, the structure and substance of the data set remained the same as the 2006 production. Merrill Lynch produced no new or different fields of data, but produced only an additional volume of account data that had been absent from the 2006 production.

4.	In addition to the data sets mentioned in the preceding two paragraphs, Merrill Lynch produced an additional very small data file, totaling 18.6 gigabytes, in the November 15, 2007 production. This data set will enable both parties to perform better account tracking.

5.	Merrill Lynch has sought to engage in discussions with plaintiffs over a period of several weeks in an effort to agree upon a revised expert discovery schedule; however, plaintiffs have not provided Merrill Lynch with a date by which they will commit to produce their initial expert reports, or a new schedule for completion of expert discovery. On November 27, Merrill Lynch offered to extend all of the discovery deadlines by 90 days to allow plaintiffs additional time to revise any expert analyses with the various new data sets that had been produced. In response, on December 3 plaintiffs' counsel advised that one of their experts had estimated that she "might take 4 1/2 months" to "get up to speed," but that they would meet with one of their experts to see if the due date could be pushed forward. On December 10, Merrill Lynch agreed to a 4 1/2 month extension of time, premised on plaintiffs' agreement to extend all of the present expert discovery deadlines by an equivalent length of time. Plaintiffs' counsel stated that she would respond on December 14 after conferring further with one of plaintiffs' experts in an effort to shorten the time for plaintiffs to submit their initial expert reports. Plaintiffs confirmed that they spoke to their experts on December 14; however, they advised defendants that they nevertheless could not provide a date by which they would commit to serving their expert reports. Plaintiffs subsequently confirmed that the longest period of time they would need would be the 4 1/2 months they had estimated previously, but that they were not prepared to submit to the Court an agreed schedule without further

information from the defendants regarding the data. Defendants have agreed to answer reasonable, non-burdensome questions regarding the data, but note that the most recent question plaintiffs have asked in connection with the new data production were examined in June 2007 during Rule 30(b)(6) depositions of the employees most knowledgeable about the Merrill Lynch data sets at issue. Plaintiffs had followed up on other issues in August, but did not ask the pending question until December 14. Plaintiffs have not demonstrated to the defendants that an answer to their pending question is needed for plaintiffs to agree to a reasonable schedule to submit their expert reports.

6. The continuing lack of certainty about the expert discovery schedule prejudices both parties. Absent a firm schedule, neither party's expert witnesses and counsel are able to plan their other responsibilities and commitments. A set schedule will permit both sides to engage in the orderly administration of the case and bring discovery relating to class issues to an end. In addition, the absence of a firm and final expert witness discovery schedule has prevented Judge Gettleman from entering a schedule for the briefing of class certification in this case. On both July 31, 2007 and September 6, 2007, Judge Gettleman instructed the parties that he expects class certification briefing will follow the conclusion of expert witness discovery and has not yet entered a class certification briefing schedule.

7. Merrill Lynch requests that the Court extend all of the dates set forth in the August 27 order by 90 days. A 90-day extension should be sufficient to adjust plaintiffs' quantitative analyses with the data produced on November 1 and 15. The schedule proposed by Merrill Lynch also maintains the same structure for the conduct of expert discovery as the agreed schedule previously approved by this Court.

WHEREFORE, Merrill Lynch, through its counsel, hereby respectfully requests this Court to enter an order which adopts the proposed revised schedule for expert discovery in this matter. A draft order setting forth the proposed revised schedule will be submitted to the Court by email pursuant to the Court's Case Management Procedures.

Dated: December 17, 2007

                By: /s Lori E. Lightfoot
                MAYER, BROWN LLP
                Lori E. Lightfoot
                71 S. Wacker Drive
                Chicago, IL 60606
                (312) 782-0600 (Phone)
                (312) 701-7711 (Facsimile)

                --and--

                WEIL, GOTSHAL & MANGES LLP
                Jeffrey S. Klein
                Nicholas J. Pappas
                Salvatore A. Romanello
                767 Fifth Avenue
                New York, NY 10153
                (212) 310-8000 (Phone)
                (212) 310-8007 (Facsimile)

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of Merrill Lynch's Motion to Extend Expert Discovery Schedule was served upon counsel for Plaintiffs addressed as follows:

>Linda Friedman
>Mary Stowell
>Stowell & Friedman, Ltd.
>321 S. Plymouth Court, Suite 1400
>Chicago, Illinois 60604

via the court electronic filing notification system and e-mail on December 17, 2007.

By: /s Lori E Lightfoot
Lori E. Lightfoot