IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------x
GEORGE MCREYNOLDS,  :
Individually on behalf of themselves  :
and all others similarly situated,  :   Case No. 05C6583
 :
Plaintiffs,  :   Hon. Robert W. Gettleman
 :   Magistrate Judge Denlow
- against -  :
 :
MERRILL LYNCH, PIERCE, FENNER  :
& SMITH, INCORPORATED,  :
 :
Defendant.  :
------------------------------------------------------------x

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INFORMATION REGARDING DATA**

Defendant Merrill Lynch, Pierce, Fenner & Smith, Incorporated ("Merrill Lynch") submits this Response in Opposition to Plaintiffs' Motion to Compel Information Regarding Data ("Motion").

**PRELIMINARY STATEMENT**

It is important to place plaintiffs' Motion in context. During the past twenty months, Merrill Lynch has produced an enormous amount of data, totaling 2.495 <u>Terabytes</u> or 121,423 <u>boxes</u> of data or 303,558,333 <u>pages</u> of data. Throughout discovery and since the close of discovery, Merrill Lynch also has devoted substantial time and resources to providing information about the data production, including responding to extensive questions outside the scope of formal discovery and despite plaintiffs' conclusion of 30(b)(6) depositions directed specifically at the data they had requested. Defendant has also continued to respond to numerous requests for information that are

outside the time frame and scope set by this Court. The Court will recall that as part of the parties' agreed-upon Expert Discovery Scheduling Order, dated December 20, 2007, plaintiffs were ordered to provide a *final* list of questions related to the data production by January 4, 2008. While plaintiffs now send emails demanding an answer within 2 hours and then file motions if no answer is received within the two hour period, they neglected to provide Merrill Lynch with their list of questions until January 9, 2008, five days after the deadline established by the Court. Despite their failure to pose their questions in a timely manner, Merrill Lynch responded to all those questions. Included in plaintiffs' list of questions was a request for monthly TBACCT data, to which their currently pending motion relates. Plaintiffs already had yearly data files for this same database, but on January 9, 2008, as part of their list of "final" questions, and little more than four months before their expert reports were due, plaintiffs included a request for TBACCT data files on a monthly basis. Of course, this was not really a "question" as contemplated by the Court's December 20, 2007 order, but was instead a request for yet more data, even though discovery had closed months before. However, rather than taking a hard line on plaintiff's untimely and unauthorized request, Merrill Lynch both answered plaintiffs' tardy questions and produced the additional data that was requested. It has since proceeded to answer numerous supplemental questions about this data, which plaintiffs only recently requested. However, plaintiffs continue to pester defendant with questions in a manner not contemplated either by the Federal Rules or this Court's prior orders. As this Court said at the hearing on September, 2007, "all good things must come to an end." Enough is enough already.

## ANSWER

1.      As indicated by the email from J. Bonk to G. Robot, dated April 15, 2008 at 12:42 pm, contained as part of Exhibit A to plaintiffs' Motion, defense counsel has in fact responded to plaintiffs' requests for certain information regarding the data. The outstanding questions contained in the email from G. Robot to J. Bonk, dated April 15, 2008 at 3:48, contained as part of Exhibit A to plaintiffs' Motion, merely seek clarification to answers offered in the April 15, 2008 email from J. Bonk referenced above.

2.      Plaintiffs' filing of this motion at this late hour shortly before the deadline for the production of their expert reports, and mere hours following their most recent request for clarification, is unnecessary and burdensome for the Court. As indicated in the email from L. Friedman to J. Bonk, dated April 21, 2008 at 12:48 pm, contained as part of Exhibit A to plaintiffs' motion, plaintiffs' counsel afforded Merrill Lynch only two hours and twelve minutes to respond to an email, sent during the lunch hour, in order to avoid plaintiffs filing their Motion. Moreover, in this email, Ms. Friedman asked an entirely new substantive question unrelated to previous questions posed by Mr. Robot. It is unreasonable to think that Merrill Lynch was obligated to answer that new question within two hours and twelve minutes in order to avoid motion practice.

3.      Merrill Lynch will provide answers to plaintiffs' outstanding questions contained in the April 15, 2008 3:48 p.m. email from G. Robot to J. Bonk (set forth as part of Exhibit A to plaintiffs' Motion), no later than 5:00 pm ET on Friday, April 25, 2008.

4. Merrill Lynch also respectfully requests that the Court reaffirm the position it articulated in the September 6, 2007 hearing, and again in the agreed Expert Discovery Scheduling Order dated December 20, 2007, and order that no further questioning related to the data production or motion practice related to the same by Stowell & Friedman be permitted.

Dated: April 22, 2008

By: s/Gina Diomedi

WEIL, GOTSHAL & MANGES LLP
Jeffrey S. Klein
Nicholas J. Pappas
Salvatore A. Romanello
767 Fifth Avenue
New York, NY 10153
(212) 310-8000 (Phone)
(212) 310-8007 (Facsimile)

--and--

MAYER, BROWN LLP
Lori E. Lightfoot
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600 (Phone)
(312) 701-7711 (Facsimile)

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of Defendant's Response in Opposition to Plaintiffs' Motion to Compel Information Regarding Data was served upon counsel for Plaintiff addressed as follows:

Linda Friedman  
Mary Stowell  
George Robot  
Suzanne Bish  
Stowell & Friedman, Ltd.  
321 S. Plymouth Court, Suite 1400  
Chicago, Illinois 60604  

via Email and U.S. mail on April 22, 2008.

By: s/Gina Diomedi