IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
-----------------------------------------------------------x
GEORGE MCREYNOLDS, et al                   :
                                           :  Case No. 05C6583
                                           :
                 Plaintiffs,               :
                                           :  Hon. Robert W. Gettleman
                                           :  Magistrate Judge Denlow
                                           :
                                           :
v.-                                        :
                                           :
MERRILL LYNCH, PIERCE, FENNER              :
& SMITH, INCORPORATED,                     :
                                           :
                 Defendant.                :
-----------------------------------------------------------x
```

**MOTION TO REVISE**
**EXPERT DISCOVERY SCHEDULE**

Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), through its

counsel, hereby respectfully moves this court to extend time for Merrill Lynch to file its

expert reports concerning class certification (hereinafter "expert reports"). In support of

this Motion, Merrill Lynch respectfully states as follows:

1.      On May 20, 2008, this Court signed an agreed order which set the

schedule for the conduct of expert discovery that included the service of opening and

rebuttal expert reports by the plaintiffs, responsive expert reports from Merrill Lynch and

then a period for expert depositions. The May 20, 2008 agreed order was the third such

order entered concerning the conduct of expert discovery. The second such order was

entered on December 20, 2007 and provided that the Plaintiffs would have five months or until May 20, 2008 to produce their expert reports.[1]

2.      Pursuant to that May 20, 2008 order which further extended the expert discovery schedule by agreement, the Plaintiffs' expert reports were due on June 2, 2008. The Parties sought and received additional time for the completion of expert discovery pursuant to the Mary 20, 2008 order in part because the Plaintiffs asked for additional time to file their expert reports and Merrill Lynch agreed to that request out of professional courtesy. Prior to June 2, 2008, Plaintiffs' counsel sought an additional extension of time in which to produce their expert reports to June 5, 2008. Merrill Lynch, through its counsel, of course agreed to this extension of time. Thereafter, Plaintiffs' produced two expert reports on June 5, 2008 and then produced corrected versions of those reports on June 26, 2008. As of June 26, 2008, the Plaintiffs had approximately six months in which to complete and produce expert reports to Merrill Lynch. Merrill Lynch's expert reports were due on September 19, 2008, but given the additional time that Plaintiffs took to produce final versions of their expert reports, the Plaintiffs, through their counsel, had agreed that Merrill Lynch would have a commensurate amount of additional time in which to produce its expert reports which would be October 13, 2008 using the June 26, 2008 date.

3.      Merrill Lynch seeks an additional four weeks from October 13, 2008 to November 14, 2008 to produce its responsive expert reports. Merrill Lynch believes this

---

[1] This Court entered the December 20, 2007 order to account for additional fact discovery that needed to be completed and therefore required an extension of the expert discovery schedule entered on or about August 27, 2007.

additional time is necessary and reasonable for a number of reasons. Even though the parties had previously stipulated to produce within five days of the production of the expert reports certain back-up information relied upon by experts, the Plaintiffs did not produce certain programming data until August 2, 2008. Because Merrill Lynch did not receive this data until August 2, 2008, Merrill Lynch's statisticians could not begin meaningful work regarding one of Plaintiffs' experts until that time.

4.      In addition, Merrill Lynch's experts' analysis of Plaintiffs' experts findings and conclusions related to data were also delayed because Plaintiffs refused to produce intermediate data sets as contemplated under the expert stipulation. Intermediate data sets are extractions/analysis files drawn from the raw data. These intermediate data sets are a critical element in the final output produced by the Plaintiffs' expert witnesses and were essential for Merrill Lynch's own experts to be able to replicate certain tests and conclusions drawn therefrom by Plaintiffs' experts.. After a significant amount of discussion with Plaintiffs, through their counsel, during June and July 2008 regarding these intermediate data sets, rather than burden the court with this dispute, in the face of Plaintiffs' refusal, Merrill Lynch simply created these data sets itself. Obviously, this caused delay.

5.      In addition, Plaintiffs' two expert reports which total 128 pages of text and an additional 84 pages of exhibits are exceedingly dense and raise of number of complex issues which will have direct bearing on whether or not a class will be certified in this case. In order for Merrill Lynch to adequately address the myriad of issues which these reports implicate, some of which will be directly dispositive on the questions of class certification, additional time is necessary.

3

6.      In making this request, Merrill Lynch is fully aware that the remaining

expert discovery schedule will need to be adjusted accordingly – a fact which Merrill

Lynch does not take lightly.  Nonetheless, without the additional time that Merrill Lynch

seeks, Merrill Lynch will be prejudiced.  Merrill Lynch agreed to the current expert

discovery schedule with no knowledge that Plaintiffs would delay the production of

certain data or outright refuse to produce the intermediate data sets.  These changed

circumstances coupled with the complexity of the Plaintiffs' expert reports militate in

favor of affording Merrill Lynch additional time to produce its expert reports.  In

addition, given that the Plaintiffs had conservatively[2] six months to prepare and produce

their opening expert reports and will have the chance to counter Merrill Lynch's experts

through rebuttal reports, even with the additional time sought by Merrill Lynch, Merrill

Lynch will still have far less time to respond to Plaintiffs' experts than the time afforded

Plaintiffs.  Merrill Lynch respectfully urges this Court that fairness dictates granting

Merrill Lynch's request for four weeks additional time in which to file its expert reports.

7.      If the Court were to grant this additional time, Merrill Lynch proposes the

following for the remainder of the expert discovery schedule:

- Plaintiffs' rebuttal reports would be due on or before Jan 30, 2009 ; and
- Expert Depositions:  March 2, 2009 - March 30, 2009

This schedule affords the Plaintiffs' approximately 10 weeks from the receipt of Merrill

Lynch's expert reports to file their rebuttal reports.  This is done to account for lost time

---

[2] This assumes that the Plaintiffs' started the preparation of their expert reports only after the close of fact discovery and the production of data.  Certainly it is possible that given that discovery began in earnest in or about July 2006, it is quite possible that Plaintiffs' experts were at work before January 2008 as contemplated in the six month calculation.

during the December holidays.  Otherwise, this schedule is consistent with the time frames contemplated by previous agreed orders concerning class certification expert discovery.

8.     Regrettably, despite Merrill Lynch's request, Plaintiffs, through counsel, have indicated that they will not agree to the additional four weeks time Merrill Lynch seeks for the production of its expert reports.  Plaintiffs' counsel has indicated they lack the authority and do not believe that it is in their clients' best interest to agree to Merrill Lynch's request despite the professional courtesy and repeated agreed extensions of time that Merrill Lynch has previously shown the Plaintiffs.  For these reasons, Merrill Lynch is compelled to bring this matter to this Court for resolution.

WHEREFORE, Merrill Lynch, through its counsel, hereby respectfully requests this Court to enter an order which adopts the proposed revised schedule expert discovery in this matter.  A draft order is attached hereto.


Dated: August 26, 2008

By: _/s Lori E. Lightfoot_____
MAYER, BROWN LLP
Lori E. Lightfoot
Gina Diomedi
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600 (Phone)
(312) 701-7711 (Facsimile)

--and--

WEIL, GOTSHAL & MANGES LLP
Jeffrey S. Klein
Nicholas J. Pappas
Salvatore A. Romanello
767 Fifth Avenue
New York, NY 10153

(212) 310-8000 (Phone)
(212) 310-8007 (Facsimile)