IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------x
GEORGE MCREYNOLDS et. al., :
on behalf of themselves and all others :
similarly situated, : Case No. 05 C 6583
 :
Plaintiffs, :
 : Hon. Robert W. Gettleman
- against - : Magistrate Judge Denlow
 :
MERRILL LYNCH, PIERCE, FENNER :
& SMITH, INCORPORATED, :
 :
Defendant. :
------------------------------------------------------------x

**MOTION OF DEFENDANT TO COMPEL CERTAIN DOCUMENTS
RELATED TO PLAINTIFFS' EXPERT REPORTS**

1. Merrill Lynch, Pierce, Fenner & Smith, Incorporated ("Merrill Lynch"), through its counsel, respectfully moves this Court to compel the production of all prior expert reports and/or testimony of Drs. Janice Madden, Alexander Vekker, and William Bielby (collectively "Plaintiffs' Experts") dating from June 5, 2004 to the present.

2. On October 5, 2007, Merrill Lynch served Plaintiffs with its First Requests for the Production of Expert Documents ("Defendant's Requests" or "Requests"). Paragraph 1 of Defendant's Requests sets forth, in relevant part, a request for the following:

> All documents and things concerning the qualifications of any Expert on any issue(s) or similar issue(s) for which such Expert will present testimony, information, or an opinion in support of a motion for class certification, including but not limited to :

      (c) any and all studies, analyses, reports, rebuttal reports, affidavits, declarations, written statements, and any and all transcripts of any deposition, trial, or other testimony of such Expert in connection with any matter where such Expert was retained to provide an opinion;

      (d) any and all judicial, arbitral, or administrative opinions that cite or reference a report, opinion or testimony of such Expert .

3. Pursuant to Rule 34(b)(2)(A), Plaintiffs were obligated to serve objections and/or responses to these requests within thirty (30) days. They failed to do so. As a professional courtesy, Defendant re-served the identical Requests on April 17, 2008. Similarly, Plaintiffs failed to respond to the Requests within thirty (30) days on this occasion as well. It is well-settled law in the Seventh Circuit that failure to respond to discovery requests in a timely fashion constitutes a waiver of any objections and/or responses. See Peterson v. Farrakhan, 2005 U.S. Dist. LEXIS 46231 at *6-7 (N.D. Ind. Oct. 5, 2005) ("it is firmly established in this Circuit that a party who fails to timely respond to discovery requests waives his objections thereto") (citing Spilotro v. United States, 478 F.2d 1406, 1973 WL 21496, at *2 (7th Cir. 1973); Hobley v. Chicago Police Commander Burge, No. 03 C 3678, 2003 U.S. Dist. LEXIS 20585, 2003 WL 22682362, at *4 (N.D. Ill. 2003)).

4. In a meet and confer session on June 2, 2008, the parties agreed to limit the scope of production related to Plaintiffs' Experts' past testimony and expert reports to the four years prior to the date of production of Plaintiffs' expert reports. Plaintiffs memorialized this agreement and indicated their intent to produce such materials in an email dated June 24, 2008. See 6/24/2008 email from Linda Friedman to Lori Lightfoot, Nicholas Pappas and Salvatore Romanello at 7:00 p.m., attached hereto as Ex. A.

5. In a subsequent meet and confer between the parties on June 25, 2008, Plaintiffs' counsel agreed to investigate which, if any, of Plaintiffs' Experts' prior testimony and/or expert reports could not be made available to Defendant due to confidentiality or other Court-ordered protections.

6. On July 28, 2008, Defendant sent an email to Plaintiffs' counsel inquiring as to the investigation which Plaintiffs' counsel had agreed to undertake during the parties' June 2, 2008 meet and confer conference, and reaffirmed on June 25, 2008. In response, on July 28, 2008, Plaintiffs' counsel stated that they would "check on the expert reports." See 7/28/08 email from Linda Friedman to Jason Bonk at 6:34 p.m., attached hereto as Ex. B.

7. On September 2, 2008, still with no word from Plaintiffs' counsel on this issue, Defendant sent an additional email inquiring as to these materials. In response to Defendant's September 2, 2008 email, Plaintiffs' counsel incorrectly represented that the parties had previously agreed to postpone seeking these materials until immediately before expert depositions. See 9/3/2008 email from Linda Friedman to Nicholas Pappas at 8:15 a.m., attached hereto as Ex. C.

8. Merrill Lynch never agreed to the position articulated in Plaintiffs' 9/2/2008 email and so advised Plaintiffs' Counsel. See 9/4/2008 email from Nicholas Pappas to Linda Friedman at 10:53 p.m., attached hereto as Ex. D. Plaintiffs reiterated their refusal either to produce the documents or to state any valid basis for withholding such documents.

9. WHEREFORE, Merrill Lynch, through its counsel, hereby respectfully requests that this Court compel Plaintiffs to produce any and all prior expert reports and testimony of Plaintiffs' Experts dating back to June 5, 2004.

Dated: September 8, 2008

By: s/Lori E. Lightfoot
MAYER BROWN LLP
Lori E. Lightfoot
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600 (Phone)
(312) 701-7711 (Facsimile)

--and--

WEIL, GOTSHAL & MANGES LLP
Jeffrey S. Klein
Nicholas J. Pappas
Salvatore A. Romanello
767 Fifth Avenue
New York, NY 10153
(212) 310-8000 (Phone)
(212) 310-8007 (Facsimile)

## **CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of Motion of Defendant to Compel Certain Documents Related to Plaintiffs' Expert Reports was served upon counsel for Plaintiffs addressed as follows:

Linda Friedman
Mary Stowell
George Robot
Stowell & Friedman, Ltd.
321 S. Plymouth Court, Suite 1400
Chicago, Illinois 60604

via email and U.S. mail on September 8, 2008.

              By: s/Lori E. Lightfoot
                 Lori E. Lightfoot