IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE McREYNOLDS, MAROC HOWARD, LARUE GIBSON, JENNIFER MADRID, FRANKIE ROSS, MARVA YORK LESLIE BROWNE, HENRY WILSON, LEROY BROWN, GLENN CAPEL, CHRISTINA COLEMAN, J. YVES LABORDE, MARSHELL MILLER, CARNELL MOORE, MARK JOHNSON, CATHY BENDER-JACKSON, and STEPHEN SMARTT, Individually on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | Case No. 05-C-6583 |
| Plaintiffs, | ) ) | |
| | ) | Judge Robert W. Gettleman |
| v. | ) | Magistrate Judge Denlow |
| | ) | |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, | ) ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

MOTION TO STRIKE DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

Plaintiffs, on behalf of themselves and all others similarly situated, by and through their attorneys, Stowell & Friedman, Ltd. hereby move the Court to strike Merrill Lynch, Pierce, Fenner & Smith Inc.'s ("Merrill Lynch" or "Defendant") Motion for Partial Summary Judgment. In support thereof, Plaintiffs state as follows.

ARGUMENT

I.      Seventh Circuit Precedent Dictates that Courts Should Rule on Class Certification Prior to Ruling on the Merits

The Court should strike Defendant's motion because, as explained below, in all but exceptional circumstances not present here, the Seventh Circuit requires the resolution of class certification prior to any ruling on the merits.

Defendant's motion for Partial Summary Judgment ignores binding precedent. As recently as June of this year, the Seventh Circuit confronted a situation where a class member sought to appeal the district court's summary dismissal that had been entered

prior to class certification. In deciding whether the intervenor should have sought intervention earlier, Judge Posner stated that "[a]ll doubts would have been dispelled had the district judge certified an early . . class before granting summary judgment, *as he should have done anyway.*" *Larson et. al. v. JP Morgan*, 530 F.3d 578, 581 (7th Cir. 2008) (emphasis added).[1] Toward that end, the Seventh Circuit has unequivocally stated that, "it is difficult to imagine cases in which it is appropriate to defer class certification until after decisions on the merits."[2] *Bieneman v. City of Chicago*, 838 F.2d 962, 964 (7th Cir. 1988).

The reasoning behind the rule that class certification should be decided first is sound: "[c]lass action status must be granted or denied at an early stage" in order to "clarify who will be bound by the decision. Until everyone knows who will, and who will not, be bound by the out-come, it is difficult to make informed decisions about how the case should proceed." *Bertrand v. Patterson*, 495 F.3d 452, 455 (7th Cir. 2007). Also, when courts rule on the merits prior to class certification, the class issues become complex and difficult to manage. A class representative "who has lost on the merits may have a duty to the class to oppose certification to avoid the preclusive effect of the judgment, while the defendants suddenly want the certification that they might have opposed at the outset." *Bieneman*, 838 F.2d at 964.

Our Circuit's reasoning applies with particular force to the present situation. Defendant's motion concedes that it seeks summary judgment on a class claim. *See*

---

[1] *See also Wiesmueller v. Kosobucki,* 513 F.3d 784, 787 (7th Cir. 2008) ("It is true that the plaintiff, as well as the district judge put the cart before the horse by [considering] class certification after [ ] summary judgment."); *Szabo v. Bridgeport Machines Inc.,* 249 F.3d 672, 677 (7th Cir. 2001) ("A Court may not say something like 'let's resolve the merits first and worry about the class later."); *DeBryne v. Equitable Life,* 920 F.2d 457, 463 (7th Cir. 1990) (the district court's failure to resolve the class certification issue prior to a decision on the merits was "problematic" and contrary to what is required under Rule 23); *Bennet v. Schmidt,* 153 F.3d 516, 50 (7th Cir. 1998) (What should be the district court's first order of business on remand is the complaint's class allegation.. . . the district court entered final judgment without determining whether class status is appropriate. . . But everyone including the putative class members is entitled to know promptly whose interests are on the line.); *Walters v. Ganci,* 163 F.3d 430, 433 (7th Cir. 1998) (calling for "scrupulous adherence to the requirement that the determination whether to certify a suit as a class action be made "as soon as practicable."); *Nagel v. ADM Investor Serv.,* 217 F.3d 436, 442 (7th Cir. 2000) (Rule 23 and the cases interpreting it require that the issue of class certification be resolved as quickly after the suit is filed as practicable).

