IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

GEORGE McREYNOLDS, MAROC )
HOWARD, LARUE GIBSON, JENNIFER )
MADRID, FRANKIE ROSS, MARVA YORK )
LESLIE BROWNE, HENRY WILSON, )
LEROY BROWN, GLENN CAPEL, )
CHRISTINA COLEMAN, J. YVES LABORDE, )
MARSHELL MILLER, CARNELL MOORE, )
MARK JOHNSON, CATHY BENDER- )
JACKSON, and STEPHEN SMARTT, )
Individually on behalf of themselves )
and all others )
similarly situated, )    Case No. 05-C-6583
 )
        Plaintiffs, )
 )    Judge Robert W. Gettleman
v. )    Magistrate Judge Morton Denlow
 )
MERILL LYNCH, PIERCE, FENNER )
& SMITH, INCORPORATED, )
 )    Jury Trial Demanded
 )
        Defendant. )

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs George McReynolds, Maroc Howard, LaRue Gibson, Jennifer Madrid, Frankie

Ross, Marva York, Leslie Browne, Henry Wilson, Leroy Brown, Glenn Capel, Christina

Coleman, J. Yves LaBorde, Carnell Moore, Mark Johnson, Cathy Bender-Jackson, and Stephen

Smartt ("Plaintiffs") respectfully submit their Motion for Class Certification ("Motion"), and in

support thereof state as follows:

1.    Plaintiffs move for certification of a class African American Financial Advisors

("FAs" or "brokers") and FA Trainees ("Trainees") who are or were employed in the retail

brokerage unit, referred to as Global Private Client ("GPC"), of Defendant Merrill Lynch, Pierce,

1

Fenner & Smith, Incorporated[1] ("Defendant" or "Merrill Lynch"), from January 1, 2001 to the present.[2]

2.       Plaintiffs allege that Merrill Lynch engaged in a pattern or practice of intentional race discrimination and segregation and employed policies and practices that had a disparate impact on African Americans in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, and Section 1977 of the Revised Statutes, and 42 U.S.C. Section 1981. Plaintiffs' common, compatible theories of race discrimination present inherent class-wide proof and turn on questions of fact and law common to the class.

3.       In support of their motion and as set forth in the accompanying Memorandum of Law, Plaintiffs present extensive common statistical and other expert evidence, as well as common anecdotal evidence, to support their contention that Merrill Lynch's uniform policies and practices harmed African Americans in its retail brokerage unit, including the Firm's discriminatory practices regarding hiring, teams, client account transfers and distributions, the assignment of resources and business opportunities, compensation, and the assessment and selection of management.

4.       The evidence presented in support of certification demonstrates that there are numerous issues of liability and damages common to the class as a whole that warrant class treatment. Plaintiffs present common evidence demonstrating a uniform branch office, management and job structure at Merrill Lynch; a strong, uniform, and racially-biased corporate culture that ensures uniformity and consistency in practices and attitudes across the Firm;

---

[1] On September 15, 2008, Bank of America Corporation announced that it will acquire Merrill Lynch, and so will assume liability for this action. *See* http://www.ml.com/index.asp.

[2] The putative class includes brokers, broker trainees and persons hired with intent to enter the Firm's broker training program, even if they never received a broker production number; persons who had production numbers but also performed managerial duties, including sales or producing managers; and persons who attended the firm's management assessment center.

uniform, Firm-wide employment polices and practices; and an awareness by Merrill Lynch of its rampant racial discrimination and refusal to take effective remedial action.

5.      Plaintiffs' statistical expert analyses demonstrate that Merrill Lynch's common employment policies and practices result in statistically significant racial disparities to the disadvantage of African Americans.  For example, since 2001, African Americans at Merrill Lynch have suffered higher rates of attrition and earned less compensation than similarly situated white employees by statistically significant margins.  African Americans are also excluded from teams and receive fewer and less favorable client accounts than whites, again by statistically significant margins.

6.      Plaintiffs' social science expert concludes, among other things, that the Firm's common employment practices are structured and implemented so as to disadvantage African Americans, are riddled with racial stereotypes about its African American employees and clients, and encourage or fail to deter racial bias.

7.      Plaintiffs present extensive anecdotal evidence of discrimination, including the sworn statements of over 60 current and former African American Financial Advisors and Financial Advisor Trainees who worked for Merrill Lynch in its retail brokerage branch offices across the country.  These Declarants attest that they were subjected to and harmed by the same discriminatory policies and practices challenged in this lawsuit, as well as the Firm's racially biased corporate culture, which infected employment decisions to the detriment of African Americans.

