IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MCREYNOLDS, et al., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, <br><br> Defendant. | No. 05-C-6583 <br><br> Judge Robert W. Gettleman <br><br> Magistrate Judge Denlow |

## REPLY IN SUPPORT OF MOTION TO COMPEL

Plaintiffs, on behalf of themselves and all others similarly situated, by and through their attorneys, Stowell & Friedman, Ltd., submit the following in reply to Defendant's Memorandum in Opposition to Motion to Compel.

1. Defendant argues that Plaintiffs did not seek the same version of the addresses and names of its clients during discovery that form the basis of its expert reports. This is silly.

2. Among other things, Plaintiffs sought from Defendant all information they provided to a company Defendant hired to racially profile its clients. This company studied the names and addresses of Merrill Lynch clients and coded them by race, religion and other factors. Exhibit 2 to Motion to Compel.

3. Plaintiffs also served a subpoena on the company to produce the data it received from Merrill Lynch and prepared for Merrill Lynch. Exhibit 3 to Motion to Compel.

4. Clearly, Plaintiffs wanted to study clients by race and address in anticipation of a defense Merrill Lynch might raise. Merrill Lynch bullied the object of the subpoena and charged that Plaintiffs were on a "fishing expedition" for information that was not relevant.

5. Now, a year later, Merrill Lynch is doing the exact same thing that it told Plaintiffs was not relevant and a "fishing expedition." Merrill Lynch argues without support that the data is different. But, other than a year passing between when Plaintiffs first requested data and now, there is nothing different about the data. Merrill Lynch fails to explain why this matters. Of course, it refuses to produce any data—what Plaintiffs previously requested or what its experts studied.

6. Merrill Lynch now submits a declaration and contends that it zealously guards the names and addresses of its clients. Yet, Merrill Lynch does not dispute that it tendered the names and addresses to the third party vendor to racially profile its clients. The attached File Format of the data that would have been produced in response to the discovery request and subpoena is attached hereto. (*See* Exhibit A, filed under seal). Merrill Lynch concedes that it tendered customer name and addresses to InfoUSA for "a specific purpose of approximating race, religion and gender of clients." Merrill Lynch's Response at 5. This is precisely what Merrill Lynch's expert used the same or nearly identical data to accomplish, assigning race to clients. It also now uses the address not only to assume race but also wealth.

7. Based on the parties' meet and confers, Plaintiffs were assured that Merrill Lynch would not use data that it refused to produce in discovery to Plaintiffs and that its experts would be working from the same data set as Plaintiffs. Plaintiffs understood that Merrill Lynch would be held to this reasonable position and would not be allowed to offer a racial profile of its clients

predicated on address because it refused to produce discovery to Plaintiffs that would allow Plaintiffs to either engage in such a study or to refute the study.

6. What is at issue here is quite simple. Merrill Lynch wants to present to a fact finder a racial profile of its clients to support its speculation that white FAs have greater access to wealth of white clients. Thus, Merrill Lynch, not Plaintiffs, interjected its clients' addresses and wealth into this case. Having placed at issue the race and wealth of its clients, Merrill Lynch should not be allowed to bar Plaintiffs from responding to the study.

7. In essence, Merrill Lynch stepped into the shoes of its expert's study with a set of data that included actual addresses for clients. Instead of having its expert perform the data analysis, Merrill Lynch acted as a consultant to its own expert and converted the addresses to 100 block addresses for the admitted purpose of barring Plaintiffs access to the data. While Defendant's expert may be willing to blindly rely on the data Merrill Lynch "cut" without testing its integrity or otherwise understanding its composition, this is not basis for withholding the data from Plaintiffs, who require this information to understand, test and respond to Defendant's experts. Indeed, Plaintiffs have a right to test the reliability of the data cut and to challenge the experts' conclusions. Providing Plaintiffs with the names allows Plaintiffs to establish that the expert assigned race to corporate accounts. Likewise, providing Plaintiffs with the addresses allows Plaintiffs to establish that the expert predicted individual wealth based on the corporate address of where a person was employed. These flaws in the study are not insignificant.

8. Confidential and sensitive information is produced regularly in litigation and has been produced in this case. The Protective Order this Court entered provides sufficient protection to Merrill Lynch's clients. Indeed, in class action securities claims, the names and addresses of clients are routinely provided to Class Counsel to serve Notice and otherwise represent the Class.

Thus, contrary to Merrill Lynch's assertion, there is no absolute bar to a federal court's grant of discovery in a federal civil rights claim where the discovery is relevant to a central defense.

9. As officers of the Court, Plaintiffs' counsel represent that they will honor the protective order and any other condition the Court places on production of the data.

                Respectfully submitted,

                STOWELL & FRIEDMAN, LTD.

        By:    /s/ Linda D. Friedman

Electronically filed on December 19, 2008

Linda D. Friedman – Attorney No. 06190092
STOWELL & FRIEDMAN, LTD.
321 Plymouth Court, Suite 1400
Chicago, IL 60604
(312) 431-0888

## CERTIFICATE OF SERVICE

I, Linda D. Friedman, an attorney, hereby certify that on December 19, 2008, I caused a true and correct copy of attached *Reply In Support of Motion To Compel* to be served via ECF on the following counsel of record:

Jeffrey S. Klein
Nicholas J. Pappas
Salvatore Romanello
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
phone: (212) 310-8000
fax: (212) 310-8007
jeffrey.klein@weil.com

Lori Lightfoot
Mayer Brown Rowe & Maw
71 S. Wacker Drive
Chicago, IL 60606
phone: (312) 782-0600
fax: (312) 701-7711
llightfoot@mayerbrown.com

/s/ Linda D. Friedman