IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE MCREYNOLDS et al., | ) | |
| Individually on behalf of themselves | ) | |
| and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  05 C 6583 |
| | ) | |
| vs. | ) | Judge Robert W. Gettleman |
| | ) | |
| MERRILL LYNCH, PIERCE, FENNER | ) | Magistrate Judge Denlow |
| & SMITH, INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DECLARATIONS OF CURRENT AND FORMER MERRILL LYNCH EMPLOYEES

Lori E. Lightfoot
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600 (Phone)
(312) 701-7711 (Facsimile)

Jeffrey S. Klein
Nicholas J. Pappas
Salvatore A. Romanello
Allan Dinkoff
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000 (Phone)
(212) 310-8007 (Facsimile)

*Attorneys for Defendant*
*Merrill Lynch, Pierce, Fenner*
*& Smith, Incorporated*

T<span>ABLE OF</span> C<span>ONTENTS</span>

Table Of Authorities ...................................................................................................... ii

Summary Of The Argument ........................................................................................... 1

Argument ........................................................................................................................ 1

I.     The Court Should Strike Declarations And Statements That Fail To Meet Evidentiary Standards And Rules. ........................................................................ 1

II.    The Declarations Of Current And Former Merrill Lynch Employees Fail Basic Evidentiary Requirements. .................................................................................... 3

      A.    The Declarants' Nearly Identical, Conclusory Assertions Are Not Probative Evidence And Should Be Disregarded. ................................. 3

      B.    The Declarants' Few Other Assertions Also Fail Basic Evidentiary Requirements And Should Be Disregarded. ......................................... 6

          1.    Belief-Based Statements And Hunches Are Irrelevant And Should Be Stricken. ................................................................................ 6

          2.    Vague, Unsupported Assertions Regarding Employment Actions or Circumstances Are Not Probative. ......................................... 7

          3.    Vague, Conclusory Allegations Regarding Isolated Events Or Statements Fail Evidentiary Standards. ..................................... 9

          4.    Vague, Conclusory Assertions Not Tied To The Class Period Are Not Probative Of Class-Certification Issues. .......................... 10

          5.    Assertions By "Steering Committee" Members Likewise Are Not Probative And Fail Basic Evidentiary Standards. ..................... 11

Conclusion .................................................................................................................... 12

TABLE OF AUTHORITIES

**CASES**

*Abioye v. Sundstrand Corp.*,
164 F.3d 364 (7th Cir. 1998) ............................................................................8

*Alford v. Kendall County Dep't of Health*,
No. 07 C 4528, 2008 U.S. Dist. LEXIS 96547 (N.D. Ill. Nov. 24, 2008) ......................5, 9

*Bahl v. Royal Indem. Co.*,
115 F.3d 1283 (7th Cir. 1997) ............................................................................10

*Barth v. Village of Mokena*,
No. 03 C 6677, 2006 WL 862673 (N.D. Ill. Mar. 31, 2006) ............................................10

*Chiaramonte v. Fashion Bed Group, Inc.*,
129 F.3d 391 (7th Cir. 1997) ......................................................................7, 10

*Commander Props. Corp. v. Beech Aircraft Corp.*,
164 F.R.D. 529 (D. Kan. 1995) ............................................................................2

*Converse v. Ameritech Corp.*,
179 F.R.D. 533 (W.D. Mich. 1997) ............................................................................2

*Crabtree v. Nat'l Steel Corp.*,
261 F.3d 715 (7th Cir. 2001) ............................................................................10

*Drake v. Minn. Mining & Mfg. Co.*,
134 F.3d 878 (7th Cir. 1998) ............................................................................9

*Eversole v. EMC Mortgage Corp.*,
No. 05-124-KSF, 2007 U.S. Dist. LEXIS 38892 (E.D. Ky. May 29, 2007) ......................2

*Fed. Deposit Ins. Corp. v. Meyer*,
781 F.2d 1260 (7th Cir. 1986) ............................................................................3

*Friedel v. City of Madison*,
832 F.2d 965 (7th Cir. 1987) ............................................................................3

*Gen. Tel. Co. of the Sw. v. Falcon*,
457 U.S. 147 (1982) ............................................................................1

*Genenbacher v. CenturyTel Fiber Co. II, LLC*,
244 F.R.D. 485 (C.D. Ill. 2007) ......................................................................1, 2

*Gibson v. AT&T Corp.*,
    No. 98-4044, 1999 U.S. App. LEXIS 26433 (7th Cir. Oct. 14, 1999) ...............................8

*Hadley v. County of Du Page*,
    715 F.2d 1238 (7th Cir. 1983) ........................................................................3

*Holman v. Revere Elec. Supply Co.*,
    No. 05-2057, 2005 U.S. App. LEXIS 24613 (7th Cir. Nov. 15, 2005) ......................... 4-5

*Hurley v. United States HealthWorks Med. Group of Wash., P.S.*,
    No. CV-05-0017-EFS, 2006 U.S. Dist. LEXIS 44062 (E.D. Wash. June 27, 2006)...........2

*Jiminez v. Domino's Pizza, Inc.*,
    238 F.R.D. 241 (C.D. Cal. 2006) ......................................................................4

*Koski v. Standex Int'l Corp.*,
    307 F.3d 672 (7th Cir. 2002) ..........................................................................7

*Mars Steel Corp. v. Cont'l Bank N.A.*,
    880 F.2d 928 (7th Cir. 1989) ..........................................................................2

*Massey v. Zema Sys. Corp.*,
    No. 95 C 3504, 1998 U.S. Dist. LEXIS 15736 (N.D. Ill. Sept. 30 1998).......................5, 8

*Morrow v. Wal-Mart Stores, Inc.*,
    152 F.3d 559 (7th Cir. 1998) ..........................................................................9

*O'Regan v. Arbitration Forums, Inc.*,
    246 F.3d 975 (7th Cir. 2001) ..........................................................................7

*Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*,
    487 F.3d 261 (5th Cir. 2007) ..........................................................................2

