**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GEORGE McREYNOLDS, MAROC** | ) | |
| **HOWARD, LARUE GIBSON, JENNIFER** | ) | |
| **MADRID, FRANKIE ROSS, MARVA YORK** | ) | |
| **LESLIE BROWNE, HENRY WILSON,** | ) | |
| **LEROY BROWN, GLENN CAPEL,** | ) | |
| **CHRISTINA COLEMAN, J. YVES LABORDE,** | ) | |
| **MARSHELL MILLER, CARNELL MOORE,** | ) | |
| **MARK JOHNSON, CATHY BENDER-** | ) | |
| **JACKSON, and STEPHEN SMARTT,** | ) | |
| **Individually on behalf of themselves** | ) | |
| **and all others similarly situated,** | ) | |
| | ) | **Case No. 05-C-6583** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Judge Robert W. Gettleman** |
| **v.** | ) | **Magistrate Judge Denlow** |
| | ) | |
| **MERRILL LYNCH, PIERCE, FENNER** | ) | |
| **& SMITH, INCORPORATED,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | ) | |

**CONSOLIDATED OBJECTIONS TO DEFENDANT'S VARIOUS
MOTIONS FOR LEAVE TO FILE OPPOSITION PAPERS TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs, on behalf of themselves and all others similarly situated, by and through their counsel, Stowell & Friedman, Ltd., submit the following in consolidated objections to Defendant's various motions for leave to file opposition papers to Plaintiffs' motion for class certification:

1.      Plaintiffs filed a 55-page brief with supporting materials for class certification on November 14, 2008.

2.      On May 15, 2009, Defendant filed its response to Plaintiffs motion for class certification and now seeks leave of court to exceed the page limitations set by Local Rules.

3.      Defendant's filing represents an unprecedented assault on the Court and the Plaintiffs. To be sure, Defendant seeks leave to file a 66-page brief. While acknowledging that Plaintiffs' experts are qualified, Merrill Lynch nonetheless also files *Daubert* motions (20 pages and 14 pages) to strike both of Plaintiffs' experts. The *Daubert* motions only enlarge the number

1

of pages Merrill Lynch used to oppose the class certification and also secure for Merrill Lynch the "last word" in reply on these motions. Finally, Merrill Lynch moved to strike each and every putative class member declaration (12 pages) submitted by Plaintiffs. Each pleading near meets or exceed the page limitations and the proposed filings total 112 pages with Defendant presumably reserving the right to file another 45 pages of Reply memoranda. The breadth of the proposed filing is captured in the PACER printouts from May 15, 2009. (Exhibit A).

4.     In a further effort to enlarge the number of pages, the proposed filings also include a 68-page single-spaced summary chart of Affidavit testimony (Exhibit B) and a 37-page single-spaced summary of plaintiffs' testimony (Exhibit C). Thus, the total briefing including these summaries if appropriately spaced is approximately 300 pages. Defendant also submits 50 lengthy declarations from managers. Of these declarations, 35 come from managers whom Merrill Lynch identifies as not having supervised the class representatives. Merrill Lynch even submits a 77-page declaration from Phil Sieg although Mr. Sieg was designated by Merrill Lynch to testify under Rule 30(b)(6) on 11/29/06 (the management assessment center), 12/01/06 (management assessment center and broker training), 1/16/07 (account distributions) and 6/1/07 (teams). Merrill Lynch was given an opportunity to redirect Mr. Sieg on each of these days. Indeed, over the four days, Merrill Lynch asked only 7 questions of Mr. Sieg on 1/16/07 and 5 questions of Mr. Sieg on 12/01/06. (Exhibit D and Exhibit E), Yet, Mr. Sieg's declaration is largely devoted to these topics.

5.     Merrill Lynch also included new expert studies from Dr. Saad and declarations in the proposed filings from Drs. Winship and Saad. (Exhibit F).[1]

6.     Merrill Lynch hired two large law firms to defend itself in these proceedings, Mayer Brown, LLP and Weil Gottschall & Manges, LLP. These law firms entered into Stipulations with Plaintiffs and approved by the Court, which governed discovery. Specifically, the parties agreed that class certification discovery would take place first and only after class certification would merits discovery proceed. (Exhibit G)[2]. They also agreed that expert reports would be produced before expert depositions. (Exhibit H). Nonetheless, Merrill Lynch's

---

[1] After the close of discovery, Merrill Lynch informed Plaintiffs that its expert, Dr. James Outtz had interviewed 111 Financial Advisors as a random sample. Dr. Outtz also interviewed 37 managers. Similarly, after the close of discovery, Plaintiffs were informed that another expert, Olivet Jones interviewed 15 managers or employees of Merrill Lynch.

