IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MCREYNOLDS, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 05 C 6583 |
| ) | |
| v. ) | Judge Robert W. Gettleman |
| ) | Magistrate Jeffrey T. Gilbert |
| MERRILL LYNCH, PIERCE, FENNER ) | |
| & SMITH, INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO RECONSIDER AND TO CLARIFY
## AND/OR NARROW THE CLASS DEFINITION

Plaintiffs hereby move the Court to reconsider its denial of their petition for class certification. Plaintiffs also clarify and/or narrow the definition of the class. In support of their motion, Plaintiffs state as follows:

1. Plaintiffs understand that the Court's class certification opinion was not a draft. They appreciate that the Court spent considerable time and resources resolving the class certification motion and do not intend to reargue matters the Court has already expressly rejected.

2. The purpose of this motion is to ask the Court to reconsider two primary issues. First, the Court held *sua sponte* that to state a disparate impact claim, Plaintiffs must establish that a facially neutral policy was also "neutrally applied." Plaintiffs respectfully submit that this standard is incorrect under governing case law, including the Civil Rights Act of 1991 ("1991 CRA"), 42 U.S.C. § 2000e-2(k), *Watson v. Forth Worth Bank & Trust*, 487 U.S. 977 (1988) and the Supreme Court's most recent case on disparate impact, *Lewis v. City of Chicago*, 130 S. Ct. 2191 (2010). Plaintiffs also respectfully submit that the Court misunderstood aspects of their disparate impact claims.

1

3. Second, the law on class certification is fast-developing, including the extent to which courts must resolve relevant challenges to experts and conflicts between experts. After class certification briefing in this case, the Seventh Circuit issued *American Honda Motor Company v. Allen*, 600 F.3d 813, 815-16 (7th Cir. 2010), which holds that when expert material is critical to class certification, as here, a court must conclusively resolve any challenge to the expert's work. *Daubert* motions were pending before this Court to strike Plaintiffs' experts, Dr. Janice Madden ("Madden") and Dr. William Bielby ("Bielby"). Madden was a critical witness to Plaintiffs both for her expert opinions and because she debunked Defendant's expert, Dr. Ali Saad ("Saad"). The debate between the experts was presented in cross motions filed by the parties. Defendant moved to bar Madden, and Plaintiffs moved to strike Saad's declaration in support of Defendant's *Daubert* motion on Madden as "junk science." The Court denied all motions to strike experts as moot. However, citing Mark Twain's quip about "lies, damned lies and statistics," the Court *de facto* barred Plaintiffs' statistical expert. The Court also *de facto* granted the Bielby *Daubert* motion, making no reference to Bielby in its review of the evidence or its decision. Plaintiffs respectfully submit that the Court failed to conduct the rigorous analysis of the experts' testimony and the challenges to them required by *American Honda*.

4. Based on its view of the expert evidence, the Court also misunderstood the purpose of class member declarations and overlooked the substantial non-statistical, class-wide evidence demonstrating commonality that Plaintiffs presented.

5. Finally, Plaintiffs clarify that the class they seek to certify is all African American Financial Advisors ("FAs" or "brokers") and FA Trainees with production numbers from 2001 to the present.

6. "A motion for reconsideration performs a valuable function where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Bank of Waunakee v. Rochester Cheese Sales Inc.* 906 F. 2d 1185, 1191 (7th Cir. 1990)(citation omitted). Motions for reconsideration are also appropriate to correct manifest errors of law or fact or if there is a controlling or significant change in the law since an issue was submitted to the court. *Id.; Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1983), *aff'd*, 736 F.2d 388 (7th Cir. 1984). Rule 23(f) tolls the time for appeal to provide the district court an opportunity to correct errors and "fine-tune" its class certification decision and thereby reduce the number of Rule 23(f) petitions. *Shin v. Cobb County Bd. of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001); *Blair v. Equifax Check Servs.*, 181 F.3d 832, 837 (7th Cir. 1999). Plaintiffs believe that it is fair and respectful to present the above issues to your Honor for consideration prior to filing a petition for appeal under Rule 23(f).

**WHEREFORE**, Plaintiffs ask the Court to grant their motion for reconsideration, certify a disparate impact class, and schedule a *Daubert* hearing on the statistical evidence to aid it in determining whether to certify a disparate treatment class under Rule 23(b)(2) or Rule 23(b)(3).

Respectfully submitted,

By: /s/ Linda D. Friedman

Mary Stowell
Linda D. Friedman – Attorney No. 06190092
Suzanne E. Bish
**STOWELL & FRIEDMAN, LTD.**
321 Plymouth Court, Suite 1400
Chicago, IL 60604
(312) 431-0888

## CERTIFICATE OF SERVICE

      I, Linda D. Friedman, an attorney, hereby certify that on August 18, 2010, I caused a true and correct copy of attached *Plaintiffs' Motion To Reconsider And To Clarify And/Or Narrow The Class Definition* to be served via ECF on the following counsel of record:

Jeffrey S. Klein
Nicholas J. Pappas
Salvatore Romanello
Allan Dinkoff
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
phone: (212) 310-8000
fax: (212) 310-8007
jeffrey.klein@weil.com

Lori Lightfoot
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
phone: (312) 782-0600
fax: (312) 701-7711
llightfoot@mayerbrown.com

Respectfully submitted,

By: /s/ Linda D. Friedman

Mary Stowell
Linda D. Friedman – Attorney No. 06190092
George Robot
Suzanne E. Bish
**STOWELL & FRIEDMAN, LTD.**
321 Plymouth Court, Suite 1400
Chicago, IL 60604
(312) 431-0888