IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MCREYNOLDS, et al., | |
| Plaintiffs, | |
| v. | Case No. 05 C 6583 |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., | Hon. Robert W. Gettleman<br>Magistrate Jeffrey T. Gilbert |
| Defendant. | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED
CLASS NOTICES AND PROPOSED CLASS CERTIFICATION ORDER**

The central point of disagreement between plaintiffs and Merrill Lynch is whether former employees have standing to seek injunctive relief and whether plaintiffs may challenge prior, superseded policies. The Seventh Circuit explicitly limited class treatment to one narrow issue (whether Merrill Lynch's teaming and accounting distribution policies would have a disparate impact on African American Financial Advisors ("FAs")) and authorized only one form of relief (prospective injunctive relief). *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482, 491 (7th Cir. 2012).

The necessary implication of this decision is a curtailment of the putative class to include only those members: (1) who have standing to assert disparate impact claims under Title VII; and (2) who are capable of seeking the limited injunctive relief authorized by the Seventh Circuit. Accordingly, plaintiffs cannot include former FAs in the definition of the class. And, because the sole classwide relief authorized by the Seventh Circuit's opinion is an injunction, only the operative policies in effect at the time

of trial are at issue in the classwide proceeding. For these reasons, the Court should adopt Merrill Lynch's Proposed Class Notices, which properly exclude former employees and claims against superseded policies.

## PROCEDURAL BACKGROUND

Merrill Lynch briefed the nature of plaintiffs' claims and the underlying facts on plaintiffs' original motion for class certification. Docket Entry No. 386. This Court denied that motion for several reasons, including for lack of common issues shared by the putative class. Plaintiffs moved for reconsideration, which the Court denied, and filed an "amended" motion for class certification based on the intervening decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), which the Court denied as well.

After granting plaintiffs' second Rule 23(f) petition, the Seventh Circuit partially reversed this Court to allow "*limited* class action treatment" under Rules 23(b)(2) and (c)(4) to determine whether Merrill Lynch's teaming and account distribution policies would have a disparate impact on its FAs and whether that warrants "*injunctive relief.*" *McReynolds*, 672 F.3d. at 491 (emphasis added). It clearly held, however, that monetary relief cannot receive class treatment. *Id.* at 492 (highlighting the lack of common issues and the multitude of individual suits for back pay that would ensue if plaintiffs prevailed in the class action).

## ARGUMENT

**I.  MERRILL LYNCH'S PROPOSED CLASS NOTICES STAY WITHIN THE PERMISSIBLE BOUNDS OF THE SEVENTH CIRCUIT'S DECISION AND WELL-ESTABLISHED STANDING CONSTRAINTS.**

The class can include only those with viable Title VII claims because disparate impact liability does not exist under 42 U.S.C. § 1981. *See Gen. Bldg. Contractors Ass'n*

*v. Pennsylvania*, 458 U.S. 375, 391 (1982). And the limitation of the class to those with standing to seek injunctive relief flows directly and consequentially from the established principle that "no class may be certified that contains members lacking Article III standing." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006) (citing *Adashunas v. Negley*, 626 F.2d 600, 604 (7th Cir. 1980)); *see also Amchem Prods. v. Windsor*, 521 U.S. 591, 613 (1997) (observing that Rule 23 cannot expand Article III constraints).

### A. Merrill Lynch's Proposed Class Notices Properly Exclude Members Who Lack Standing To Pursue Injunctive Relief.

Standing constraints exist in several respects. First, as the Supreme Court recognized in *Wal-Mart*, former employees lack standing to seek injunctive relief as to the employer's current policies. *See* 131 S. Ct. at 2559-60; *see also Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 986 (9th Cir. 2011) ("Plaintiffs not employed by Costco throughout this case do not have standing to seek injunctive relief."). And the Seventh Circuit has already determined that injunctive relief is the only classwide remedy that the plaintiffs can pursue. *See McReynolds,* 672 F.3d at 492.

Second, Merrill Lynch has had various policies through the years, but neither former—nor current—FAs can seek to enjoin policies that no longer are in place. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109-10 (1983) (no standing to enjoin a revised policy); *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief. . . ."). The prohibition against seeking to enjoin inoperative, former policies exists because such policies cannot cause imminent harm that *prospective* relief would cure. *See, e.g.*,

*Stewart v. McGinnis*, 5 F.3d 1031, 1038 (7th Cir. 1993) (prisoner's prayer for injunctive relief deprived him of standing because he was "under no immediate threat of harm from official conduct" at his former institution). Nor could an injunction redress any alleged injury from a policy no longer in effect. *See, e.g., Kan. Judicial Review v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) ("[A] prospective injunction could not effectively redress the claimed injury because . . . the old canons can longer chill the plaintiffs' speech."); *Smith v. Block*, 784 F.2d 993, 995-996 (9th Cir. 1986) (plaintiff failed to show that injury was capable of being redressed by issuance of injunction prohibiting sale of farm because an injunction could not undo the foreclosure).

