# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
----------------------------------------------------------x
GEORGE MCREYNOLDS, MAROC             :
HOWARD, LARUE GIBSON, JENNIFER       :
MADRID, FRANKIE ROSS, MARVA YORK     :
LESLIE BROWNE, HENRY WILSON,         :
LEROY BROWN, GLENN CAPEL,            :
CHRISTINA COLEMAN, J. YVES LABORDE,  :
MARSHELL MILLER, CARNELL MOORE,      :
MARK JOHNSON, CATHY BENDER-          :    Case No. 05-C-6583
JACKSON, and STEPHEN SMARTT,         :
Individually on behalf of themselves :
and all others similarly situated,   :    Hon. Robert W. Gettleman
                                     :    Magistrate Judge Gilbert
            Plaintiffs,              :
                                     :
- against -                          :
                                     :
MERRILL LYNCH, PIERCE, FENNER        :
& SMITH, INCORPORATED,               :
                                     :
            Defendant.               :
----------------------------------------------------------x
```

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Upon consideration of Plaintiffs' Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement and Notice (the "Motion), and the supporting materials filed by the Parties, including the Settlement Agreement and the exhibits attached thereto, under Rule 23 of the Federal Rules of Civil Procedure, it is ordered that the Motion is **GRANTED**.

The Court further makes the following findings and rulings:

## I.     DEFINITIONS

This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

## II.    JURISDICTION

This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation, including all members of the Settlement Class as defined below.

## III.   NO DETERMINATION

Neither the Settlement Agreement, nor this preliminary approval order, nor the fact of a settlement, are an admission or concession by Merrill Lynch of any liability or wrongdoing whatsoever.

## IV.    SETTLEMENT CLASS CERTIFICATION

For purposes of settlement only, and pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3), the Court conditionally certifies a Settlement Class composed of:

> All African American Financial Advisors and Financial Advisor Trainees who have been assigned a production number in the domestic U.S. retail brokerage unit within the GPC division of Merrill Lynch at any time from May 6, 2001 through the Preliminary Approval Date.

The Settlement Class Members allege claims for race discrimination brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981.

The Court FINDS and CONCLUDES that the Settlement Class set forth above satisfies all of the requirements for certification under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).[1]

## V.       APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

For the purposes of settlement only, the Court finds that Plaintiffs and their counsel are adequate representatives of the Settlement Class, and appoints George McReynolds, Maroc Howard, LaRue Gibson, Jennifer Madrid, Frankie Ross, Marva York, Leslie Browne, Henry Wilson, Leroy Brown, Glenn Capel, Christina Coleman, J. Yves Laborde, Marshell Miller, Carnell Moore, Mark Johnson, Cathy Bender-Jackson, and Stephen Smartt as Class Representatives.  In addition, and also for the purposes of settlement only, the Court appoints the law firm of Stowell & Friedman, Ltd. and Linda D. Friedman, Suzanne E. Bish, and George S. Robot as Class Counsel for the Settlement Class.

## VI.      EFFECT OF TERMINATION OF SETTLEMENT AGREEMENT OR NON-OCCURRENCE OF THE EFFECTIVE DATE

The conditional certification of the Settlement Class, Class Representatives, and Class Counsel is solely for the purposes of effectuating the Settlement.  If (a) the Settlement Agreement is terminated or is not consummated for any reason, (b) this Preliminary Approval Order is modified, reversed, or set aside on further judicial review, or (c) if the Effective Date does not occur for any reason, the foregoing conditional certification of the Settlement Class and appointment of Class Representatives and Class Counsel shall be void and of no further effect, the previously entered Class Certification Order certifying a disparate class shall remain in effect, and the Parties to the Settlement shall be returned to the status each occupied before entry

---

[1] Because the proposed certification of the Settlement Class is in connection with the Settlement rather than a trial on the merits, the Court need not resolve the issues of manageability presented by certification of the nationwide classes proposed in the Action.

of this Order without prejudice to any legal argument, position, or privilege that any of the Parties to the Settlement Agreement might have asserted but for the Settlement Agreement, including, but not limited to, filing a motion for additional certifications and Merrill Lynch's right to oppose such additional certifications and to object to the disparate impact class certified in the Class Certification Order.

## VII. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

The Court has reviewed the terms of the proposed Settlement Agreement along with its exhibits, including specifically the injunctive relief provisions and the plan of allocation for the Settlement Fund and the Plaintiffs' motion in support of preliminary approval. Based on a review of those papers, and the Court's familiarity with the case, the Court concludes that the Settlement Agreement is fair, reasonable and adequate and the result of extensive, arm's length negotiations between experienced counsel and parties after years of hard-fought litigation. The assistance of an experienced mediator in the settlement process also confirms that the Settlement is not collusive. Based on the Court's review and familiarity with the issues and history of the case, the Court concludes that the proposed Settlement Agreement is fair, reasonable and adequate and well within the range of preliminary settlement approval, such that notice to the Settlement Class is appropriate.

The Settlement Agreement is therefore PRELIMINARILY APPROVED. Final approval and entry of the Settlement Agreement is subject to the hearing of any objections of Settlement Class Members to the proposed Settlement Agreement.

## VIII. APPOINTMENT OF CLAIMS ADMINISTRATOR AND SPECIAL MASTER

The Court appoints KCC Class Action Services, LLC to serve as the Claims Administrator, whose duties are set forth in Section IV.B of the Settlement Agreement.

