LA MAR GUNN
2 Old North Road, #502
Dover, DE 19934
Telephone: (302) 218-6407
Facsimile: (888)812-4098
Email: lamargunn@me.com

FILED
DEC 9 2013
DEC 9 - 2013

CLERK, U.S. DISTRICT COURT

Judge Robert W. Gettleman
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MCREYNOLDS, *et al.*<br><br>*Plaintiffs,*<br><br>-v-<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED,<br><br>*Defendant.* | Case No. 05 - C-6583<br><br>OBJECTION TO PROPOSED SETTLEMENT<br><br>Jury Trial Demanded<br><br>Judge: Hon. Robert W. Gettleman |

AFFIDAVIT OF LA MAR GUNN OBJECTING TO THE PROPOSED
SETTLEMENT OF RACE DISCRIMINATION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

COMES NOW, Plaintiff, LA MAR GUNN (*hereinafter* "Plaintiff"), appearing *pro se*, and without waving any right, files this his Objection to Proposed Settlement of Race Discrimination and shows the Court as follows:

1. The Plaintiffs' are victims of the most egregious forms of Racial Harassment and Racial Discrimination. Based on the intentional acts of the Defendant and the level of injuries sustained, the Proposed Settlement amount is grossly insufficient. At the very least, the settlement amount should be 250 million. *See Arnett v. California PERS*, 179 F. 3d 690 (9th Cir.1999).

2. It is an uncontroverted fact that Merrill Lynch, Pierce, Fenner & Smith, Inc. (*hereinafter* "Merrill Lynch"), allowed its Branch Managers to be both subjectively and objectively hostile towards African American Financial Advisors (*hereinafter* "FAs"). Therefore, it is unacceptable that Merrill Lynch be permitted to avoid admitting any wrongdoing when work environments were intentionally made hostile and psychologically injurious. An admission of wrongdoing is non-negotiable as white managers at Merrill Lynch were motivated by racial animus and top executives allowed pervasive acts of discrimination to persist.

3. The settlement as written, is a step forward, however, it does very little to prevent future hostile work environments. Managers such as William Leckey (Wilmington, DE) will not be discouraged from continuing hostile work environments and discriminatory conduct under the settlement. In reviewing the discriminatory actions of Merrill Lynch against African-American FAs, the Court must consider the frequency; severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with an employee's work performance. *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808-09 (11th Cir. 2010).

4. The settlement is inadequate and unfair, as it fails to provide recompense for FAs who were subject to racial harassment so intolerable as to cause resignation or settlement agreements entered into under economic duress. Certain FAs such as myself, worked in offices so hostile that mental injury resulted. Former and current FAs should be entitled to treatment paid for through the Settlement and should also be permitted to proceed in the class regardless of prior forced settlements.

5. The settlement is ambiguous concerning the calculation of Awards. Based on a lack of information provided to class members, there is no real way to intelligently decide on whether to object to the Proposed Settlement. It remains a mystery as to how each individual will be compensated for their injuries. In addition, Class Counsel

represented to several FAs that the Settlement would consist of language to include those who signed previous agreements or releases under duress. No such language appears in the Proposed Settlement Agreement.

6. As stated throughout, African-Americans were intentionally discriminated against and there is sufficient evidence of racial animus on the part of white supervisors. For instance, preferential treatment continues to be afforded to white FAs as it pertains to contacting employees of companies such as DuPont. It is widely known throughout Merrill Lynch, that certain managers harbor racial animus. Merrill Lynch has failed to remove the subject senior managers and simply turns a blind's eye to continued racial ignorance.

7. Another defect in the settlement, is the amount of the award. Stan O'Neal was paid more than $160 million in a forced resignation. One employee, Stan O'Neal, has received more than the entire Proposed Settlement. Based on the size of the class and the average annual earnings potential of $250,000 or more, it's my belief that the settlement award should be increased to 250 million.

8. Lastly, I find the attorneys' fees to be excessive as described in the settlement. Class Counsel has represented that it only intends to bill for a percentage of the fee award. It would help me and other class members similarly situated, if an exact number for fees was provided.

WHEREFORE, premises considered, movant respectfully requests the Court deny the proposed settlement as being unfair and inadequate to current and former African-American Financial Advisors of Merrill Lynch.

RESPECTFULLY SUBMITTED this 22nd day of October, 2013.

LAMAR: GUNN, *pro se*
Signed reserving all my rights at UCC 1-308

STATE OF DELAWARE  )
                                  ) JURAT
COUNTY OF KENT  )

Subscribed and sworn to (or affirmed) before me on this 22nd day of October, 2013 by LA MAR GUNN, who proved to me on the basis of satisfactory evidence to be the person who appeared before me.

I certify under PENALTY OF PERJURY under the laws of the State of Delaware that the foregoing affidavit is true and correct to the best of my knowledge.

LA MAR GUNN, *pro se*
Signed reserving all my rights at UCC1-308

WITNESS my hand and official seal.

Signature _____ (seal)

My commission Expires  SHREYAS KANU SHAH
NOTARY PUBLIC, STATE OF DELAWARE
MY COMMISSION EXPIRES DECEMBER 19, 2014



CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of October, 2013, the foregoing Document was sent by U.S. mail and electronic delivery to:

Hon. Robert W. Gettleman
United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

| | | |
|---|---|---|
| **STOWELL & FRIEDMAN, LTD.** | Linda D. Friedman | Lfriedman@sfltd.com |
| 303 W. Madison, 26th floor | Suzanne E. Bish | Sbish@sfltd.com |
| Chicago, Illinois 60606 | George S. Robot | Grobot@sfltd.com |
| (312) 431-0888 | | |

| | |
|---|---|
| Jeffrey S. Klein | Stephen M. Shapiro |
| Nicholas J. Pappas | Timothy S. Bishop |
| **WEIL, GOTSHAL & MANGES LLP** | Lori E. Lightfoot |
| 767 Fifth Avenue | **MAYER BROWN LLP** |
| New York, NY 10153 | 71 S. Wacker Drive |
| (212) 310-8007 (tel) | Chicago, IL 60606 |
| jeffrey.klein@weil.com | (312)782-0600 |
| nicholas.pappas@weil.com | sshapiro@mayerbrown.com |
| | tbishop@mayerbrown.com |
| | llightfoot@mayerbrown.com |

On this Tuesday the 22nd day of October 2013.

United States of America *Ex Relatione*
LA MAR: GUNN
Signed reserving all my rights at UCC 1-308

2 Old North Road, #502
Dover, DE 19934
Telephone: (302) 218-6407
Email: lamargunn@me.com