a€€

FILED
DEC 9 2013
DEC 9 - 2013



CLERK, U.S. DISTRICT COURT

LA MAR GUNN
2 Old North Road, #502
Dover, DE 19934
Telephone: (302) 218-6407
Facsimile: (888) 812-4098
Email: lamargunn@me.com

Judge Robert W. Gettleman
United States District Court

| GEORGE MCREYNOLDS, *et al.* | Case No. 05 - C-6583 |
|---|---|
| *Plaintiffs,* | MOTION TO INTERVENE |
| -v- | <u>Jury Trial Demanded</u> |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, | Judge: Hon. Robert W. Gettleman |
| *Defendant.* | Magistrate Jeffrey T. Gilbert |

## MOTION AND NOTICE OF MOTION TO INTERVENE AS OF RIGHT

TO THE PRESIDING DISTRICT COURT JUDGE AND ALL PARTIES:

COMES NOW, LA MAR GUNN (*hereinafter* "GUNN"), *propria persona,* and without waving any rights, hereby moves this Court for an Order permitting him to intervene as a Plaintiff in this matter pursuant to Rule 24. In summary:

- Under Rule 24(a)(2), intervention of right requires the movant to have an interest in the subject matter of the case that is inadequately represented by the existing parties and which may be impaired or impeded. See *Heartwood, Inc. v. U.S. Forest Serv., Inc.*, 316 F.3d 694 (7th Cir. 2003). This case concerns egregious acts of racial discrimination waged against African Americans employed by Merrill Lynch, Pierce, Fenner & Smith, Inc. (*hereinafter* "Merrill Lynch"). It is an uncontroverted fact that Merrill Lynch discriminated against African American financial advisors on the basis of race with reckless disregard for federal

antidiscrimination laws. If the Proposed Settlement Agreement is approved by the Court, Gunn's interest will be extinguished unless zealously represented by Class counsel. However, the other existing Plaintiffs and Class counsel have no such interest. Intervention should be granted.

- A prospective intervenor must move promptly to intervene as soon as it knows or has reason to know that its interests might be adversely affected by the outcome of the litigation. Fed. Rules Civ.Proc.Rule 24, 28 U.S.C.A. Gunn files this his Motion for Intervention, just one day after receiving Merrill Lynch's response and one day after Class counsel informed Gunn that it would not represent the interests of members of the class similarly situated to Gunn. Intervention should be granted.

Respectfully submitted,

/s/ LA MAR: GUNN

LA MAR: GUNN, *propria persona*
Signed reserving all my rights at UCC 1-308

International Association of
Financial Crimes Investigators

Dated this 22nd day of November, 2013

## MEMORANDUM IN SUPPORT

### I. STATEMENT OF THE CASE AND FACTS

Gunn is a financial advisor and former employee of Merrill Lynch. Gunn was employed at Merrill Lynch from 2000 to 2004, in the Wilmington, Delaware office. While being recruited by Merrill Lynch, Gunn was encouraged by high-ranking executives at the firm to commute one hour to the Mount Laurel, New Jersey office, bypassing the office located just walking distance from his home in Wilmington. The explanation given to Gunn was that the Director of the Delaware Complex, William Leckey (*hereinafter* "Leckey"), was known throughout the firm for his overt acts of racism. In an effort to meet racism head-on, Gunn declined the offer to work in the New Jersey office and chose the Wilmington office instead.

Since his very first day at Merrill Lynch, Gunn was forced to work three times as hard to achieve success due to the unlawful and unfair treatment waged against him by Leckey. Gunn was often ridiculed publicly by Leckey as not being a team player. Being a team player meant achieving one hundred percent office participation in the various firm-wide investment offerings. Most notably, were the awards given to offices, which had the highest participation rate for financial advisors recommending direct client investments in Enron and its flagship Merrill Lynch Focus 20 fund. Gunn refused to invest his clients' hard-earned money in investments that did not make sense regardless of the pressure applied by both the firm and Leckey.

Merrill Lynch, paid Leckey an average salary of more than $86,000 per month, despite Leckey's stiff opposition to fair and nondiscriminatory treatment in the workplace. Further, Merrill Lynch supported Leckey's ability to pervasively limit hiring opportunities for qualified African American financial advisors. As a common practice supported by Merrill Lynch, Leckey would hire unlicensed Whites into the training program before hiring African Americans who were already Series 7 licensed and experienced. Gunn would speak out whenever Merrill Lynch denied acceptance of licensed and experienced financial advisors into the training program. Gunn would often have to threaten complaints to the State Division of Employment, before Merrill Lynch would reverse its decisions denying qualified African Americans employment opportunities.

