December 3, 2013

Certified Mail Receipt: 7013 0600 0001 1441 2697

The Honorable Robert W. Gettleman
United States District Judge
219 S. Dearborn Street
Chambers 1788
Chicago, IL 60604

      RE: Case No. 05-C-6583 (McReynolds *et al* v. Merrill Lynch)

Dear Judge Gettleman:

      I have recently reviewed the Court's electronic docketing system (Pacer) and have noticed that none of my papers have been placed on the docket (Additional copies enclosed). Although class counsel and defendants have responded to my objections, I still find it imperative that all related filings be placed on the docket. Other members of the Class should be notified of the points in my objection instead of being mislead by class counsel. It is a well-settled requirement that parties be notified of proceedings affecting their legally protected interests as an obviously vital corollary to one of the most fundamental requisites of due process-the right to be heard. *Schroeder v. City of New York*, 371 U.S. 208, 212, 83 S. Ct. 279, 282, 9 L. Ed. 2d 255 (1962).

      On another note, I am extremely displeased with the intentional misrepresentation of material facts by Defendant's counsel in their Response to my objections. The Defendants claim my EEOC complaint was filed after termination. However, I was threatened against filing an EEOC complaint to address the racism within Merrill Lynch ("Merrill"). I filed the complaint and notified Merrill of my actions and concerns about the treatment of African Americans, after doing so, I was immediately retaliated against by way of termination. Therefore, these types of shenanigans and misrepresentations to the court, proves that Merrill is not remorseful and continues in its efforts to violate the rights of African Americans who challenge the continuous racial ignorance existing throughout Merrill. Further, counsel for both the class and the defendants, have been on notice of the incipient problems with the Proposed Settlement Agreement ("Agreement"), yet have neglected to take any steps to cure the Agreement's deficiencies.

      As stated earlier, the Agreement is ambiguous and highly deficient. Therefore, it is unfair for the subject class to be forced into interpreting a contract where the ambiguities

are so patent and glaring that it is unreasonable for the Court not to even discover and inquire about them. Under Illinois law, "manifest ambiguity," also known as "intrinsic ambiguity," arises, such that the contract should be construed against the drafters, when the express language of the contract itself is fairly susceptible to more than one reasonable reading; in that case, what the contract says is simply not clear on its face. *Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032 (7th Cir. 1998). At the very least, the ambiguities within the Agreement must be resolved before the Court can render any type of approval.

Moreover, the Defendant's Response to my Objections violates statutes prohibiting false, deceptive, or misleading representations to the court. The Defendants' misconduct has occurred in open court in your Honor's presence; in an effort to disturb the court's business; and failure to punish the Defendants would demoralize the court's authority. Further, to decide on the fairness of the Agreement without allowing all parties to be properly heard and by turning a blind's eye to glaring ambiguities, would result in a manifest miscarriage of justice.

Very truly yours,

LA MAR: GUNN, *propria persona*
Signed reserving all my rights at UCC 1-308

2 Old North Road, #502
Camden Wyoming, DE 19934

302-218-6407

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of December, 2013, the foregoing Document was sent by U.S. mail and electronic delivery to:

The Honorable Robert W. Gettleman
United States District Judge
219 S. Dearborn Street
Chambers 1788
Chicago, IL 60604

| | | |
|---|---|---|
| **STOWELL & FRIEDMAN, LTD.** | Linda D. Friedman | Lfriedman@sfltd.com |
| 303 W. Madison, 26th floor | Suzanne E. Bish | Sbish@sfltd.com |
| Chicago, Illinois 60606 | George S. Robot | Grobot@sfltd.com |
| (312) 431-0888 | | |

Jeffrey S. Klein
Nicholas J. Pappas
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
(212) 310-8007 (tel)
jeffrey.klein@weil.com
nicholas.pappas@weil.com

Stephen M. Shapiro
Timothy S. Bishop
Lori E. Lightfoot
**MAYER BROWN LLP**
71 S. Wacker Drive
Chicago, IL 60606
(312)782-0600
sshapiro@mayerbrown.com
tbishop@mayerbrown.com
llightfoot@mayerbrown.com

On this Tuesday the 3rd day of December, 2013.

_____
LA MAR: GUNN
Signed reserving all my rights at UCC 1-308

2 Old North Road, #502
Dover, DE 19934
Telephone: (302) 218-6407
Email: lamargunn@me.com