```
 1              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3
     GEORGE McREYNOLDS, on behalf   )
 4   of himself and all others      )
     similarly situated, et al.,    )
 5                                  )
                Plaintiffs,         )
 6                                  ) No. 05 C 6583
          vs.                       ) Chicago, Illinois
 7                                  ) December 6, 2013
     MERRILL LYNCH, PIERCE, FENNER & ) 10:00 a.m.
 8   SMITH, INCORPORATED,           )
                                    )
 9              Defendant.          )

10
                    TRANSCRIPT OF PROCEEDINGS
11
          BEFORE THE HONORABLE ROBERT W. GETTLEMAN
12

13   APPEARANCES:
     For the Plaintiffs:       STOWELL & FRIEDMAN, LTD.
14                             BY:  MS. LINDA D. FRIEDMAN
                                    MR. GEORGE S. ROBOT
15                                  MS. SUZANNE E. BISH
                               303 West Madison Street
16                             Suite 2600
                               Chicago, Illinois 60606
17                             (312) 431-0888

18
     For the Defendant:        WEIL, GOTSHAL & MANGES LLP
19                             BY:  MR. JEFFREY S. KLEIN
                                    MR. JARED R. FRIEDMANN
20                                  MS. CELINE CHAN
                               767 Fifth Avenue
21                             New York, New York 10153
                               (212) 310-8000

22

23   Official Court Reporter:  NANCY L. BISTANY, CSR, RPR, FCRR
                               219 South Dearborn Street, Room 1706
24                             Chicago, Illinois 60604
                               (312) 435-7626
25                             nancy_bistany@ilnd.uscourts.gov
```

```
 1       (Proceedings in open court.)
 2            THE CLERK:  05 C 6583, George McReynolds versus Merrill
 3  Lynch.
 4            MS. FRIEDMAN:  Good morning, your Honor.
 5            Linda Friedman, Suzanne Bish, George Robot on behalf of
 6  the plaintiffs.
 7            MR. KLEIN:  Good morning, your Honor.
 8            Jeffrey Klein, Jared Friedmann, Celine Chan for Merrill
 9  Lynch.
10            THE COURT:  Well, we've got a full house today anyway,
11  don't we?  All right.  This is here on the motion to approve the
12  final settlement.  The only objection I got was from Mr. Gunn,
13  who is not here and keeps calling us to tell us he has sent
14  things that we've never gotten, motions that I've never seen and
15  are not on the docket.  But I will take his initial objection.
16  I've reviewed that, and I've reviewed the responses to it.
17            Do you have anything to add, anybody?  Don't be shy.
18  Don't sit down.  Come on, stay up there.
19            MS. FRIEDMAN:  We do not, your Honor.
20            MR. KLEIN:  Nothing, your Honor.  I think it's pretty
21  clearly set forth in our papers.
22            THE COURT:  I think it's pretty obvious.  The man had a
23  claim that was settled.  He received some money.  He signed a
24  release.  I don't see how he has standing to object, and his
25  objections didn't make any sense anyway.
```

1        (Baby crying.)
2             THE COURT:  Was that an objection?
3             MS. FRIEDMAN:  That was a cheer.
4             THE COURT:  We'll overrule that objection.
5             And while I'm overruling objections, I'll overrule
6    Mr. Gunn's as well.  That takes care of Mr. Gunn.
7             All right.  The next order of business, there's a lot of
8    people here for a very, I think, pro forma kind of thing.  I've
9    reviewed everything that you've given me; the petition to sign
10   the final approval order, the fee petition, the award to the
11   class members and the committee members.  And the only objection
12   we had is that one objection, right?  We had --
13            MS. FRIEDMAN:  That's correct, your Honor.
14            THE COURT:  And one opt-out?
15            MS. FRIEDMAN:  Yes, your Honor.  And the opt-out also
16   has fully litigated his claims.
17            THE COURT:  So there's very little opposition here.  In
18   fact, there's no opposition, and I see no reason to add to any
19   opposition myself.  So --
20            MS. FRIEDMAN:  Thank you, Judge.
21            THE COURT:  -- Ms. Friedman?
22            MS. FRIEDMAN:  We just wanted to say that it's with
23   great pride and pleasure that we're here today to present a
24   settlement, and we think that this settlement embodies everything
25   that is good and important about Rule 23 and class litigation.