[2] In 2003, an amendment changed the language in Rule 23 to read that class certification should be granted at "an early practicable time" Rule 23 previously read that class certification should be granted "as soon as practicable". This slight change in the wording of Rule 23 has had no effect on the Seventh Circuits' rule as demonstrated by the fact that Judge Posner reiterated the rule's validity in June of this year.

Defendant's Memorandum of Law in Support of Motion for Partial Summary Judgment ("Def. Mem. in Supp. of Mot. for Summ. Judg.") at p. 1 (the issue is "clearly common to all putative class members.") But, obviously, this Court cannot dismiss a class claim when no class has been certified. Thus, any ruling on summary judgment can presumably dismiss only a portion of the named Plaintiffs' claim. *See DeBryne,* 920 F.2d at n.9 (stating that "because no class has been certified only the named plaintiffs are before the Court.")

Granting Summary Judgment as to a class claim prior to class certification would put the parties and the Court in an untenable position. Counsel for Plaintiffs would have to wrestle with the idea that they might owe an obligation to the class to oppose class certification on the issue resolved by partial summary judgment, while pursuing class certification on the rest of Plaintiffs' claims. Defendant's position would presumably mirror that of Plaintiffs. Moreover, while the case might continue as a class for the claims not subject to Defendant's motion, any absent class member could potentially commence another class action suit. *Bertrand,* 459 F.3d at 455 ("in the absence of class certification any other [potential plaintiff] may start over and try to distinguish the adverse precedent."). Accordingly, a premature decision on the merits could jeopardize judicial resources and open the floodgates to conflicting rulings. It takes class certification to produce a conclusive resolution in one proceeding.

Defendant's motion ignores these difficulties and instead makes the extraordinary assertion that a ruling on its motion will somehow serve to simplify the class certification issues. Citing *Cowen v. Bank of Tex.,* Defendant proposes that ruling on substantive motions while certification issues are pending "is an acceptable practice in our Circuit." *Cowen v. Bank of Tex.,* 70 F.3d 937, 941 (7th Cir. 1995); *Def. Mem. in Supp. of Mot. For Summ. Judg.* at. P. 3. Defendant is incorrect.

*Cowen* was an "exceptional case" that carved out a narrow exception to the general rule that class certification should be decided before any ruling on the merits. *Wiesmueller,* 513 F.3d at 787. The *Cowen* court was concerned with the costs that class litigation usually entails. With this in mind, *Cowen* (and cases that have interpreted *Cowen*) ruled that a district court can resolve merits issues prior to class certification when two conditions are met: (1) the effects of the ruling would resolve the class

certification issue; and (2) the plaintiff's case is so lacking in merit that the case is ripe for summary judgment when the case comes up for class certification. *See Cowen*, 70 F.3d 937, 941 (7th Cir. 1995).[3]

Neither of the two *Cowen* requirements is met here. First, as the caption of its motion clearly shows, Defendant moved only for <u>partial</u> summary judgment. This is not a case where the motion will resolve the class certification issue thereby saving judicial resources and costs as envisioned by the *Cowen* court. Regardless of how the Court rules, the Court will still need to consider Plaintiffs' motion for class certification. In addition, as previously discussed, a ruling on Defendant's motion prior to class certification could open the door to an additional class filing.