8.      Plaintiffs' proposed class warrants class treatment under Rule 23 because it satisfies all requirements of Rule 23(a), as well as Rule 23(b)(2) and 23(b)(3).  The proposed class numbers over 700 class members dispersed across the country and presents common

3

questions of law and fact, including whether the Firm's national, uniform policies result in race discrimination. Plaintiffs were subjected to the same discriminatory practices as the class at large, so their claims are typical. The class representatives have diligently pursued the claims on behalf of the class and are represented by experienced class counsel.

9.      Plaintiffs' proposed class should be certified under Rule 23(b)(2), for liability and equitable relief, as well as common damage issues, because Merrill Lynch "has acted or refused to act on grounds generally applicable to the class," making injunctive or declaratory relief "appropriate … with respect to the class as a whole." Rule 23(b)(2). Plaintiffs have alleged and will present at trial common evidence that Merrill Lynch acted unlawfully by employing Firm-wide, discriminatory practices that adversely affected class members as a whole. Plaintiffs therefore seek declaratory, injunctive and equitable relief with respect to the class as a whole.

10.      Plaintiffs' proposed class also meets the requirements of Rule 23(b)(3) because (1) questions of law and fact common to the class predominate over questions affecting only individual class members, and (2) class treatment is superior to other available methods for the fair and efficient adjudication of the class claims. *See* Fed.R.Civ.P. 23(b)(3). Under Seventh Circuit law, a class action is a superior method to fairly and efficiently resolve Plaintiffs' claims because of the policy interests underlying Title VII and principles of judicial economy. *See Allen v. Int'l Truck & Engine Corp.*, 358 F.3d 469 (7th Cir. 2004).

11.      Class certification is also warranted based on the routine certification of nearly identical broker classes, including a sex discrimination class stipulated to by Merrill Lynch and approved by a Court in this district. *See, e.g., Cremin v. Merrill Lynch*, 328 F. Supp. 2d 865, 867-8 (N.D. Ill. 2004).

4

12.     Plaintiffs respectfully submit that class treatment of this case provides an efficient and effective means to bring justice to African Americans who have been denied equal employment opportunities and to put an end to the pervasive race discrimination that has flourished for so long at Merrill Lynch.  Plaintiffs have established the requirements for class certification under Rule 23 and request that this Court grant their motion for class certification.

13.     In support of this motion, Plaintiffs have submitted herewith their supporting Memorandum of Law filed under seal, along with a motion for leave to file under seal and to file a brief in excess of 15 pages.

WHERFORE, for the reasons stated above and in Plaintiffs' Memorandum of Law In Support Of Motion For Class Certification filed under seal, Plaintiffs respectfully request certification of the above-defined class.

Respectfully submitted,

STOWELL & FRIEDMAN, LTD.

By      /s/ Linda D. Friedman
_____
One of the Attorneys for Plaintiffs

Electronically filed on: November 18, 2008

Mary Stowell – Attorney No. 02750015
Linda D. Friedman – Attorney No. 06190092
Suzanne E. Bish – Attorney No. 06242534
Stowell & Friedman, Ltd.
321 Plymouth Court, Suite 1400
Chicago, IL 60604
(312) 431-0888

## <u>CERTIFICATE OF SERVICE</u>

I, Suzanne Bish, an attorney, hereby certify that on November 18, 2008, I caused a true and correct copy of Plaintiffs' Motion For Class Certification to be served via ECF and a true and correct copy of *Plaintiffs' Motion for Class Certification* to the following counsel of record:

| | |
|---|---|
| Jeffrey S. Klein | Lori Lightfoot |
| Nicholas J. Pappas | Mayer Brown |
| Salvatore Romanello | 71 S. Wacker Drive |
| Weil, Gotshal & Manges LLP | Chicago, IL 60606 |
| 767 Fifth Avenue | phone: (312) 782-0600 |
| New York, NY 10153 | fax: (312) 701-7711 |
| phone: (212) 310-8000 | llightfoot@mayerbrown.com |
| fax: (212) 310-8007 | |
| jeffrey.klein@weil.com | |

/s/ Suzanne Bish
_____
One of the Attorneys for Plaintiffs

Mary Stowell – Attorney No. 02750015
Linda D. Friedman – Attorney No. 06190092
Suzanne E. Bish – Attorney No. 06242534
Stowell & Friedman, Ltd.
321 Plymouth Court, Suite 1400
Chicago, IL 60604
(312) 431-0888