*Puffer v. Allstate Ins. Co.*,
    255 F.R.D. 450 (N.D. Ill. 2009) ...................................................................5, 11

*Rapid Test Prods., Inc. v. Durham Sch. Servs.*,
    No. 03 C 2431, 2009 U.S. Dist. LEXIS 10266 (N.D. Ill. Feb. 10, 2009).......................7, 9

*Rogers v. City of Chi.*,
    320 F.3d 748 (7th Cir. 2003) ..........................................................................6

*Scaife v. Cook County*,
    446 F.3d 735 (7th Cir. 2006) ..........................................................................5

*Short v. FMC Corp.*,
    No. 84 C 8540, 1987 U.S. Dist. LEXIS 3428 (N.D. Ill. Apr. 24, 1987)..............................2

*Springer v. Durflinger*,
    518 F.3d 479 (7th Cir. 2008) ...........................................................................................7

*Srail v. Village of Lisle*,
    249 F.R.D. 544 (N.D. Ill. 2008).......................................................................................2

*Szabo v. Bridgeport Machs., Inc.*,
    249 F.3d 672 (7th Cir. 2001) ...........................................................................................1

*Toney v. Rosewood Care Ctr., Inc.*,
    No. 98 C 0693, 1999 U.S. Dist. LEXIS 4744 (N.D. Ill. Mar. 31, 1999) ........................2, 3

*Uhl v. Zalk Josephs Fabricators, Inc.*,
    121 F.3d 1133 (7th Cir. 1997) .........................................................................................7

*Unger v. Amedisys Inc.*,
    401 F.3d 316 (5th Cir. 2005) ...........................................................................................2

*Visser v. Packer Eng'g Assocs., Inc.*,
    924 F.2d 655 (7th Cir. 1991) ...........................................................................................3

*Williams v. Nat'l City Bank of Ind.*,
    No. 99-4250, 2000 U.S. App. LEXIS 11819 (7th Cir. May 22, 2000)..............................8

## STATUTES AND RULES

FED. R. CIV. P. 23..........................................................................................................1, 2

FED. R. CIV. P. 56(E) .....................................................................................................2, 3

FED. R. EVID. 602 ...........................................................................................................3

FED. R. EVID. 701 ...........................................................................................................3

FED. R. EVID. 801-807....................................................................................................3

FED. R. EVID. 1101(d) .....................................................................................................2

## SUMMARY OF THE ARGUMENT

In support of their class certification motion, Plaintiffs have submitted stock declarations from 44 current and former employees of Merrill Lynch, none of which is of evidentiary value and each of which should be stricken or disregarded.  These nearly identical declarations simply repeat bald, conclusory allegations—*e.g.*, "I believe that I was subjected to and harmed by . . . discriminatory policies and practices," Merrill Lynch "maintains a racially biased corporate culture," and "my overall compensation was lower than it would have been" absent discrimination—without providing *any* factual specifics or other bases for these sweeping statements and speculative, cookie-cutter assertions.  The declarants' allegations are without foundation, often are not tied to the class period at issue, and are so lacking in specifics as to the who, what, when, where, and how that they fail even the most basic evidentiary standards—indeed, they simply reinforce Plaintiffs' inability to meet class-certification requirements.

Accordingly, the declarations of current and former Merrill Lynch employees should be stricken and the statements disregarded for purposes of the class-certification proceedings.

## ARGUMENT

## I.     THE COURT SHOULD STRIKE DECLARATIONS AND STATEMENTS THAT FAIL TO MEET EVIDENTIARY STANDARDS AND RULES.

"[A] Title VII class action, like any other class action, may only be certified if the trial court is satisfied, after a *rigorous analysis*, that" Rule 23's requirements have been met.  *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982) (emphasis added).  This "rigorous analysis" demands more from plaintiffs than mere non-descript allegations that certification is appropriate; compliance with Rule 23 must be demonstrated.  *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676, 677 (7th Cir. 2001).  Accordingly, during class-certification proceedings and the "preliminary inquiry into the merits" that they entail, *id.* at 676, plaintiffs bear the burden of showing that Rule 23's factual and legal requirements have been met.  *Genenbacher v. CenturyTel Fiber Co. II, LLC*, 244 F.R.D. 485, 487 (C.D. Ill. 2007).

While the Seventh Circuit has not ruled definitely on the question, numerous courts, including district courts in the Seventh Circuit, have rejected the notion that "anything goes" in class-certification proceedings and have applied general evidentiary standards when examining

whether Rule 23's requirements have been met.[1]  The Fifth Circuit mandates that findings "be made based on adequate *admissible* evidence to justify class certification."  *Unger v. Amedisys Inc.*, 401 F.3d 316, 325 (5th Cir. 2005) (emphasis added); *see also, e.g.*, *Eversole*, 2007 U.S. Dist. LEXIS 38892, at *21 (citing *Unger* in non-securities litigation when refusing to consider hearsay in connection with certification ruling).   And the Seventh Circuit has noted the "plausible" basis for concluding that the Federal Rules of Evidence apply to class-action fairness hearings, which arguably are subject to less rigorous evidentiary standards than certification proceedings.  *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989) (en banc).  As the Seventh Circuit noted, Rule 1101(d) of the Federal Rules of Evidence is explicit about which proceedings are not covered by the Rules of Evidence, and proceedings under Rule 23 are not listed as an excluded proceeding, which suggests that they in fact are covered.  *Id.*

The recent changes to Rule 23 deleting the characterization of a class-certification order as "conditional" strongly support applying the Rules of Evidence to the submissions made in support of class certification, since as the advisory committee notes explain, courts should refuse certification unless plaintiffs have satisfied each Rule 23 requirement.  *Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*, 487 F.3d 261, 267 (5th Cir. 2007).   Underlying this subtle change is the reality that a class-certification order "often bestows upon plaintiffs extraordinary leverage" and, as a result, the order's "bite should dictate the process that precedes it."  *Id.*