[2] Exhibit G is the original order clarifying that discovery on the merits will proceed only after class certification. The dates in Exhibit G were extended.

submissions resemble post trial submissions on Findings of Fact and Conclusions of Law.  The filings show a complete and utter lack of respect for the Court who must read the filings and also completely flout the discovery rules and Plaintiffs' rights to reasonable and fair notice.[3]

7.      Plaintiffs respectfully submit that the Court has the authority to set a reasonable page limitation and presentation of class certification briefings.  Under the Local Rules, the party with the burden of proof is allowed 15 pages on lead and reply and the opposing party is allowed 15 pages in opposition to any motion.  Plaintiffs acknowledge that more than 15 pages should be allowed but propose that Defendant should not be encouraged to file *Daubert* motions and motions to strike declarations to gain pages.  Defendant should also not be allowed to spread the record with 100 pages of single spaced "summaries" of testimony.  Nor should Defendant be allowed to include additional expert declarations or declarations of witnesses who were deposed on topics where Merrill Lynch waived redirect or declarations of managers not previously disclosed.

8.      The issue before this Court is class certification and the presentation must be reasonable in scope.  Plaintiffs' counsel were served with Defendant's filing on May 15, 2009. In over 10 days, they have not finished reading all the submissions.   In addition, Defendant attached as exhibits its eight expert reports, spanning hundreds of pages. Given the Court's docket and the interests of fairness, Plaintiffs object to this massive filing.

9.      Accordingly, Plaintiffs propose that the Court allow a reasonable page limit for Defendant to use split between its various filings.  For example, if Defendant desires to file Daubert motions, the pages should be deducted from the briefing total.  Likewise, if Defendant desires to file summaries of the testimony, the pages should meet the Court's requirements on spacing and should be deducted from the briefing total.  Finally, if Defendant wants to move to strike every single declaration filed by Plaintiffs that too should be deducted from the total, Defendant should also be barred from filing additional expert reports and declarations. Plaintiffs propose that Defendant be allowed 70 pages for these filings.

---

[3] Defendant also submits an 18-page recitation of 100 cases in which a court denied class certification. If these cases are offered for the proposition that courts sometimes deny class certification, so be it.  Plaintiffs can meet that showing with 18 pages of 100 cases in which a court granted class certification.  However, neither the Court nor Plaintiffs have any way of knowing whether these cases are offered for any other purpose.

**WHEREFORE**, Plaintiffs urge the Court to deny Defendant leave to file its proposed filings and place reasonable page limitations at this phase of the case.

Respectfully submitted,

**STOWELL & FRIEDMAN, LTD**.

By:

/s/ Linda D. Friedman

Electronically filed on May 26, 2009

Mary Stowell – Attorney No. 02750015
Linda D. Friedman – Attorney No. 06190092
George Robot – Attorney No. 06237979
**Stowell & Friedman, Ltd.**
321 Plymouth Court, Suite 1400
Chicago, IL 60604
(312) 431-0888

## <u>CERTIFICATE OF SERVICE</u>

I, Linda D. Friedman, an attorney, hereby certify that on May, 26, 2009, I caused a true and correct copy of attached *Consolidated Objections To Defendant's Various Motions For Leave To File Opposition Papers To Plaintiffs' Motion For Class Certification* to be served via ECF on the following counsel of record:

Jeffrey S. Klein                          Lori Lightfoot
Nicholas J. Pappas                   Mayer Brown Rowe & Maw
Salvatore Romanello              71 S. Wacker Drive
Weil, Gotshal & Manges LLP   Chicago, IL 60606
767 Fifth Avenue                     phone: (312) 782-0600
New York, NY 10153               fax: (312) 701-7711
phone: (212) 310-8000           llightfoot@mayerbrownrowe.com
fax: (212) 310-8007
jeffrey.klein@weil.com

/s/ Linda D. Friedman

Mary Stowell – Attorney No. 02750015
Linda D. Friedman – Attorney No. 06190092
George Robot – Attorney No. 06237979
**Stowell & Friedman, Ltd.**
321 Plymouth Court, Suite 1400
Chicago, IL 60604
(312) 431-0888

5