Because the Seventh Circuit has authorized limited class treatment to pursue *prospective injunctive relief only, McReynolds*, 672 F.3d at 491-92, that constraint on the permissible parameters of the class necessarily precludes challenges by former and current employees to inoperative, past policies. *See Denney*, 443 F.3d at 264; *Adashunas*, 626 F.2d at 604.

### B. The Court Should Resist Any Attempt by Plaintiffs To Extend the Scope of the Class to Claims for Declaratory Relief and to Members Who Lack Standing To Seek It.

In discussions with Merrill Lynch's counsel, class counsel has indicated plaintiffs' intention to go beyond the Seventh Circuit's limited authorization to pursue injunctive relief and ask this Court for a declaratory judgment. The Court should decline this invitation for two reasons. First, the constraint posed by the Seventh Circuit is clear. It reversed this Court's Order only to "allow the plaintiffs to seek class-wide *injunctive relief*." *McReynolds*, 672 F.3d at 491. This limit flows from the Court's approval, through issue certification, of a Rule 23(b)(2) class, which allows only injunctive or

4

"*corresponding* declaratory relief." Fed. R. Civ. P. 23(b)(2) (emphasis added). The Advisory Committee notes make clear that "[d]eclaratory relief 'corresponds' to injunctive relief when as a practical matter it affords injunctive relief or serves as a basis for later injunctive relief." Any declaration sought here untethered to an injunction with respect to current policies would neither afford injunctive relief nor serve as a basis for any injunction.

Second, putting aside the Seventh Circuit's clear language, a class that includes claims for declaratory relief would be overly broad for the same reasons that it is for injunctive relief: former employees lack standing to seek declaratory relief on existing Merrill Lynch policies; and both current and former employees lack standing to challenge superseded policies. Standing defects are as fatal to attempts to seek classwide declaratory relief as they are to attempts to seek classwide injunctive relief. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-672 (1950) (mere demand for declaratory relief alone does not establish case or controversy); *Foster v. Center Township of La Porte County*, 798 F.2d 237, 242 (7th Cir. 1986) ("[The] case-and-controversy requirement of Article III applies with equal force to action for declaratory judgments as it does to actions seeking traditional coercive relief.").

Former FAs lack standing to seek declaratory relief as to Merrill Lynch policies—whether existing or outdated—because these policies no longer affect them. *See Wal-Mart*, 131 S. Ct. at 2559-60; *Golden v. Zwickler*, 394 U.S. 103, 109 (1969) (no standing to seek declaratory judgment for plaintiff no longer subject to a statute); *Oakley v. Verizon Commc'n, Inc.*, No. 09 Civ. 9175, 2012 WL 335657, at *15 (S.D.N.Y. Feb. 1, 2012) (rejecting proposed class that sought declaratory and injunctive relief for former

5

employees because they lacked standing as they were "no longer affected by the challenged policy," and Article III requires redressability for plaintiffs "to have standing to request injunctive or declaratory relief"). Like injunctive relief, a declaratory judgment obtained by former employees would neither prevent imminent harm nor redress the purported injury to former FAs by these policies. *See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 628 (7th Cir. 2007) (declaratory relief was not available because even if "someone [was] affected by [the challenged law], that 'someone' is no longer [the plaintiff], and it is well established that the 'case or controversy' requirement applies to declaratory judgments, just as it applies to every other kind of litigation in federal court").

Current employees fare no better than former employees in seeking declaratory relief to challenge superseded policies, because a declaratory judgment against policies that no longer affect these FAs would similarly have no impact on them. *See, e.g.*, *Tobin for Governor v. Ill. Bd. of Elections*, 268 F.3d 517, 528-29 (7th Cir. 2001) (an election-related challenge for declaratory relief was moot with the passage of the election).

### C. Plaintiffs Cannot Backdoor Standing for Injunctive and Declaratory Relief Through Other Arguments or Purported Claims.