The Court appoints Lynn Cohn as Special Master to perform the duties set forth in the Settlement Agreement.

## IX.     APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING CLASS NOTICE AND CLAIM FORMS.

A.      The Court approves the substance and form of the attached Notice of Class Action, Proposed Settlement Agreement, and Fairness Hearing ("Notice") and Claim Forms as reasonable, and adopts and incorporates them herein.  The Court also approves the proposed plan for distributing the Notice and Claim Forms, which the Court finds is a reasonable method calculated to reach all Settlement Class Members.

B.      The Notice fairly, plainly, accurately, and reasonably informs Settlement Class Members with appropriate information about:  (1) the nature of this litigation, the Settlement Class, the identity of Class Counsel, and the essential terms of the Settlement Agreement, including injunctive relief and the plan of allocation; (2) Class Counsel's forthcoming application for attorneys' fees, the proposed Service Award Payments to the Class Representatives and Steering Committee Members and other payments that will be deducted from the Settlement Fund; (3)  how to participate in the Settlement; (4) this Court's procedures for final approval of the Settlement Agreement and Settlement, and about Settlement Class Members' right to appear through counsel if they desire; and (5) how to challenge or opt-out of the Settlement, if they wish to do so.

C.      Similarly, the proposed claims process allows Settlement Class Members a full and fair opportunity to submit a claim for proceeds in connection with the Settlement. Moreover, the claims process fairly, accurately, and reasonably informs Settlement Class Members that failure to complete and submit a Claim Form, in the manner and time specified, shall constitute a waiver of any right to obtain monetary relief.

D.      The Court finds and concludes that the proposed plan for distributing the Notice will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements.

E.      Accordingly, the Court hereby ORDERS as follows:

1.      The form of the Notice is approved;

2.      The manner of distributing the Notice is approved;

3.      Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Notice, incorporating into the Notice the relevant dates and deadlines set forth in this Order;

4.      No later than fifteen (15) days after the Preliminary Approval Date, Merrill Lynch shall provide the Claims Administrator the names, relevant personnel information, and last known addresses of Settlement Class Members in electronic format for the entire Settlement Class Period;

5.      Prior to the mailing of the Notices, the Claims Administrator will update any new address information for potential Settlement Class Members as may be available;

6.      No later than 25 days after the Preliminary Approval Date, Class Counsel, through the Claims Administrator, shall issue the Notice to the last known address of each Settlement Class Member by first-class mail postage prepaid; and

7.      The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

## X.     REQUESTS FOR EXCLUSION

The Notice sets forth the procedures Settlement Class Members must follow to exclude themselves, or opt out, from the monetary benefits of the Settlement.  Any request for exclusion must follow the procedures in the Settlement and Notice and be received by the Claims Administrator by no later than 45 days after the Notice is mailed.

## XI.     OBJECTIONS TO THE PROPOSED SETTLEMENT.

The Notice sets forth the procedures Settlement Class Members must follow to comment on or object to the terms of the Settlement Agreement by filing the comment or objection with the Court and serving copies on Lead Class Counsel and Counsel for Merrill Lynch.  Any comment or objection must follow the procedures in the Settlement and Notice and be filed and served by no later than 45 days after the Notice is mailed.

## XII.     CLAIM FORMS/PARTICIPATION IN THE PROPOSED SETTLEMENT.

The Notice sets forth the procedures Settlement Class Members must follow to participate in the monetary portion of the proposed Settlement Agreement.  Claim Forms must adhere to the procedures set forth in the Settlement and Notice and be signed, completed, and received by the Claims Administrator or submitted electronically by _____.

## XIII.     PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

A.     **Motion for Final Approval.**  The deadline for Class Counsel to file a motion for final approval of the proposed class action settlement and to address any objections to the Settlement Agreement, including Class Counsel's motion for an award of attorneys' fees and non-taxable costs, is _____.

B.     **Fairness Hearing.**  A hearing shall be held in Courtroom 1703, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL, at _____ a.m./p.m. on [--], to consider motions for final approval of the proposed Settlement Agreement and Class

Counsel's motion for an award of attorneys' fees and non-taxable costs. The procedures for Settlement Class Members to comment on and/or object to the Settlement Agreement and to appear at the Settlement Hearing are set forth in the Notice.

## XIV.  CONFIDENTIALITY.

The Court enjoins disclosure to third parties of the documents and information discussed or exchanged during the parties' confidential settlement negotiations and mediation to any third party.

## XV.  OTHER CASES ENJOINED.

Pending Final Approval, the Court preliminarily enjoins each Settlement Class Member, including any members who made an irrevocable election to opt out of the monetary relief provisions of the Settlement, from commencing, prosecuting or maintaining in any court or forum other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of the Court in connection with this Settlement Agreement or otherwise in connection with this Action.

Effective as of the date specified for Settlement Class Members to opt out of the Settlement, the Court enjoins Settlement Class Members who have not opted out of the monetary relief provision of the Settlement from commencing, prosecuting or maintaining either directly, representatively or in any other capacity any Released Claim against any of the Released Parties.


**SO ORDERED** this _____ day of _____ 2013.


_____
ROBERT W. GETTLEMAN
United States District Judge