Many of the African American trainees did not successfully complete training and were forced to sign release of claims or pay Merrill Lynch back the cost of training. Merrill Lynch would also threaten to destroy African American's careers by placing unwarranted blemishes on U-4 reports filed with the United States Securities and Exchange Commission. The Proposed Settlement Agreement seeks to bar African Americans who were coerced into signing unlawful releases.

## II. LAW AND ARGUMENT

### A. Intervention of Right

Under Rule 24(a), the standard for Intervention of Right is as follows:

> Upon timely application anyone shall be permitted to intervene in an action...when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

F.R.C.P. 24. To successfully intervene under Rule 24(a)(2), the movant must meet four criteria: (1) timely application; (2) a substantial legal interest in the subject matter; (3) ability to protect its interests will be impaired absent intervention; and (4) existing parties do not adequately represent movant's interest. See *Pac for Middle Am. v. State Bd. of Elections*, 95 C 827, 1995 WL 571893 (N.D. Ill. Sept. 22, 1995). Intervention under Rule 24 should be granted liberally, with any doubts resolved in favor of the movant. *Stupak-Thrall v. Glickman*, 225 F.3d 467, 472 (6th Cir. 2000).

#### 1. Intervention is Timely.

Several factors may be considered when determining timeliness, including current progression of the case, purpose for intervening, prejudice to existing parties, length of time applicants knew of their interest in the matter, and any unusual circumstances. *Jansen v. City of Cincinnati*, 904 F.3d 336, 340 (6th Cir. 1990). Additionally, a motion to intervene may be timely as a matter of law if it is sought prior to the initiation of trial

proceedings. See, *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

Gunn's motion to intervene is timely as a matter of law. Gunn brings this motion approximately one (1) day after the existing Defendants filed their Response to his Proposed Settlement Objections. The Proposed Settlement Agreement is excessively deficient and the case should proceed to trial should amendments to the settlement be refused. As such, there is no prejudice or undue delay as to the existing parties. Gunn's motion is timely.

### 2. Gunn Has An Interest In the Subject Matter of this Action.

The standard for a sufficient interest under Rule 24 is more lenient than that required to possess standing to initiate a lawsuit. *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir.1991); *Trbovich v. United Mine Workers*, 404 U.S. 528, 536 (1972). A movant is not required to demonstrate a specific legal or equitable interest, and non-property rights are sufficient interests for purposes of Rule 24 intervention. Further, To prevail on a motion to intervene as of right, a movant must demonstrate a direct and substantial interest in the subject matter of the action. *Lake Investors Development Group, Inc. v. Egidi Development Group*, 715 F.2d 1256, 1259 (7th Cir.1983). Gunn is a member of the Class and has a substantial interest in the subject matter of the action.

3. <u>**Gunn's Interest Will be Impaired Absent Intervention.**</u>

As set forth above, if the Proposed Settlement Agreement is approved by the Court, Gunn's interest will be extinguished. Gunn's interest in this litigation arises from the unfair and unlawful treatment he underwent while defending the rights of African American employees while at Merrill Lynch. If the Proposed Settlement Agreement gains Final Approval from the Court, Gunn's interests will be extinguished. Thus, Gunn and similarly situated individuals who were the pioneers in exposing Merrill Lynch's unlawful employment actions, will have their interests extinguished. If Gunn is not permitted to intervene, Gunn will be forced to sit idly by while his fate is determined by attorneys who seek remedies most advantageous to their law firms, leaving his interests unprotected.

4. <u>**The Existing Class Plaintiffs Do Not Adequately Represent Gunn's Interests.**</u>

In determining whether the proposed intervenors' interest is adequately represented by the existing parties, the burden of proof on the party seeking to show lack of adequate representation is minimal. *Trbovich v. United States, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972)*. However, "where it is established that the parties have the same ultimate objective in the underlying action, the intervenors must demonstrate, at the very least, that some conflict exists." *Meridian Homes Corp. v. Nicholas W. Prassas & Co., 683 F.2d 201, 205 (7th Cir.1982)* (citation omitted). Gunn

has met his burden under Rule 24, in such that the existing parties do not have the same arguments, although they share the same ultimate objective. The attorneys for both sides of the litigation are motivated by fees versus a settlement that is fair for all. It is an uncontroverted fact that many members of the Class will receive compensation, despite having never experienced any of the aforementioned unlawful acts. As such, Gunn is not similarly situated as the existing Class Plaintiffs and may make different arguments even though the ultimate goal is the same. The existing parties do not adequately represent the interests of Gunn. Intervention should be granted.