1   And our class representatives, as you know, your Honor,
2 the oldest of which is 69 years old, likely won't --
3   THE COURT: That's not so old, Ms. Friedman.
4   MS. FRIEDMAN: I understand. He likely will --
5   THE COURT: The prime of life, actually.
6   MS. FRIEDMAN: Yes, Judge. He likely, as well as the
7 rest of the class representatives, will not derive much of a
8 benefit from the programmatic relief, but through this class
9 action, they have ensured that there is a mechanism to change
10 Wall Street and corporate America and to pave the way for the
11 potential for equal employment opportunity.
12   And we just wanted to thank the Court for your years of
13 patience. We know we pushed the limit a number of times, but we
14 appreciate the Court's willingness always to hear us, and also to
15 thank our colleagues for being able to shift gears quickly and
16 join us in trying to make a settlement that will be meaningful
17 and bring about reform.
18   And on behalf of the class reps, Judge, it is our
19 greatest honor to ask your Honor to award the bonuses, because
20 the service is extraordinary and unprecedented. So I will speak
21 more to that, but I know we've submitted the declarations, and
22 your Honor indicated that you read them, which I think does
23 emphasize the amount of work and the care that was put in by this
24 extraordinary group of people, most of whom are here today, your
25 Honor.

1  THE COURT: Good. Well, welcome.

2  MR. KLEIN: Judge, I just wanted to add. It's nice to
3  end on something which Ms. Friedman and I can agree on other than
4  bringing this matter to a resolution.

5  We've all spent a lot of time, and you've probably
6  gotten to know us a lot better than you would care to, and you
7  and your clerks have hurt your backs from the weight of the
8  papers we've filed. But we all want to say thank you for the
9  time and attention that you've given all of us when we've come to
10 court and the care to the papers over many, many, many years.

11 So on behalf of all us, our appreciation to the Court
12 and to your clerks and to your staff, and thank you.

13 THE COURT: Well, that's nice of you to say that. It's
14 our job, so you don't have to thank us. It's what we get paid
15 for.

16 I guess I just want to add a couple of thoughts, and
17 since everybody is here, maybe it's an appropriate time to do
18 that.

19 These types of cases are sometimes settled for nuisance
20 value. They're settled to enrich the lawyers. They're settled
21 to get them behind the companies involved and the people
22 involved, and they leave a bad taste sometimes in the mouths of
23 other members of the class, other people in the public, and, in
24 fact, the Court itself.

25 This is not one of those cases. This is a case that's

been hard fought from day one. There were some very difficult issues besides the ones that I think most of the folks here have identified in their own lives about the discrimination they felt they suffered. This is something that we didn't have to adjudicate. We had a trial set for next month, actually, to begin --

(Cell phone interruption.)

THE COURT: Please turn off your phones, folks. It's very, very annoying.

We had a trial set for next month in which we would actually have gotten to the merits of those claims. I think they were serious claims. I don't think Merrill Lynch ever took them as anything but serious claims, although they denied discrimination. It's very complicated because of the nature of this industry, the type of folks that were involved. This wasn't a consumer class that involves everybody who buys pencils or cars or that sort of thing. These were people who were sophisticated investment advisors and counselors for their clients, and that certainly would have complicated any type of trial.

Whether this was to proceed as a class action at all was a very difficult decision. I know that Ms. Friedman and her colleagues I think did an extraordinary job in pursuing this as a class action and took what might have been viewed by some as a bad precedent from the Supreme Court and turned it on its head and made it a good precedent for this case and demonstrated to

the Court of Appeals and, frankly, to me how that case could be used to proceed as a class action so that all of you could benefit as a class.

And to me, that is the most remarkable achievement that Ms. Friedman and Ms. Bish and her colleagues have --

(Applause.)

THE COURT: I guess I should say, originally I disagreed with that position.

(Laughter.)

THE COURT: And I think we would have encountered a lot of difficulties trying this case. Because of the difficulties that I identified when I first denied class certification, I think it would have been a real challenge, and it would have taken an extraordinary amount of time. And it would have also involved a lot of risk, because if we had tried it without a settlement, I think that there were a lot of issues that could have been taken up to the Court of Appeals that might have delayed -- at least delayed things a long, long time. So as far as the litigation is concerned, my hat is off to the plaintiffs' lawyers for that.