Second, cases where the Seventh Circuit has allowed summary judgment first involve situations where the named plaintiffs' claims lack any merit. *See Cowen*, 70 F.3d 937 (plaintiffs suit for $14 dollars dismissed because the fee at issue was not covered by the Truth in Lending Act); *Chavez*, 251 F.3d at 630 (affirming grant of summary judgment because plaintiffs lacked standing and the claim 'clearly lacked merit'); *Mira*, 107 F.3d at 475 (Mira's breach of fiduciary duty and RICO claims are so lacking in merit, that the Court saw "no need to remand this case based solely on the improper timing of the district courts class certification ruling.") In these cases, the sheer lack of merit makes early resolution possible because the factual record needed for resolution is limited.

The present situation is a far cry from those that have allowed resolution of the merits prior to class certification. Even on a limited record, the compensation disparities uncovered by Plaintiffs are nothing short of abysmal. While courts generally accept as evidence of discrimination statistical significance of two standard deviations,[4] during the class period the disparities in compensation fluctuated between 6.57 standard deviation (2001) and 9.07 (2006). These disparities in compensation occur mathematically with less than 1 in 20 billion probability that the racial differences in compensation would be

---

[3] *See also Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 475 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 630 (7th Cir. 2001); *Nielsen v. Greenwood*, No. 91-C-6537, 1996 U.S. Dist. LEXIS 14441 (N.D. Ill. 1996) (*citing Cowen* for proposition that summary judgment may be decided first where its grant may disqualify the named plaintiffs as class representatives and render the class certification issue moot.)

[4] *See e.g., Hazelwood School Dist. V. United States*, 433 U.S. 299, 309-312 & n.7, 14 (1977).

observed by chance. *See* Plts. Mem. in Supp. of Class. Cert. at pp. 3 and 4. Defendant has also produced eight expert reports to opine on the cause of these compensation disparities. Defendant cannot seriously contend that the strength of Plaintiffs' claim is of the *Cowen* type.

Accordingly, The motion for Partial Summary Judgment should be stricken as the Seventh Circuit strongly encourages the resolution of class certification prior to any ruling on the merits and this case is certainly not exceptional.

## II. Defendant's Motion Presents Issues that Cannot Be Resolved at this Stage of the Litigation

Even if the Court is convinced that this case fits into the *Cowen* exception, Defendant's motion presents issues that cannot be resolved at this stage of the litigation. Defendant argues that the Court should grant partial summary judgment because Section 703(h) of Title VII exempts its "merits" and/or incentive compensation system. That section provides that:

> Notwithstanding any other provision of this subchapter it shall not be an unlawful employment practice for an employer to apply different standards of compensation or different terms, conditions or privileges of employment pursuant to a bona-fide seniority or merit system which measures earnings by quantity or quality of production or to employees who work at different locations **provided that such differences are not the result of an intention to discriminate because of race**, color, religion sex or national origin ....

42 U.S.C. §2000e-2(h)(emphasis added)

Initially, Defendant fails to mention that the issue of intent is a factual issue that ordinarily requires a trial. In *Pullman-Standard v. Swint*, the Supreme Court interpreted Section 703(h) in the context of a seniority system. *Pullman-Standard v. Swint*, 456 US 273 (1982). When referring to Section 703(h)'s intent requirement, the Court stated that "treating issues of intent as factual matters for the trier of fact is commonplace . . . . [u]nder 703(h) discriminatory intent is a finding of fact to be made by the trial court; it is not a question of law and not a mixed question of law and fact. . . " *Pullman-Standard*, 456 US at 289. *See also Wallace v. SMC Pneumatics*, 103 F.3d 1394, 1396 (7th Cir. 1997) (intent is often, though not always, contestable).

Moreover, Courts consider the totality of the circumstances when resolving the issue of discriminatory intent. *Id.* at p. 279; *Troupe v. May Dep'. Stores Co.,* 20 F.3d 734, 736 (7th Cir. 1994) (in proving a discrimination claim a plaintiff may offer a mosaic of evidence); *Carrol v. United Steal Workers,* 498 F.Supp. 976, 985 (D. Md. 1980) (when determining whether a particular system is bona-fide, the Court must examine the totality of the circumstances).