---

[1]  *See, e.g.*, *Genenbacher*, 244 F.R.D. at 489 (rejecting hearsay evidence when ruling on class certification); *Toney v. Rosewood Care Ctr., Inc.*, No. 98 C 0693, 1999 U.S. Dist. LEXIS 4744, at *8-*9 (N.D. Ill. Mar. 31, 1999) (striking affidavit for lack of personal knowledge, in connection with certification ruling); *Converse v. Ameritech Corp.*, 179 F.R.D. 533, 536 (W.D. Mich. 1997) (refusing to admit hearsay filed in support of certification); *Short v. FMC Corp.*, No. 84 C 8540, 1987 U.S. Dist. LEXIS 3428, at *17-*18 (N.D. Ill. Apr. 24, 1987) (rejecting statements for lack of foundation and as hearsay when ruling on certification); *Hurley v. United States HealthWorks Med. Group of Wash., P.S.*, No. CV-05-0017-EFS, 2006 U.S. Dist. LEXIS 44062, at *4-*5 (E.D. Wash. June 27, 2006) (striking, for lack of personal knowledge and as legal conclusions, statements filed in support of certification); *Commander Props. Corp. v. Beech Aircraft Corp.*, 164 F.R.D. 529, 542 (D. Kan. 1995) (citing Fed. R. Civ. P. 56(e) and striking, for lack of personal knowledge, statements filed in support of certification).  Other courts likewise consider only admissible evidence for class-certification purposes.  *See, e.g.*, *Srail v. Village of Lisle*, 249 F.R.D. 544, 557 (N.D. Ill. 2008) (examining the "admissible evidence" offered in support of certification); *Eversole v. EMC Mortgage Corp.*, No. 05-124-KSF, 2007 U.S. Dist. LEXIS 38892, at *21 (E.D. Ky. May 29, 2007) (concluding that no "admissible evidence" had been offered); *Hurley*, 2006 U.S. Dist. LEXIS 44062, at *20-*21 (same); *Jiminez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 246 (C.D. Cal. 2006) (considering only "admissible" evidence); *Short*, 1987 U.S. Dist. LEXIS 3428, at *17-*18 (noting that the "showings required by Rule 23 must generally be made by competent admissible evidence" (internal quotation marks and citation omitted)).

Therefore, applying the Federal Rules of Evidence is an essential part of performing the rigorous analysis into class certification decisions mandated by the Supreme Court and the Seventh Circuit.  As set forth below, because the declarations each fail basic evidentiary standards, all should be stricken for purposes of the class-certification inquiry.[2]

## II. THE DECLARATIONS OF CURRENT AND FORMER MERRILL LYNCH EMPLOYEES FAIL BASIC EVIDENTIARY REQUIREMENTS.

Under the general rules governing affidavits and declarations, the "affiant, like any witness in a case other than an expert witness, must only testify to matters within his personal knowledge," *Toney*, 1999 U.S. Dist. LEXIS 4744, at *8; the affiant's inferences and opinions "must be grounded in observation or other first-hand personal experience" and cannot be "flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience," *Visser v. Packer Eng'g Assocs., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991) (en banc); and bald assertions or conclusory statements should be disregarded because "specific concrete facts establishing . . . the truth of the matter asserted" are required.  *Hadley v. County of Du Page*, 715 F.2d 1238, 1243 (7th Cir. 1983); *see also* Fed. R. Civ. P. 56(e) (requiring an affidavit to "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated"); Fed. R. Evid. 602 (requiring evidence of personal knowledge); Fed. R. Evid. 701 (limiting lay witnesses' opinions or inferences to those rationally based on their perception and helpful to a clear understanding of their testimony or the determination of a fact in issue).  And, of course, hearsay is inadmissible absent an applicable exception.  *See generally* Fed. R. Evid. 801-807.

### A. The Declarants' Nearly Identical, Conclusory Assertions Are Not Probative Evidence And Should Be Disregarded.

The declarations of current and former Merrill Lynch employees submitted by Plaintiffs are comprised of speculation, improper opinions, and broad, conclusory allegations; the declarations lack specific, relevant facts and fail to provide any foundation or to establish that the

---

[2] Although the "motion to strike" authorized in Federal Rule of Civil Procedure 12(f) expressly applies only to pleadings, the Seventh Circuit has extended the motion's use to affidavits and declarations, stating that a party must file a motion to strike an affidavit or statements therein or risk waiving its objections in that regard.  *See, e.g.*, *Friedel v. City of Madison*, 832 F.2d 965, 971 n.4 (7th Cir. 1987); *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1267 (7th Cir. 1986).

alleged matters are within the affiants' personal knowledge.[3]  Rather, the declarations reflect precisely the types of hunches, intuitions, and general statements that are not probative evidence.

Of the 44 declarations, the vast majority are based on some combination of the following assertions, with only the most minor wording variations:



These vague, speculative opinions and broad, conclusory assertions are no different than the legions of similar statements repeatedly rejected by courts as failing basic evidentiary requirements.  Indeed, only a few years ago the Seventh Circuit upheld a district court's decision to strike statements that "(1) there were 'incidents of racial bias'; (2) [the plaintiff was subjected] to 'undue verbal harassment'; (3) there was 'disparate treatment'; [and] (4) [the] plaintiff was terminated because of his race and physical handicap" because the statements were "just the sort of legal conclusions that we have found improper before."  *Holman v. Revere Elec. Supply Co.*, No. 05-2057, 2005 U.S. App. LEXIS 24613, at *4 (7th Cir. Nov. 15, 2005); *see also Scaife v.*

---

[3] For the Court's convenience, attached hereto as Exhibit A is a list of evidentiary objections, by paragraph, for each declaration.

*Cook County*, 446 F.3d 735, 740 (7th Cir. 2006) (characterizing as "conclusory" the assertion that "the terms and conditions of my employment were significantly different and less favorable than for white employees").