Plaintiffs cannot parlay current or former FAs' ability to proceed on *individual* claims for monetary relief into standing to seek declaratory relief. "A plaintiff must demonstrate standing separately for each form of relief sought." *Goldhamer v. Nagode*, 621 F.3d 581, 585 (7th Cir. 2010) (citation and quotations omitted); *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir. 2002) (observing that declaratory relief cannot be sought "simply as a predicate for a subsequent damages claim"); *Foster*, 798 F.2d at 242

6

(observing that the "type of relief requested . . . [affects] the nature of the injury that a plaintiff must identify" to establish standing); *see also Lewis v. Casey*, 518 U.S. 343, 358, n. 6 (1996) ("Standing is not dispensed in gross.").

Nor does the fact that at some point in the past, FAs could have sought injunctive or declaratory relief against the superseded policies help them here. "In class actions in which the named plaintiffs' claims expire before certification of the class, the claims are moot." *Jones v. Sullivan*, 938 F.2d 801, 805 (7th Cir. 1991) ("[M]ootness . . . [is] the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).") (citation and quotations omitted).

Class counsel also has indicated that plaintiffs may rely on former FAs' representations that they will seek reinstatement, but those assertions could not be used to broaden the class. First, no class member has sought reinstatement, making the prospect of reinstatement nothing more than mere speculation. *See, e.g., Faibisch v. University of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002); *Martin v. ReliaStar Life Ins. Co.*, 710 F. Supp. 2d 875, 889 (D.Minn. 2010) ("[E]x-employee plaintiffs lack standing for injunctive relief when they do not show a clear intention of seeking reinstatement."). ***Indeed, the class complaint fails even to pray for this relief.*** Second, were the Court to grant plaintiffs leave to amend for the third time to seek reinstatement, praying for that relief now could not retroactively confer standing. *See Perry v. Arlington Heights*, 186 F.3d 826, 830 (7th Cir. 1999) (holding that it is not enough to "satisfy requirements of standing as the case progresses . . . [because] the requirements of standing must be satisfied from the outset [of the case]"). Third, because most of the former employees

7

left under policies that are no longer in place, reinstatement would have to be based on those superseded policies that caused them harm. But the purported injury in those cases would flow from the superseded policies rather than the current ones that plaintiffs can challenge in this action, thereby severing the Article III link. *See, e.g., Faibisch*, 304 F.3d at 801 (for a former employee to establish standing, she had to show that "it is likely that the remedy she seeks can redress her injury").

Fourth, putting aside these constitutional standing constraints, any attempt by plaintiffs to amend to seek reinstatement could not salvage their attempt to include former FAs in the class, because the question of reinstatement would defeat class treatment entirely. *See, e.g., In re Conseco Life Ins. Co. Life Trend Ins. Mktg. & Sales Practice Litig.*, No. 10-2124, 2011 WL 6372412, at *6 (N.D. Cal. Dec. 20, 2011) ("[The question of] reinstatements would seemingly require the type of individualized inquiries prohibited by Dukes."); *Allen v. City of Chicago*, 828 F. Supp. 543, 553 (N.D. Ill. 1993) (seeking reinstatement on a classwide basis undermines adequacy of representation).

## CONCLUSION

For the foregoing reasons, the Court should adopt Merrill Lynch's Proposed Class Notices because they properly limit the class to current FAs challenging current Merrill Lynch policies to obtain injunctive relief. Any broader definition would fail to accurately define the class in accordance with Rule 23(c)(1)(B), as it would sweep in members of the class who would lack standing to sue in their own right.

Dated: May 4, 2012

Respectfully submitted,

*Merrill Lynch, Pierce, Fenner & Smith, Inc.*

By: /s Lori E. Lightfoot
    *One of its Attorneys*

**MAYER BROWN LLP**
Stephen M. Shapiro
Timothy S. Bishop
Lori E. Lightfoot
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600 (Phone)
(312) 701-7711 (Facsimile)

**WEIL, GOTSHAL & MANGES LLP**
Jeffrey S. Klein
Nicholas J. Pappas
Allan Dinkoff
767 Fifth Avenue
New York, NY 10153
(212) 310-8000 (Phone)
(212) 310-8007 (Facsimile)

*Counsel for the Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 4, 2012, she caused a copy of the foregoing Defendant's Memorandum of Law in Support of Its Proposed Class Notices and Proposed Class Certification Order to be delivered via the Northern District of Illinois Electronic Filing System and e-mail to:

>Linda Friedman
>Mary Stowell
>Suzanne Bish
>Stowell & Friedman, Ltd.
>303 W. Madison St., Suite 2600
>Chicago, IL 60606

>By:   /s Lori E. Lightfoot
>     Lori E. Lightfoot