### B. Alternatively, Gunn Should be Permitted to Intervene Under Rule 24 (B).

Rule 24(b) states in pertinent part:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common....

As set forth above, Gunn's motion to intervene is timely. Additionally, there are common questions of law and of fact. At issue is the fairness of the Proposed Settlement Agreement. Gunn often put his career on the line at Merrill Lynch so that other African Americans could have an opportunity to succeed financially and to improve financial literacy in their respective communities. If the Settlement Agreement is approved, it will discredit the 1964 Civil Rights Act, which was designed to eliminate the racial ignorance

that has existed far too long at Merrill Lynch. If intervention of right is not allowed, Gunn should be granted permissive intervention.

### PRAYER FOR RELIEF

WHEREFORE, Gunn respectfully requests that this Court grant his Motion permitting him to intervene as an individual Plaintiff and to protect his and other similarly situated African Americans from the excessively deficient Proposed Settlement Agreement.

November 22, 2013

Respectfully submitted,

LA MAR: GUNN, *propria persona*
Signed reserving all my rights at UCC 1-308

STATE OF DELAWARE )
                            ) JURAT
COUNTY OF KENT    )

Subscribed and sworn to (or affirmed) before me on this 22nd day of November, 2013 by LA MAR GUNN, who proved to me on the basis of satisfactory evidence to be the person who appeared before me.

I certify under PENALTY OF PERJURY under the laws of the State of Delaware that the foregoing affidavit is true and correct to the best of my knowledge.

_____
LA MAR GUNN, *pro se*
Signed reserving all my rights at UCC1-308


WITNESS my hand and official seal.

Signature _____ (seal)

My commission Expires _____

SHREYAS KANU SHAH
NOTARY PUBLIC, STATE OF DELAWARE
MY COMMISSION EXPIRES DECEMBER 19, 2014

LA MAR GUNN
2 Old North Road, #502
Dover, DE 19934
Telephone: (302) 218-6407
Facsimile: (888)812-4098
Email: lamargunn@me.com

| | |
|---|---|
| GEORGE MCREYNOLDS, *et al.* <br><br> *Plaintiffs,* <br><br> -v- <br><br> MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, <br><br> *Defendant.* | Case No. 05 - C-6583 <br><br> MOTION TO INTERVENE <br><br> **Jury Trial Demanded** <br><br> Judge: Hon. Robert W. Gettleman <br> Magistrate Jeffrey T. Gilbert |

## PROPOSED ORDER

Upon consideration of Defendant LA MAR GUNN's Motion to Intervene to Object to the Proposed Settlement or, alternatively seek a more favorable outcome for the Plaintiff Class pursuant to Rule 24, it is the _____ day of _____, 2013

**ORDERED** that Gunn's Motion is **GRANTED**; and

**ORDERED** that Proposed Settlement Agreement is **DENIED**.

the _____ day of _____ 2013.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of November, 2013, the foregoing Document was sent by U.S. mail and electronic delivery to:

Hon. Robert W. Gettleman
United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

**STOWELL & FRIEDMAN, LTD.**
303 W. Madison, 26th floor
Chicago, Illinois 60606
(312) 431-0888

Linda D. Friedman — Lfriedman@sfltd.com
Suzanne E. Bish — Sbish@sfltd.com
George S. Robot — Grobot@sfltd.com

Jeffrey S. Klein
Nicholas J. Pappas
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
(212) 310-8007 (tel)
jeffrey.klein@weil.com
nicholas.pappas@weil.com

Stephen M. Shapiro
Timothy S. Bishop
Lori E. Lightfoot
**MAYER BROWN LLP**
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
sshapiro@mayerbrown.com
tbishop@mayerbrown.com
llightfoot@mayerbrown.com

On this Friday the 22nd day of November 2013.

_/s/_

United States of America, *propria persona*
LA MAR: GUNN
Signed reserving all my rights at UCC 1-308

2 Old North Road, #502
Dover, DE 19934
Telephone: (302) 218-6407
Email: lamargunn@me.com