And the class representatives have shown me through their declarations and the years of dedication to this case that -- I agree with Ms. Friedman's description -- I don't know if it's unprecedented. To me it's certainly unprecedented, and to have that type of involvement and activity by named plaintiffs

is unusual; but in this case, it's something that I would have -- I'm not surprised to see because of the nature of the folks involved. So you should be proud of the work that you did as well.

As far as Merrill Lynch is concerned, I think the way that they approached the settlement, not just for the money, which, you know, is a lot of money to most of us. To Merrill Lynch it may not be as much money as the zeros indicate, but it's still a lot of money. But more than that, I think there's a certain recognition that there has to be some type of institutional reform here so that we don't repeat this again.

(Applause.)

THE COURT: The plaintiffs are clapping for you. I just want you to know that.

MR. KLEIN: I doubt it, your Honor.

(Laughter.)

THE COURT: Well, you know, there's still a lot of work to be done. And as the fee petition points out, the fee award is going to be the fee award, so that they're not going to seek extra fees. And there's, I have a feeling, a lot of work, and there might be some wrinkles along the way, folks. So don't think that everything like this is just going to work out; everybody is always going to be happy with everything that happens here. But that's the nature of this type of reform.

But the fact that there is going to be reform, the fact

1  that they've taken this step and that they've in a way opened the
2  door to the type of dialogue that you're going to see in the
3  years ahead really I think is a huge step, and I hope that it
4  does filter through the entire industry.
5          I don't have a Merrill Lynch account.  If I did, I
6  probably wouldn't have taken the case.  But I do have a brokerage
7  account with another firm.  And this case has made me think, you
8  know, what's going on there?  I won't mention it.  My broker
9  happens to be my cousin, so I can't --
10         (Laughter.)
11         THE COURT:  -- I can't complain too loudly.  But it
12 does -- now that this case is over, I can actually talk to him
13 about, you know, what's going on at your firm?
14         Maybe this is a good model for the entire industry, and
15 it's certainly a good model for our country that recognizes the
16 past vestiges of discrimination are something that we constantly
17 have to be vigilant about combatting and providing appropriate
18 remedies, and this case certainly does that.
19         So that's my speech.  Congratulations to both sides, to
20 the folks who are here.  Do you have an order for me to sign?
21 The one that I have here was an exhibit to your -- if you
22 don't --
23         MS. FRIEDMAN:  One moment, your Honor.
24         THE COURT:  If you don't, we can pull it.  We can pull
25 it.

```
 1       (Discussion was had off the record.)
 2           THE COURT:  Folks, folks, what you can do is just drop
 3  the -- oh, you do have it?
 4           MS. FRIEDMAN:  We have four of them, your Honor, as
 5  always, four different iterations that we're picking.  And it's
 6  version A.  If you want to take a look at it for a second.
 7           MR. KLEIN:  Can we just submit it to your Honor?  There
 8  are multiple choice versions here.
 9           THE COURT:  There are?  I'll tell you what.  Why don't
10  we do this.  We'll adjourn, folks, and the lawyers will make sure
11  I get the right one to sign.  It's the same one that was attached
12  to your --
13           MS. FRIEDMAN:  It is.  We just added a little bit of
14  language regarding the objection.
15           THE COURT:  Oh, okay. All right.  Then find the right
16  order, bring it back to chambers, and I'll sign it.
17           MS. FRIEDMAN:  Thank you.
18           THE COURT:  All right.
19           MR. KLEIN:  Thank you, your Honor.
20           THE COURT:  The Court will be adjourned.  Thank you for
21  coming, folks.
22           MS. FRIEDMAN:  Thank you, your Honor.
23       (Proceedings concluded.)
24
25
```

1   C E R T I F I C A T E

2      I, Nancy L. Bistany, do hereby certify that the
3 foregoing is a complete, true, and accurate transcript of the
4 proceedings had in the above-entitled case before the Honorable
5 ROBERT W. GETTLEMAN, one of the judges of said Court, at Chicago,
6 Illinois, on December 11, 2013.

7

8

9                   /s/ Nancy L. Bistany, CSR, RPR, FCRR
10                  Official Court Reporter
11                  United States District Court
12                  Northern District of Illinois
13                  Eastern Division