But this case is not ripe for a review of the "totality of the circumstances." The Court ordered and the parties agreed that merits discovery would only commence after the Court ruled on class certification. *See* Dkt. 39; *Agreed Motion for Clarification at p. 2* and Dkt. 43, *Order granting agreed motion.* Hence, Plaintiffs structured their discovery requests and depositions to the class issues – not the issue of intent under §703(h). Indeed, throughout the course of this litigation, Defendant has repeatedly resisted discovery on the grounds that the discovery "went beyond that needed for class certification."[5] Accordingly, the issue of intent is not ready for resolution. *See e.g., Bogosian v. Gulf Oil Corp. et. al.,* 561 F.2d 434 (3rd Cir. 1977) (reversing ruling on motion for summary judgment because discovery had been limited to class action allegations).

On a more fundamental level, however, Defendant's motion ignores that this Court would be, to Plaintiffs' knowledge, the first Court ever to dismiss summarily a putative class claim under the merits or incentive compensation portion of §703(h).[6] There is a reason for this.

In order to fall within §703(h), merits or compensation systems must be "bona-fide." To be "bona-fide," a merits or compensation system must (i) actually measure what they purport to measure and (ii) must not rely on discriminatory devises or generate discrimination. *See EEOC Compliance Manual,* Chapter 10 ("A seniority, merit, or

---

[5] *See generally* Dkt. 138 where Defendant stated that "[i]t is critical to place the remaining discovery issues in context. . . . discovery is limited to the facts necessary for the parties to brief class certification; merits discovery is postponed to a later date." Defendant then goes on to object to numerous discovery requests because they went "beyond the class certification issue."

[6] If 703(h) provides the panacea proposed by Merrill Lynch and all that was necessary for an employer to receive an exemption from liability from the civil rights laws was to submit a declaration claiming that its compensation or merits system was not intended to discriminate, one would expect that an obligatory 703(h) motion would be filed early in every class case involving salary or performance. A quick Lexis search, however, reveals no such motion has been filed before this Court and none in our Circuit.

3569441                                                    6

incentive system operates as a defense only to the extent that it accounts for the compensation disparity"); *Guardians Association v. Civil Service Commission*, 633 F.2d 232, 253 (2d Cir. 1980) (holding that the merit system at issue was not protected under 703(h) because the system did not measure what it purported to measure); *Brownlee v. Gay and Taylor, Inc.*, 642 F.Supp. 347 (D. Kans. 1985) (denying a motion for summary judgment under §703(h) because "there is evidence to support an inference that the salary administration program may have been administered differently on the basis of sex."); *Dangremond v. United Airlines*, 80-3781, 1981 U.S. Dist. LEXIS 16654 at *8 (N.D. Ill. November 12, 1981) (denying Defendant's motion for summary judgment under §703(h) because "[t]he further question of how the exempted system is applied to particular employees must also be addressed.")[7]

Thus, when merits and compensation systems are concerned, the Courts cannot dismiss the claims without first examining whether the system discriminates. This issue, of course, is at the heart of the matter. While Plaintiffs contend that the stunning compensation differences are the result of Defendant's pattern and practice of discrimination, Defendant contends that the compensation disparities are the result of the non-discriminatory application of its compensation system. The existence or absence of a pattern and practice is a factual issue that cannot be resolved until the record is ripe for resolution.