District courts likewise have concluded that assertions of "a 'male-dominated' or 'boys' club' culture, unaccompanied by a time frame or specific discriminatory act, are too vague to be helpful," *Puffer v. Allstate Ins. Co.*, 244 F.R.D. 450, 467 (N.D. Ill. 2009); assertions of an "allegedly anti-male 'spirit of the place'" lack foundation and "amount[] to nothing more than inadmissible speculation," *Alford v. Kendall County Dep't of Health*, No. 07 C 4528, 2008 U.S. Dist. LEXIS 96547, at *19 (N.D. Ill. Nov. 24, 2008); and "conclusory legal statements, such as that something happened to [a person] 'because of' their gender, are not probative of commonality without first-hand factual support," *Puffer*, 244 F.R.D. at 467; *see also Massey v. Zema Sys. Corp.*, No. 95 C 3504, 1998 U.S. Dist. LEXIS 15736, at *14-*15 (N.D. Ill. Sept. 30 1998) (disregarding assertions that "'I have been denied promotions at the company because I am African-American'").

Accordingly, the declarations submitted by Plaintiffs should be stricken for failing to satisfy these basic evidentiary standards. Twelve of the declarations are based solely on the bald, conclusory assertions noted above and thus should be disregarded in their entirety.[4] Of the remaining declarations, nearly all (twenty-seven) are comprised almost entirely of the assertions noted above.[5] As demonstrated below, these assertions should be stricken as well from each of those declarations, and because the declarations are otherwise of no evidentiary value— containing only a few vague, speculative, and unsupported allegations in addition to those noted above—they likewise should be disregarded in their entirety.

---

[4] Badger (¶¶6-9); Bush (¶¶6-9); Chapman (¶¶6-8); Doherty (¶¶6-9); Jones (¶¶8-10); Lewis (¶¶6-8); Mitchell (¶¶7-10); Peterside (¶¶7-9); Powell (¶¶7-9); Senegal (¶¶9-12); Standard (¶¶8-11); Thomas (¶¶6-9).

[5] Bailey (¶¶6-9); Baker-White (¶¶6-8); Barnett (¶¶7-11); Bell (¶¶7-9); Burke (¶¶6-9); Cheek (¶¶8-12); Dede (¶¶7-11); Dedrick (¶¶7-11); Evans (¶¶7-12); Freeman (¶¶7-9); Glover (¶¶5-8); Hemingway (¶¶8-12); Hodges (¶¶6-10); Hunter (¶¶6-9); Johnson (¶¶7-11); Langford (¶¶6-9); Meeks (¶¶6-10); Meme (¶¶6-9); Mills-Williams (¶¶7-10); Monts (¶¶7-10); Murry (¶¶8-12); Sholars (¶¶8-12); Sims (¶¶7-12); Sullivan (¶¶7-11); Taylor (¶¶6-10); Thompson (¶¶7-9); Wright (¶¶6-12).

**B.      The Declarants' Few Other Assertions Also Fail Basic Evidentiary Requirements And Should Be Disregarded.**

To the extent that some declarations contain additional statements beyond the bald, conclusory assertions detailed above, none of those additional statements alters the appropriate outcome, for two reasons.  First, the Court is under no obligation to scour the declarations to determine whether some meager part might be acceptable for consideration.[6]  Second, as set forth below, even a detailed, line-by-line review of the few other assertions contained in the declarations reveals that they are vague, speculative, conclusory allegations that are without foundation and fail basic evidentiary requirements, providing an independent basis for striking those particular statements and further confirming that all of the declarations should be disregarded in their entirety.

**1.      Belief-Based Statements And Hunches Are Irrelevant And Should Be Stricken.**

Among the other assertions contained in the declarations are a host of belief-based statements, most asserting that employment actions were tied to race, such as



[7]  But, as set forth above, these belief-based statements and "hunches" are meaningless.  These allegations not only lack the requisite factual specifics, but in addition, absent personal knowledge of another party's motives, these

---

[6] "[A] district court [is] under no obligation to scour [an] affidavit in order to glean what little admissible evidence it may have contained."  *Rogers v. City of Chi.*, 320 F.3d 748, 751 (7th Cir. 2003) (rejecting argument that affidavit was improperly excluded because "some paragraphs" allegedly were admissible).

[7] *See also*

speculative comments regarding why a particular employment action was taken are of no evidentiary value.  *See Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 397 (7th Cir. 1997) ("Statements by a non-decision-maker that amount to mere speculation as to the thoughts of the decision-maker are irrelevant to our inquiry."); *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 986-87 (7th Cir. 2001) (same).

In this Circuit, "[f]acts, not an employee's perceptions and feelings, are required to support a discrimination claim," *Uhl v. Zalk Josephs Fabricators, Inc.*, 121 F.3d 1133, 1137 (7th Cir. 1997), and vague statements regarding "how the employees felt," such as a feeling that "younger people were generally treated more favorably than older people," are "simply not specific enough to use as evidence." *Koski v. Standex Int'l Corp.*, 307 F.3d 672, 678 (7th Cir. 2002).  A court "cannot infer that personal knowledge exists where the affiant has not laid a foundation," *Rapid Test Prods., Inc. v. Durham Sch. Servs.*, No. 03 C 2431, 2009 U.S. Dist. LEXIS 10266, at *10 (N.D. Ill. Feb. 10, 2009), and absent personal knowledge of a party's motives, speculative assertions such as "'I believe,'" "'my common sense tells me,'" or "'I felt it was obvious,'" "highlight[] *the complete lack of evidence*" on the issue.  *Springer v. Durflinger*, 518 F.3d 479, 484-85 (7th Cir. 2008) (emphasis added).  Accordingly, the belief based assertions set forth above should be stricken.