Defendant's motion asks the Court to strip the class of a part of its claim when no class has been certified, merits discovery has not commenced and the evidence of intent has not been fully developed or even presented to the trier of fact. There is no reason

---

[7] *See also Association Against Discrimination v. City of Bridgeport*, 647 F.2d 256, 273 (2nd Cir. 1980) (it would defy reason to characterize as a "bona fide merit system" under 703(h) a test that does not measure the fitness of those who take it and that was used to discriminate); *League of United Latin American Citizens v. City of Santa Ana*, 410 F. Supp. 873, N.28 (C.D. Cal. 1976) ("Suffice it to say that a system which relies on discriminatory devises is not a bona fide merit system"); *Harrison v. Lewis*, 559 F. Supp. 943, n.6 (D.D.C. 1983) (Section 703 was not meant to provide a major exception to the requirement that systems of employment selection and treatment be free of discrimination. . . . the mere characterization of an employment selection system as a "merit system" does not exempt it from scrutiny under the *Griggs* standard. It is, after all, the very "bona fide" nature of the system that defendants have failed to demonstrate); *Morgado v. Birmingham-Jefferson County Civil Def. Corps*, 706 F.2d 1184, 1189 (11th Cir. 1983) ("the requirements for such [the merit system] exception are not met unless the factor of sex provides no part of the basis for the wage differential"); *Miller v. Continental*, 544 F.Supp. 210 (S.D. Ga. 1981) (Seniority system not protected where it created no legitimate expectations and where it was maintained and manipulated for purpose of discrimination); *Stewart v. General Motors*, 1975 U.S. Dist. LEXIS 14829 (N.D. Ill. 1975) ("Obviously one characteristic of a bona-fide seniority system must be lack of discrimination").

why the Court should rule on a motion in the absence of a complete record. Rather, the Court should follow the language of Rule 23 as well as the Supreme Court's teaching in *Teamsters,* which ordinarily require a ruling on class certification first followed by a trial on whether plaintiffs can establish a pattern or practice of discrimination.[8] *Int'l Bhd. of Teamsters v. United States,* 431 US 348 (1977).

## CONCLUSION

The Court should strike Defendant's motion for partial summary judgment because our Circuit requires ruling on the motion for class certification first, the motion presents issues that cannot be resolved at this stage of the litigation and Defendant has failed to offer any reason why this case is exceptional and should not follow the ordinary course of class litigation.

Respectfully submitted,

STOWELL & FRIEDMAN, LTD.

By:

s/Linda D. Friedman

Electronically filed on November 18, 2008

Mary Stowell – Attorney No. 02750015
Linda D. Friedman – Attorney No. 06190092
Suzanne E. Bish
Rafael E. Lázaro
Stowell & Friedman, Ltd.
321 Plymouth Court, Suite 1400
Chicago, IL 60604
(312) 431-0888

---

[8] On another note, Merrill Lynch's Motion for Partial Summary Judgment erroneously presents Plaintiffs' challenge to its compensation system as solely focused on the grid. To advance this argument, Merrill Lynch presents a single redacted page of Plaintiffs' 63 page Answer to the Interrogatories. Those answers, however, clearly explain that Plaintiffs' challenge to the compensation system includes its progressive grid, small ticket policy, householding policy and penalty box which all impact the computation and payout of commission credits and confirm that the grid does not meet §703(h) because it does not strictly measure quantity and quality of production.

3569441                                    8

## CERTIFICATE OF SERVICE

I, Linda D. Friedman, an attorney, hereby certify that on November 18, 2008, I caused a true and correct copy of attached *Motion To Strike Defendant's Motion For Partial Summary Judgment* to be served via ECF on the following counsel of record:

Jeffrey S. Klein
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Phone: (212) 310-8790; Fax: (212) 310-8007
jeffrey.klein@weil.com

Lori Lightfoot
Mayer Brown Rowe & Maw
71 S. Wacker Drive
Chicago, IL 60606
Phone: (312) 782-0600; Fax: (312) 701-7711
llightfoot@mayerbrownrowe.com

s/Linda D. Friedman

Mary Stowell – Attorney No. 02750015
Linda D. Friedman – Attorney No. 06190092
Suzanne E. Bish
Rafael E. Lázaro
Stowell & Friedman, Ltd.
321 Plymouth Court, Suite 1400
Chicago, IL 60604
Phone:  (312) 431-0888