### 2.    Vague, Unsupported Assertions Regarding Employment Actions or Circumstances Are Not Probative.

Some declarants offer similarly unsupported assertions regarding employment actions or workplace circumstances.  For example, a few declarants assert that they were treated differently than other employees, broadly alleging that ██████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████.  Other declarants vaguely assert that management opportunities were not provided or that complaints went unanswered, alleging  that  ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████

7

But as set forth above, these and other, similar assertions[8] are precisely the types of conclusory statements that fail even the most basic evidentiary requirements—the declarants provide no factual information supporting these bald, speculative statements and nothing to establish personal knowledge of the matter asserted.[9]

The Seventh Circuit has held, for example, that allegations that "'younger white lenders were treated more favorably, assigned the 'most desirable clients,' and 'given credit in performance evaluations for loan growth or income from assigned accounts, while I was not,'" were "conclusory and speculative" assertions properly disregarded by the district court. *Williams v. Nat'l City Bank of Ind.*, No. 99-4250, 2000 U.S. App. LEXIS 11819, at *11 (7th Cir. May 22, 2000). Likewise, a district court "appropriately" disregarded affidavits asserting that "male co-workers arrive[d] late to work without being disciplined" because "the affiants neither possessed personal knowledge of the male employees' attendance records nor identified specific male employees." *Gibson v. AT&T Corp.*, No. 98-4044, 1999 U.S. App. LEXIS 26433, at *6-*7 (7th Cir. Oct. 14, 1999).

Indeed, the case law is replete with decisions rejecting similarly unhelpful assertions. *See, e.g.*, *Abioye v. Sundstrand Corp.*, 164 F.3d 364, 368 (7th Cir. 1998) (affirming decision to

---

[8] ████████████████████████████████████████████████████████

[9] Likewise, absent specific facts such as the number of African Americans who applied for an FA or management position and their qualifications relative to other applicants, blanket assertions regarding the number of African American FAs in an office and whether they reported to African American managers are not probative. *See, e.g.*, *Massey*, 1998 U.S. Dist. LEXIS 15736, at *14-*15 (disregarding statements that positions "have always been filled by white or Hispanic employees").

strike "conclusory statements" because "none . . . demonstrated, with sufficient particularity, that [the affiants] actually knew whether younger, white employees were treated better than [the plaintiff] . . ."); *Morrow v. Wal-Mart Stores, Inc.*, 152 F.3d 559, 563 (7th Cir. 1998) (rejecting statements for lack of "any specifics about who complained, to whom complaints were made, the nature of the complaints, or how [the affiant] came to have personal knowledge of these complaints"); *Drake v. Minn. Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) (affirming decision to strike "conclusory" statements that "'Every time I, or any other African American employee went to [management] with a problem involving another employee, who was white, [management] would never conduct an investigation or take any action against that white employee'").[10]

Here, too, such conclusory statements should be disregarded.  Moreover, to the extent that the declarants fail to tie such alleged employment actions to race, those statements are irrelevant to the class-certification inquiry.

### 3. Vague, Conclusory Allegations Regarding Isolated Events Or Statements Fail Evidentiary Standards.

A few of the declarants also assert that particular events occurred or particular statements were made during their tenure at Merrill Lynch but, as with the assertions addressed above, these allegations are not competent evidence and should be stricken. ██████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████.[11]  These unsupported assertions of isolated events should be disregarded.

████████████████████████████████████████████

██████████████████████ █████████████████████████

---

[10] *See also Rapid Test Prods.*, 2009 U.S. Dist. LEXIS 10266, at *11-*12 (rejecting conclusory assertions that the defendant "talked down to African-American people" and that "white people" who assumed "managerial positions . . . did not have the same level of experience . . . as the people they replaced"); *Alford*, 2008 U.S. Dist. LEXIS 96547, at *19 (rejecting "speculat[ive]" and "inadmissible" assertions that an employee "was disciplined for having unsigned treatment plans [while] female clinicians were not").

[11] *See also* ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████.  Any statement by "management" is inadmissible hearsay in that the statement fails to identify a declarant[12] and, even if not submitted to prove the truth of the matter asserted, involves ambiguous language (*i.e.*, that accounts were "good for me") without any basis for concluding that the statement was tied to race.  Moreover, these vague, unsupported assertions are far too conclusory to pass muster—information regarding *who* made the statement, *when* it was made, and with respect to *what* accounts is conspicuously absent.

Other statements alleged by the declarants fare no better,[13] consisting of inadmissible hearsay that, even if not offered for its truth, are no more than "stray remarks," which generally are not actionable unless tied to an employment decision and made by someone able to influence the decision-making process.  *See Bahl v. Royal Indem. Co.*, 115 F.3d 1283, 1292-93 & n.11 (7th Cir. 1997).[14]  In addition, some of the purported statements involve ambiguous language with no supporting link to race—*e.g.*, ██████████████████████████████████████████ and all are so lacking in factual specifics that none are of probative value.  Accordingly, all such statements should be disregarded.

### 4.  Vague, Conclusory Assertions Not Tied To The Class Period Are Not Probative Of Class-Certification Issues.

Many of the declarants' statements fail yet another basic evidentiary requirement, lacking any information that would tie them to the class period at issue.  For example, the assertion that

---

[12] *See, e.g.*, *Barth v. Village of Mokena*, Civ. No. 03 C 6677, 2006 WL 862673, at *7 (N.D. Ill. Mar. 31, 2006).

[13] *See*



[14] *See also Chiaramonte*, 129 F.3d at 397 ("Statements by inferior employees are not probative of an intent to discriminate by the decisionmaker." (internal quotation marks and citation omitted)); *Crabtree v. Nat'l Steel Corp.*, 261 F.3d 715, 723 (7th Cir. 2001) ("Stray remarks made by non-decisionmakers are not evidence that the decision had a discriminatory motive.").



That alleged 10-year period could have been early on in the declarant's tenure, even from 1984 through 1994, and entirely outside of the class period.

. Because these and other such statements lack information tying them to the class period at issue, or relate to events that plainly precede that timeframe, they should be disregarded.[15] *See, e.g.*, *Puffer*, 255 F.R.D. at 467 (concluding that declarations were "of little probative value on the issue of commonality" because they contained "no approximate date as to alleged discriminatory occurrences").

     **5.**    **Assertions By "Steering Committee" Members Likewise Are Not Probative And Fail Basic Evidentiary Standards.**

Finally, four declarations were submitted by "steering committee" members and rest on the same types of conclusory allegations addressed above, such as

"[16] Like the assertions made by the other declarants, these bald conclusions and belief-based statements fail basic evidentiary requirements, are not probative, and should be stricken.

---

[15] Badger (¶¶7-9); Bailey (¶¶7-9); Baker-White (¶¶7-8); Barnett (¶¶8-11); Bridgeman (¶¶5-6); Burke (¶¶6-7, 9); Cheek (¶¶9-12); Davila (¶7); Dedrick (¶¶8-11); Doherty (¶¶6-9); Evans (¶¶8-12); Freeman (¶¶8-9); Glover (¶¶6-8); Hodges (¶¶7-8, 10); Hunter (¶¶7-9); Jones (¶¶9-10); Langford (¶¶7-9); Lewis (¶¶6-8); Meme (¶¶7-9); Monts (¶¶8-10); Murry (¶¶9-12); Peterside (¶¶8-9); Senegal (¶¶10-12); Sholars (¶¶9-12); Slaughter (¶¶6-7); Smith (¶5); Standard (¶¶9-11); Sullivan (¶¶8-11); Taylor (¶¶7-10); Watson (¶6); Wright (¶¶6-10, 12).

[16] Davila (¶¶7, 11); Slaughter (¶¶7, 11); Smith (¶¶5, 9); Watson (¶¶6, 10).

In addition, the steering committee members assert that they have spent time on this lawsuit and have spoken with unnamed individuals in that regard and, on that basis, ███████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████ ,"[17] The declarants' "feelings" on this issue are precisely the types of speculative, unsubstantiated statements that, as set forth above, are completely lacking in probative value.  Moreover, the declarants' primary basis for their asserted "feelings" and "knowledge" is hearsay—including conversations allegedly had with other, unnamed individuals—and the declarants fail to provide any factual specifics, such as *what* information was obtained from *which* individuals and *how* that information translates into "extensive knowledge" or an ability to make class-based recommendations.  Accordingly, these statements should be disregarded.

## CONCLUSION

For the foregoing reasons, the Court should strike the declarations and disregard the statements of the 44 current and former Merrill Lynch employees submitted by Plaintiffs in support of their motion for class certification.

May 15, 2009

/s Lori Lightfoot
Lori E. Lightfoot
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600 (Phone)
(312) 701-7711 (Facsimile)

Jeffrey S. Klein
Nicholas J. Pappas
Salvatore A. Romanello
Allan Dinkoff
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000 (Phone)
(212) 310-8007 (Facsimile)

*Attorneys for Defendants*
*Merrill Lynch, Pierce, Fenner*
*& Smith, Incorporated*

---

[17] Davila (¶¶8-11); Slaughter (¶¶8-11); Smith (¶¶6-9); Watson (¶¶7-10).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE MCREYNOLDS et al., | ) | |
| Individually on behalf of themselves | ) | |
| and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  05 C 6583 |
| | ) | |
| vs. | ) | Judge Robert W. Gettleman |
| | ) | |
| MERRILL LYNCH, PIERCE, FENNER | ) | Magistrate Judge Denlow |
| & SMITH, INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT A**

As set forth above, the declarations of current and former Merrill Lynch employees submitted by Plaintiffs fail basic evidentiary standards and should be stricken or disregarded. Following are the evidentiary objections, by paragraph, for each declaration:

- conclusory (stating a conclusion but without any factual support);

- improper opinion (opining directly on a legal issue by, for example, stating that discrimination occurred or that certain conduct was discriminatory, without a proper factual basis comprised of first-hand, personal knowledge);

- speculation/lack of personal knowledge (stating an opinion or assumption without actual, personal knowledge of what occurred);

- vague (failing to provide information that would tie the statement to the issues in the case);

- hearsay (asserting statements of another named or unnamed person); and/or

- time period (offering no information tying the statement to the class period).

Kathryn Badger

| ¶¶4-5 | Conclusory, speculation |
|---|---|
| ¶6 | Conclusory, improper opinion, speculation |
| ¶¶7-9 | Conclusory, improper opinion, speculation, vague, time period |
| ¶10 | Conclusory, speculation |

Michael C. Bailey

| ¶¶4-5 | Conclusory, speculation |
|---|---|
| ¶6 | Conclusory, improper opinion, speculation |
| ¶¶7-9 | Conclusory, improper opinion, speculation, vague, time period |
| ¶10 | Conclusory, speculation |

Dayatra Baker-White

| ¶¶4-5 | Conclusory, speculation |
|---|---|
| ¶6 | Conclusory, improper opinion, speculation |
| ¶¶7-8 | Conclusory, improper opinion, speculation, vague, time period |
| ¶9 | Conclusory, speculation |

Estola M. Barnett

| ¶¶5-6 | Conclusory, speculation |
|---|---|
| ¶7 | Conclusory, improper opinion, speculation |
| ¶¶8-11 | Conclusory, improper opinion, speculation, vague, time period |
| ¶12 | Conclusory, speculation |

Bryan Bell

| ¶¶5-6 | Conclusory, speculation |
|---|---|
| ¶7 | Conclusory, improper opinion, specluation |
| ¶¶8-9 | Conclusory, improper opinion, speculation, vague |
| ¶10 | Conclusory, speculation |

Garry W. Bridgeman

| ¶4 | Conclusory, speculation |
|---|---|
| ¶5 | Conclusory, improper opinion, speculation, vague, time period |
| ¶6 | Conclusory, speculation, vague, time period |

Clifford Burke

| ¶5 | Conclusory, speculation |
|---|---|
| ¶¶6-7 | Conclusory, improper opinion, speculation, vague, time period |
| ¶8 | Conclusory, improper opinion, speculation, vague |
| ¶9 | Conclusory, improper opinion, speculation, vague, time period |
| ¶10 | Conclusory, speculation |

Lee Bush II

| ¶¶4-5 | Conclusory, speculation, |
|---|---|
| ¶¶6-9 | Conclusory, improper opinion, speculation, vague |

14

| ¶10 | Conclusory, speculation |
|---|---|

Marguerita Chapman

| ¶5 | Conclusory, speculation |
|---|---|
| ¶¶6-8 | Conclusory, improper opinion, speculation, vague |
| ¶9 | Conclusory, speculation |

Michael Cheek

| ¶¶6-7 | Conclusory, speculation |
|---|---|
| ¶8 | Conclusory, improper opinion, speculation |
| ¶¶9-12 | Conclusory, improper opinion, speculation, vague, time period |
| ¶13 | Conclusory, speculation |

Linda G. Davila

| ¶6 | Conclusory, speculation |
|---|---|
| ¶7 | Conclusory, improper opinion, speculation, vague, time period |
| ¶¶8-10 | Vague |
| ¶11 | Conclusory, improper opinion, speculation, vague |

Harold Dede

| ¶¶5-6 | Conclusory, speculation |
|---|---|
| ¶¶7-9 | Conclusory, improper opinion, speculation, vague |
| ¶10 | Vague |
| ¶11 | Conclusory, improper opinion, speculation, vague |
| ¶12 | Conclusory, speculation |

Thomas W. Dedrick, Sr.

| ¶¶5-6 | Conclusory, speculation |
|---|---|
| ¶7 | Conclusory, improper opinion, speculation |
| ¶¶8-11 | Conclusory, improper opinion, speculation, vague, time period |
| ¶12 | Conclusory, speculation |

Al Doherty

| ¶¶4-5 | Conclusory, speculation |
|---|---|
| ¶¶6-9 | Conclusory, improper opinion, speculation, vague, time period |
| ¶10 | Conclusory, speculation |

Will C. Evans

| ¶¶5-6 | Conclusory, speculation |
|---|---|
| ¶7 | Conclusory, improper opinion, speculation |
| ¶¶8-9 | Conclusory, improper opinion, speculation, vague, time period |
| ¶10 | Conclusory, improper opinion, speculation, vague, time period, hearsay |
| ¶¶11-12 | Conclusory, improper opinion, speculation, vague, time period |
| ¶13 | Conclusory, speculation |

Shaun B. Freeman

| ¶¶5-6 | Conclusory, speculation |
|---|---|
| ¶7 | Conclusory, improper opinion, speculation |
| ¶8 | Conclusory, improper opinion, speculation, vague, time period, hearsay |
| ¶9 | Conclusory, improper opinion, speculation, vague, time period |
| ¶10 | Conclusory, speculation |

Andrew Glover

| ¶¶3-4 | Conclusory, speculation |
|---|---|
| ¶5 | Conclusory, improper opinion, speculation |
| ¶6 | Conclusory, improper opinion, speculation, vague, time period |
| ¶7 | Conclusory, speculation, vague, time period, hearsay |
| ¶8 | Conclusory, improper opinion, speculation, vague, time period |
| ¶9 | Conclusory, speculation |

James B. Heminway

| ¶5 | Conclusory, speculation, vague |
|---|---|
| ¶¶6-7 | Conclusory, speculation |
| ¶8 | Conclusory, improper opinion, speculation |
| ¶9 | Conclusory, improper opinion, speculation, vague |
| ¶10 | Conclusory, speculation, vague, hearsay |
| ¶11 | Conclusory, speculation, vague |
| ¶12 | Conclusory, improper opinion, speculation, vague |
| ¶13 | Conclusory, speculation |

Larry Hodges

| ¶¶4-5 | Conclusory, speculation |
|---|---|
| ¶6 | Conclusory, improper opinion, speculation |
| ¶¶7-8 | Conclusory, improper opinion, speculation, vague, time period |
| ¶9 | Conclusory, improper opinion, speculation |
| ¶10 | Conclusory, improper opinion, speculation, vague, time period |
| ¶11 | Conclusory, speculation |

Eric N. Hunter

| ¶¶4-5 | Conclusory, speculation |
|---|---|
| ¶6 | Conclusory, improper opinion, speculation |
| ¶¶7-9 | Conclusory, improper opinion, speculation, vague, time period |
| ¶10 | Conclusory, speculation |

Tobe Johnson

| ¶¶5-6 | Conclusory, speculation |
|---|---|
| ¶7 | Conclusory, improper opinion, speculation |
| ¶¶8-11 | Conclusory, improper opinion, speculation, vague |
| ¶12 | Conclusory, speculation |

16

Kamar Jones

| ¶¶6-7 | Conclusory, speculation |
| --- | --- |
| ¶8 | Conclusory, improper opinion, speculation |
| ¶¶9-10 | Conclusory, improper opinion, speculation, vague, time period |
| ¶11 | Conclusory, speculation |

Noland Langford

| ¶¶4-5 | Conclusory, speculation |
| --- | --- |
| ¶6 | Conclusory, improper opinion, speculation |
| ¶¶7-9 | Conclusory, improper opinion, speculation, vague, time period |
| ¶10 | Conclusory, speculation |

Charles Lewis

| ¶¶4-5 | Conclusory, speculation |
| --- | --- |
| ¶¶6-8 | Conclusory, improper opinion, speculation, vague, time period |
| ¶9 | Conclusory, speculation |

Tracy L. Meeks

| ¶¶4-5 | Conclusory, speculation |
| --- | --- |
| ¶6 | Conclusory, improper opinion, speculation |
| ¶7 | Conclusory, improper opinion, speculation, vague |
| ¶8 | Conclusory, vague, hearsay |
| ¶9 | Conclusory, improper opinion, speculation, vague, hearsay |
| ¶10 | Conclusory, improper opinion, speculation, vague |
| ¶11 | Conclusory, speculation |

Peter N. Meme

| ¶¶4-5 | Conclusory, speculation |
| --- | --- |
| ¶6 | Conclusory, improper opinion, speculation |
| ¶¶7-9 | Conclusory, improper opinion, speculation, vague, time period |
| ¶10 | Conclusory, speculation |

Laverne Mills-Williams

| ¶¶5-6 | Conclusory, speculation |
| --- | --- |
| ¶¶7-8 | Conclusory, improper opinion, speculation, vague |
| ¶9 | Conclusory, speculation, vague, hearsay |
| ¶10 | Conclusory, improper opinion, speculation, vague |
| ¶11 | Conclusory, speculation |

Jack Mitchell

| ¶¶5-6 | Conclusory, speculation |
| --- | --- |
| ¶¶7-10 | Conclusory, improper opinion, speculation, vague |
| ¶11 | Conclusory, speculation |

17

Charlene D. Monts

| ¶¶5-6 | Conclusory, speculation |
|---|---|
| ¶7 | Conclusory, improper opinion, speculation |
| ¶¶8-10 | Conclusory, improper opinion, speculation, vague, time period |
| ¶11 | Conclusory, speculation |

Curtis R. Murry

| ¶¶6-7 | Conclusory, speculation |
|---|---|
| ¶8 | Conclusory, improper opinion, speculation |
| ¶9 | Conclusory, improper opinion, speculation, vague, time period |
| ¶10 | Conclusory, vague, time period |
| ¶11 | Conclusory, speculation, vague, time period, hearsay |
| ¶12 | Conclusory, improper opinion, speculation, vague, time period |
| ¶13 | Conclusory, speculation |

Chamberlain S. Peterside

| ¶¶5-6 | Conclusory, speculation |
|---|---|
| ¶7 | Conclusory, improper opinion, speculation |
| ¶¶8-9 | Conclusory, improper opinion, speculation, vague, time period |
| ¶10 | Conclusory, speculation |

Amad-Jamal Powell

| ¶¶5-6 | Conclusory, speculation |
|---|---|
| ¶¶7-9 | Conclusory, improper opinion, speculation, vague |
| ¶10 | Conclusory, speculation |

Jerome J. Senegal

| ¶¶7-8 | Conclusory, speculation |
|---|---|
| ¶9 | Conclusory, improper opinion, speculation |
| ¶¶10-12 | Conclusory, improper opinion, speculation, vague, time period |
| ¶13 | Conclusory, speculation |

Gregory D. Sholars

| ¶¶6-7 | Conclusory, speculation |
|---|---|
| ¶8 | Conclusory, improper opinion, speculation |
| ¶¶9-10 | Conclusory, improper opinion, speculation, vague, time period |
| ¶11 | Conclusory, improper opinion, speculation, vague, time period, hearsay |
| ¶12 | Conclusory, improper opinion, speculation, vague, time period |
| ¶13 | Conclusory, speculation |

Polenski Sims

| ¶¶5-6 | Conclusory, speculation |
|---|---|
| ¶7 | Conclusory, improper opinion, speculation |
| ¶¶8-12 | Conclusory, improper opinion, speculation, vague |
| ¶13 | Conclusory, speculation |

Lance W. Slaughter

| ¶¶6-7 | Conclusory, improper opinion, speculation, vague, time period |
|---|---|
| ¶¶8-10 | Vague |
| ¶11 | Conclusory, improper opinion, speculation, vague |

Anthony Smith

| ¶4 | Conclusory, speculation |
|---|---|
| ¶5 | Conclusory, improper opinion, speculation, vague, time period |
| ¶¶6-8 | Vague |
| ¶9 | Conclusory, improper opinion, speculation, vague |
| ¶10 | Conclusory, speculation |

Mark Standard

| ¶¶6-7 | Conclusory, speculation |
|---|---|
| ¶8 | Conclusory, improper opinion, speculation |
| ¶¶9-11 | Conclusory, improper opinion, speculation, vague, time period |
| ¶12 | Conclusory, speculation |

Henry Sullivan

| ¶¶5-6 | Conclusory, speculation |
|---|---|
| ¶7 | Conclusory, improper opinion, speculation |
| ¶¶8-11 | Conclusory, improper opinion, speculation, vague, time period |
| ¶12 | Conclusory, speculation |

Kennie A. Taylor

| ¶¶4-5 | Conclusory, speculation |
|---|---|
| ¶6 | Conclusory, improper opinion, speculation |
| ¶¶7-8 | Conclusory, improper opinion, speculation, vague, time period |
| ¶9 | Conclusory, speculation, vague, time period |
| ¶10 | Conclusory, improper opinion, speculation, vague, time period |
| ¶11 | Conclusory, speculation |

Charles Thomas

| ¶¶4-5 | Conclusory, speculation |
|---|---|
| ¶6 | Conclusory, improper opinion, speculation |
| ¶¶7-9 | Conclusory, improper opinion, speculation, vague |
| ¶10 | Conclusory, speculation |

Barry R. Thompson

| ¶¶5-6 | Conclusory, speculation |
|---|---|
| ¶¶7-9 | Conclusory, improper opinion, speculation, vague, time period |
| ¶10 | Conclusory, speculation |

Brent A. Watson

| ¶5 | Conclusory, speculation |
|---|---|
| ¶6 | Conclusory, improper opinion, speculation, vague, time period |
| ¶¶7-9 | Vague |
| ¶10 | Conclusory, improper opinion, speculation, vague |
| ¶11 | Conclusory, speculation |

Jeff Wright

| ¶2 | Conclusory, speculation, vague |
|---|---|
| ¶¶4-5 | Conclusory, speculation |
| ¶6 | Conclusory, improper opinion, speculation, vague, time period |
| ¶7 | Conclusory, vague, time period |
| ¶8 | Time period |
| ¶9 | Conclusory, improper opinion, speculation, vague, time period |
| ¶10 | Conclusory, speculation, vague, time period |
| ¶11 | Conclusory, vague |
| ¶12 | Conclusory, improper opinion, speculation, vague, time period |
| ¶13 | Conclusory, speculation |